```
-----------------------------------------------------------------------
| AVSO351                                           CV 2006 000135.00 |
|                                                                     |
|                                         JUDGE: THOMAS E HEAD        |
|-------------------------------------------------------------------- |
|                    ALABAMA JUDICIAL DATA CENTER                     |
|                      CASE ACTION SUMMARY                            |
|                         CIRCUIT CIVIL                               |
|-------------------------------------------------------------------- |
|  IN THE CIRCUIT   COURT OF    PIKE      COUNTY                      |
|                                                                     |
|   BEN F. BEARD   VS   LEHMAN BROTHERS HOLDINGS, INC., ETALS         |
| FILED:  06/14/2006 TYPE: BAD FAITH/FRAUD/MISR TYPE TRIAL: JURY      TRACK: |
|                                                                     |
|*********************************************************************|
| DATE1:            CA:                  CA DATE:                     |
| DATE2:            AMT:        $.00  PAYMENT:                        |
| DATE3:                                                              |
|*********************************************************************|
| PLAINTIFF  001: BEARD BEN F                                         |
|                                    ATTORNEY: BENTON LEE R           |
|                                    BEN008   BENTON & CENTENO, LLP   |
|                     , AL  00000-0000       2019 3RD AVE NO          |
|                     PHONE: (334)000-0000   BIRMINGHAM, AL  35203    |
| ENTERED:  06/21/2006 ISSUED:        TYPE:        (205)278-8000      |
| SERVED:             ANSWERED:       JUDGEMENT:                      |
|                                                                     |
|                                    BALL CHARLES STEVEN              |
|                                    BENTON & CENTENO LLP             |
|                                    2019 3RD AVENUE NORTH            |
|                                    BIRMINGHAM, AL  35203            |
|                                        (205)278-8000               |
|-------------------------------------------------------------------- |
| DEFENDANT  001: LEHMAN BROTHERS HOLDINGS INC DBA LEHMAN CAPITAL     |
|                 % PRENTICE HALL CORP SYS   ATTORNEY:                |
|                 150 S. PERRY ST                                    |
|                 MONTGOMERY, AL  36104-0000                         |
|                 PHONE: (334)000-0000                               |
| ENTERED:  06/21/2006 ISSUED:  06/21/2006 TYPE:    CERTIFIED        |
| SERVED:   06/22/2006 ANSWERED:       JUDGEMENT:                    |
|-------------------------------------------------------------------- |
| DEFENDANT  002: KERN PETER R                                        |
|                 VP/LEHMAN BROS HOLDINGS    ATTORNEY:                |
|                 745 7TH AVE   7TH FLOOR                            |
|                 NEW YORK, NY  10019-0000                           |
|                 PHONE: (334)000-0000                               |
| ENTERED:  06/21/2006 ISSUED:  06/21/2006 TYPE:    CERTIFIED        |
| SERVED:             ANSWERED:       JUDGEMENT:                     |
|-------------------------------------------------------------------- |
| DEFENDANT  003: OAK ASSET MANAGEMENT, LLC                          |
|                 % GERRY MAUGHN           ATTORNEY:                 |
|                 P.O. BOX 110                                       |
|                 FRANKLIN LAKES , NJ  07417-000                     |
|                 PHONE: (334)000-0000                               |
| ENTERED:  06/21/2006 ISSUED:  06/21/2006 TYPE:    CERTIFIED        |
| SERVED:   07/15/2006 ANSWERED:       JUDGEMENT:                    |
|-------------------------------------------------------------------- |
| DEFENDANT  004: MIDLAND LOAN SERVICES, INC                         |
|                 % THE CORPORATION COMPANY  ATTORNEY:               |
|                 2000 INTERSTATE PK DR/204                          |
|                 MONTGOMERY, AL  36109-5413                         |
|                 PHONE: (334)000-0000                               |
| ENTERED:  06/21/2006 ISSUED:  06/21/2006 TYPE:    CERTIFIED        |
| SERVED:   06/22/2006 ANSWERED:       JUDGEMENT:                    |
|-------------------------------------------------------------------- |
| DEFENDANT  005: JOLLY ROGER, LLC                                   |
|                 % CORPORATION SERVICE CO   ATTORNEY:               |
|                 2711 CERTERVILLE RD/400                            |
|                 WILMINGTON, DE  19808-0000                         |
|                 PHONE: (334)000-0000                               |
| ENTERED:  06/21/2006 ISSUED:  06/21/2006 TYPE:    CERTIFIED        |
| SERVED:   06/26/2006 ANSWERED:       JUDGEMENT:                    |
|-------------------------------------------------------------------- |
JAS   07/19/2006                                   CV 2006 000135.00
```

```
| AVSO351                                                          CV 2006 000135.00 |
|                                                                                     |
|                                          JUDGE: THOMAS E HEAD                        |
|-------------------------------------------------------------------------------------|
|                           ALABAMA JUDICIAL DATA CENTER                               |
|                              CASE ACTION SUMMARY                                     |
|                                 CIRCUIT CIVIL                                        |
|-------------------------------------------------------------------------------------|
|   IN THE CIRCUIT  COURT OF    PIKE     COUNTY                                        |
|                                                                                     |
|   BEN F. BEARD  VS  LEHMAN BROTHERS HOLDINGS, INC., ETALS                            |
|   FILED:  06/14/2006 TYPE: BAD FAITH/FRAUD/MISR TYPE TRIAL: JURY     TRACK:          |
|                                                                                     |
|*************************************************************************************|
|   DATE1:            CA:                    CA DATE:                                  |
|   DATE2:            AMT:            $.00  PAYMENT:                                   |
|   DATE3:                                                                             |
|*************************************************************************************|
|-------------------------------------------------------------------------------------|
|  DEFENDANT  006: JOLLY ROGER I, INC                                                  |
|                  % CORPORATION SERVICE CO   ATTORNEY:                                |
|                  2711 CENTERVILLE RD/400                                             |
|                  WILMINGTON, DE  19808-0000                                          |
|                  PHONE: (334)000-0000                                                |
|  ENTERED:  06/21/2006 ISSUED:  06/21/2006 TYPE:   CERTIFIED                          |
|  SERVED:   06/26/2006  ANSWERED:           JUDGEMENT:                                |
|-------------------------------------------------------------------------------------|
|  DEFENDANT  007: CAPITAL SEVEN RECOVERY, LLC                                         |
|                  %CORPORATION SERVICE CO   ATTORNEY:                                 |
|                  2711 CENTERVILLE RD/400                                             |
|                  WILMINGTON, DE  19808-0000                                          |
|                  PHONE: (334)000-0000                                                |
|  ENTERED:  06/21/2006 ISSUED:  06/21/2006 TYPE:   CERTIFIED                          |
|  SERVED:   06/26/2006  ANSWERED:           JUDGEMENT:                                |
|-------------------------------------------------------------------------------------|
|  DEFENDANT  008: FAHEY PETER                                                         |
|                  % JOLLY ROGER, LLC       ATTORNEY:                                  |
|                  243 5TH AVE/STE. 800                                                |
|                  NEW YORK, NY  10016-0000                                            |
|                  PHONE: (334)000-0000                                                |
|  ENTERED:  06/21/2006 ISSUED:  06/21/2006 TYPE:   CERTIFIED                          |
|  SERVED:   06/28/2006  ANSWERED:           JUDGEMENT:                                |
|-------------------------------------------------------------------------------------|
|  DEFENDANT  009: CARLSON LARRY W                                                     |
|                  %CAPITAL SEVEN RECOVERY   ATTORNEY:                                 |
|                  332 WASHINGTON BLVD                                                 |
|                  STAMFORD, CT  06902-0000                                            |
|                  PHONE: (334)000-0000                                                |
|  ENTERED:  06/21/2006 ISSUED:  06/21/2006 TYPE:   CERTIFIED                          |
|  SERVED:              ANSWERED:           JUDGEMENT:                                 |
|-------------------------------------------------------------------------------------|
|                                                                                     |
|     _____               |
|                                                                                     |
|    06/21/2006    FILED THIS DATE: 06/14/2006               (AV01)                   |
|                                                                                     |
|    06/21/2006    ORIGIN: INITIAL FILING                    (AV01)                   |
|                                                                                     |
|    06/21/2006    ASSIGNED TO JUDGE: THOMAS E HEAD          (AV01)                   |
|                                                                                     |
|    06/21/2006    JURY TRIAL REQUESTED                      (AV01)                   |
|                                                                                     |
|    06/21/2006    CASE ASSIGNED STATUS OF: ACTIVE           (AV01)                   |
|                                                                                     |
|    06/21/2006    BEARD BEN F ADDED AS C001                 (AV02)                   |
|                                                                                     |
|    06/21/2006    LISTED AS ATTORNEY FOR C001: BENTON LEE R   (AV02)                 |
|                                                                                     |
|    06/21/2006    LISTED AS ATTORNEY FOR C001: BALL CHARLES STEVEN                   |
|                                                                                     |
|    06/21/2006    LEHMAN BROTHERS HOLDINGS INC DBA LEHMAN CAPITAL AD                 |
|                                                                                     |
|    06/21/2006    CERTIFIED MAI ISSUED: 06/21/2006 TO D001   (AV02)                  |
|                                                                                     |
|-------------------------------------------------------------------------------------|
 JAS   07/19/2006                                          CV 2006 000135.00
```

```
AVSO351                                                        CV 2006 000135.00

                                        JUDGE: THOMAS E HEAD
--------------------------------------------------------------------------
                        ALABAMA JUDICIAL DATA CENTER
                          CASE ACTION SUMMARY
                             CIRCUIT CIVIL
--------------------------------------------------------------------------
  IN THE CIRCUIT  COURT OF    PIKE      COUNTY

  BEN F. BEARD   VS   LEHMAN BROTHERS HOLDINGS, INC., ETALS
  FILED: 06/14/2006 TYPE: BAD FAITH/FRAUD/MISR TYPE TRIAL: JURY     TRACK:
**************************************************************************
  DATE1:            CA:                   CA DATE:
  DATE2:            AMT:          $.00  PAYMENT:
  DATE3:
**************************************************************************
  06/21/2006   KERN PETER R ADDED AS D002                    (AV02)

  06/21/2006   CERTIFIED MAI ISSUED: 06/21/2006 TO D002      (AV02)

  06/21/2006   OAK ASSET MANAGEMENT, LLC ADDED AS D003       (AV02)

  06/21/2006   CERTIFIED MAI ISSUED: 06/21/2006 TO D003      (AV02)

  06/21/2006   MIDLAND LOAN SERVICES, INC ADDED AS D004      (AV02)

  06/21/2006   CERTIFIED MAI ISSUED: 06/21/2006 TO D004      (AV02)

  06/21/2006   JOLLY ROGER, LLC ADDED AS D005                (AV02)

  06/21/2006   CERTIFIED MAI ISSUED: 06/21/2006 TO D005      (AV02)

  06/21/2006   JOLLY ROGER I, INC ADDED AS D006              (AV02)

  06/21/2006   CERTIFIED MAI ISSUED: 06/21/2006 TO D006      (AV02)

  06/21/2006   CAPITAL SEVEN RECOVER, LLC ADDED AS D007      (AV02)

  06/21/2006   CERTIFIED MAI ISSUED: 06/21/2006 TO D007      (AV02)

  06/21/2006   FAHEY PETER ADDED AS D008                     (AV02)

  06/21/2006   CERTIFIED MAI ISSUED: 06/21/2006 TO D008      (AV02)

  06/21/2006   CARLSON LARRY W ADDED AS D009                 (AV02)

  06/21/2006   CERTIFIED MAI ISSUED: 06/21/2006 TO D009      (AV02)

  06/21/2006   CASE ACTION SUMMARY PRINTED                   (AV02)

  06/26/2006   D004 SERVED CERTIFIED MAIL ON 06/22/2006

  06/27/2006   D001 SERVED CERTIFIED MAIL ON 06/22/2006

  06/27/2006   D003 SERVED CERTIFIED MAIL ON 06/23/2006

  06/30/2006   ADDR1 CHANGED FROM: %JACK T. NOE              (AV02)

  06/30/2006   ADDR CITY CHANGED FROM: WESTLAKE VLLGE        (AV02)

  06/30/2006   ADDRESS STATE CHANGED FROM: CA               (AV02)

  06/30/2006   ADDR2 CHANGED FROM: 2535 TOWNGATE RD/STE.205 (AV02)

  06/30/2006   REISSUE OF CERTIFIED MA ON 06/30/2006 FOR D003

  07/03/2006   RETURNED OTHER          ON 06/27/2006 FOR D002

  07/03/2006   D007 SERVED CERTIFIED MAIL ON 06/26/2006
--------------------------------------------------------------------------
JAS   07/19/2006                               CV 2006 000135.00
```

```
AVSO351                                                    CV 2006 000135.00

                                           JUDGE: THOMAS E HEAD

------------------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                      CASE ACTION SUMMARY
                         CIRCUIT CIVIL
------------------------------------------------------------------------
   IN THE CIRCUIT  COURT OF    PIKE        COUNTY

   BEN F. BEARD  VS  LEHMAN BROTHERS HOLDINGS, INC., ETALS
 FILED:  06/14/2006 TYPE: BAD FAITH/FRAUD/MISR TYPE TRIAL: JURY     TRACK:
*************************************************************************
 DATE1:               CA:                 CA DATE:
 DATE2:               AMT:        $.00  PAYMENT:
 DATE3:
*************************************************************************
   07/03/2006    D005 SERVED CERTIFIED MAIL ON 06/26/2006

   07/03/2006    D006 SERVED CERTIFIED MAIL ON 06/26/2006

   07/05/2006    D008 SERVED CERTIFIED MAIL ON 06/28/2006

   07/19/2006    D003 SERVED CERTIFIED MAIL ON 07/15/2006

   07/19/2006    REISSUE OF CERTIFIED MA ON 07/19/2006 FOR D002
```

```
JAS   07/19/2006                                    CV 2006 000135.00
```

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| BEN F. BEARD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. _CV06-135_ |
| | ) |
| LEHMAN BROTHERS HOLDINGS, INC., | ) |
| d/b/a LEHMAN CAPITAL, PETER R. | ) |
| KERN, OAK ASSET MANAGEMENT, LLC, | ) |
| MIDLAND LOAN SERVICES, INC., | ) |
| JOLLY ROGER, LLC; JOLLY ROGER I, INC., | ) |
| CAPITAL SEVEN RECOVERY, LLC, | ) |
| PETER FAHEY, LARRY W. CARLSON, | ) |
| | ) |
|     Defendants. | ) |

## **COMPLAINT**

COMES NOW Ben F. Beard, an individual, and files his Complaint against Defendants,

Lehman Brothers Holdings, Inc., d/b/a Lehman Capital, Peter R. Kern, Oak Asset Management,

LLC, Midland Loan Services, Inc., Jolly Roger, LLC, Jolly Roger I, Inc., Capital Seven

Recovery, LLC, Peter Fahey, and Larry W. Carlson, and in support thereof would show the Court

the following:

    1.    The Plaintiff, Ben F. Beard ("Beard"), is an individual, who is the managing

member of ProMarketing, LLC ("ProMarketing"), a limited liability company formed under the

laws of Alabama on March 9, 2000, for the purpose of, among other things, acquiring, owning

and managing convenience stores. ProMarketing is headquartered in Troy, Alabama.

    2.    The Defendant, Lehman Brothers Holdings, Inc., d/b/a Lehman Capital ("Lehman

Brothers"), is, upon information and belief, a Delaware corporation which does business in the

state of Alabama.

3.      The Defendant, Peter R. Kern ("Kern"), is, upon information and belief, an adult individual residing in the state of New York.

4.      The Defendant, Oak Asset Management, LLC ("Oak Asset"), is, upon information and belief, a California limited liability company which does business in the state of Alabama.

5.      The Defendant, Midland Loan Services, Inc., ("Midland"), is, upon information and belief, a Missouri corporation which does business in the state of Alabama.

6.      The Defendant, Jolly Roger, LLC, ("Jolly Roger"), is, upon information and belief, a Delaware limited liability company which does business in the state of Alabama.

7.      The Defendant, Jolly Roger I, Inc., ("Jolly Roger I"), is, upon information and belief, a Delaware corporation which does business in the state of Alabama.

8.      The Defendant, Capital Seven Recovery, LLC, ("Capital Seven"), is, upon information and belief, a Delaware limited liability company which does business in the state of Alabama.

9.      The Defendant, Peter Fahey ("Fahey"), is, upon information and belief, an adult individual residing in the state of New York.

10.     The Defendant, Larry W. Carlson ("Carlson"), is, upon information and belief, an adult individual residing in the state of Connecticut.

11.     At all times relevant hereto, each of the respective individual Defendants were acting as agents of Lehman Brothers, Oak Asset, Midland, Jolly Roger, Jolly Roger I, and/or Capital Seven, and were acting as agents within the line and scope of their legal authority. The tortious conduct of the Defendants described hereinbelow took place in Pike County, Alabama.

## FACTS

12.     In or about early 2000, representatives for ProMarketing, including Beard and

Sam J. Carroll, III, began searching for financing for twenty-eight (28) convenience stores

located in the states of Alabama, Florida, and Georgia.  Ultimately, it was determined that

Lehman Brothers, would be the lender for the transaction.

13.     On March 24, 2000, Lehman Brothers agreed to loan to ProMarketing the sum of

Twenty-five Million Dollars ($25,000,000.00) for the financing of the above-referenced

convenience stores.  The transaction included five separate loans for the total sum of

$25,000,000.00, as follows: (1) loan number 217000029 in the amount of $4,519,000.00; (2)

loan number 217000030 in the amount of $5,389,000.00; (3) loan number 217000031 in the

amount of $5,313,000.00; (4) loan number 217000032 in the amount of $5,303,000.00; and (5)

loan number 217000033 in the amount of $4,276,000.00.  Each separate loan required the

execution of a separate Promissory Note; Mortgage, Security Agreement, Financing Statement &

Fixture Filing; Loan and Security Agreement (collectively, the "Loan Agreement"); and various

other financing documents presumably for the purpose of securing the debt and the real and

personal property collateralizing the debt (primarily the convenience stores themselves), the real

property upon which the convenience stores were located, and certain other vendor agreements

that were related to the convenience stores.  Importantly, Lehman Brothers also required two

separate guaranties of the debt, the first being a guaranty executed by James W. Jackson, Jr.,

Robert Warren Jackson, Sam J. Carroll, III, and Ben F. Beard ("the Carroll & Beard Guaranties")

and the second being a guaranty executed by BFB, LLC ("the BFB Guaranties"), both conditional

recourse guaranties.[1]  There were a total of five separate Carroll & Beard Guaranties and five separate BFB guaranties executed for the total debt, one for each loan.

14.     From the distribution of the loan proceeds on March 24, 2000 forward, ProMarketing made each of its monthly payments pursuant to the Notes to Lehman Brothers. However, after the national tragedy of September 11, 2001 ("9/11"), the economic impact upon the convenience store industry, and specifically the gasoline industry, was significant.  Also, there were numerous other entrants into the market, including the emergence of the "big box" retailers led by Wal-Mart.  Shortly after 9/11, ProMarketing began to struggle with the servicing of its debt to Lehman Brothers, among others.  However, ProMarketing continued to make its monthly payments of approximately $240,000.00 to Lehman Brothers.

15.     On or about February 1, 2002, Beard contacted representatives of Lehman Brothers to discuss the financial difficulties of ProMarketing and the possibility of some forebearance agreement.  On or about February 6, 2002, Beard began communicating with Kern, a vice-president at Lehman Brothers.  The purpose of the contact was to establish an open line of communication between the representatives of ProMarketing and Lehman Brothers to discuss the financial difficulties facing ProMarketing, and to also make Lehman Brothers aware that ProMarketing intended to do all in its power to honor its obligations pursuant to the Loan Agreements.  For several months thereafter, ProMarketing continued to make payments to Lehman Brothers, though the payments made caused ProMarketing to operate at a deficit.

16.     However, the state of the depressed industry environment and the general national

---

[1]At the inception of the loan transactions, ProMarketing had several members who later transferred their respective interests to Beard.  Beard is now the sole member of ProMarketing.

economy continued to decline, and ultimately ProMarketing was unable to pay the October 1, 2002 payment to Lehman Brothers. On October 1st, Beard contacted Kern at Lehman Brothers to discuss ProMarketing's status. Additionally, on that date, Beard wrote to Kern telling him of ProMarketing's plan to attempt to restructure by liquidating certain assets of ProMarketing that did not serve as collateral to the Lehman Brother's debt and to further restructure ProMarketing with the guidance and acceptance of Lehman Brothers. Beard also informed Kern of ProMarketing's intention to obtain other potential investors and to obtain certain financial professionals' assistance in the restructuring of the business to maximize the value of the assets and goodwill. Kern, in his individual capacity and as a representative of Lehman Brothers, agreed to forebear any immediate attempt to collect the debt. In fact, Kern admitted to Beard that the economic issues facing ProMarketing were common throughout the industry and that Lehman Brothers had numerous non-performing loans that required ongoing cooperation between the lender and borrower. Kern also told Beard that because of the problems with this and other similarly situated Lehman Brothers loans, it was important to attempt to maintain the ProMarketing loan as a performing, non-default loan on the Lehman Brothers' books. As such, in or about early October 2002, Lehman Brothers, by and through Kern, began and maintained an ongoing discussion with Beard to fashion a plan to keep the ProMarketing convenience stores operating and to protect the collateral.

17.    In the months of October and November 2002, Beard, as a representative of ProMarketing, continued to communicate with Lehman Brothers, by and through Kern, via several telephone conferences and meetings, both in Alabama and Atlanta, Georgia. During this period, Kern, along with Paul Sven ("Sven"), another vice-president at Lehman Brothers in

charge of workouts and financial restructuring, a representative of Midland and others, traveled

to Troy, Alabama to meet with Beard to attempt to work out a plan for payment and to inspect

some of the collateral properties. Among other things, Lehman Brothers demanded that

ProMarketing hire a consulting firm to monitor its operations, analyze cash flow, assets and

liabilities, and to assist with possible future restructuring. Upon information and belief, Oak

Asset was retained by Lehman Brothers for essentially the same purpose and to further assist

Lehman Brothers in overseeing the restructuring of ProMarketing and was acting as the agent for

Lehman Brothers. At the direction of Lehman Brothers, ProMarketing sought a consultant and

ultimately hired Navigant Consulting, Inc. ("Navigant"), for that purpose.

18.     During one of those meetings, upon information and belief the November 7, 2002,

meeting in Atlanta, attended by Beard, Kern, representatives of Navigant, and Gerard J. Maughan

("Maughan") of Oak Asset, Lehman Brothers began making additional demands upon

ProMarketing to further reduce its expenses. Among other things, Lehman Brothers demanded

that Beard reduce his salary as manager of ProMarketing and that ProMarketing cease making

any further rental payments on its office headquarters pursuant to its lease with Beard, pursuant

to his ownership of the building housing the office headquarters.

19.     Moreover, Kern represented to Beard that Lehman Brothers believed a vast

majority of the collateralized convenience stores were contaminated by environmental issues

from gas storage tanks and other industry related issues. Kern also represented to Beard that

Lehman Brothers had purchased an environmental protection insurance policy from, upon

information and belief, American International Group, Inc. ("AIG") to cover such contamination.

Kern represented to Beard that environmental assessments performed by Lehman Brothers led

them to believe that approximately 70% of the stores were contaminated and that Lehman was working on settlement with AIG wherein AIG would take over the contaminated stores, pursuant to the obligations in the insurance policy, and that ProMarketing would be able to get a "good deal" on the contaminated properties and to also retain the remaining 30% of the non-contaminated stores via some restructuring or refinance. Kern further represented to Beard that ProMarketing would be involved with the negotiations with AIG to protect its interests and to negotiate the transaction wherein ProMarketing would have up to one (1) year to refinance the remaining 30% of the stores for the approximate fair market value of the non-contaminated stores (presumably no more than 30% of the $25 million debt) and would be able to negotiate a below market value price with AIG for the contaminated stores. Kern further represented to Beard that any attempt to refinance the ProMarketing loans would be delayed until after the resolution of the claim with AIG and agreed that ProMarketing could make nominal or interest only payments until the AIG claim settled, as long as the collateralized stores remained operational. These various representations were later confirmed and restated by Kern to Beard in telephone conferences.

20.     In an attempt to induce Beard to continue to maintain the operations of ProMarketing and keep the collateralized stores operating, including those with allegedly substantial environmental damage, Kern represented to Beard that ProMarketing would be "at the table" when all negotiations were ongoing with AIG. Further, upon information and belief, Kern made that representation to induce Beard to continue to inject his personal capital into ProMarketing's operations and Beard further agreed to reduce his salary and caused ProMarketing to cease making lease payments to Beard for the ProMarketing office headquarters.

As a result of Kern's representation, Beard did not entertain any possible liquidation of ProMarketing. Further, because of Lehman Brothers's requirement that a consultant be hired, ProMarketing began payments to Navigant, which cost ProMarketing fees and other expenditures in excess of $400,000.00 over the next two years.

21.    From approximately October of 2002 through June of 2004, Beard had only sporadic communication with Kern or anyone from Lehman Brothers. Throughout this period, Beard continued to try to obtain information regarding the claim with AIG and to determine if any settlement had been reached with regard to the environmental insurance policy. Upon information and belief, throughout this period, representatives of Lehman Brothers, Oak Asset and, perhaps, Navigant, had numerous meetings with AIG regarding the contaminated properties and the subject insurance policy. Despite the representations of Kern, and Beard's request to be included in any such discussions, neither Beard nor any representative of ProMarketing was ever a part of such discussions nor were they consistently advised of the status of the negotiations. Infrequently, Kern and other representatives of Lehman, often by and through Oak Asset, would discuss generally the AIG negotiations and would send word through Navigant that settlement was soon coming. Upon information and belief, the purpose of forwarding such communication was merely to make sure that Beard maintained ProMarketing's operation of the collateral stores.

22.    Throughout 2003, Beard continued to attempt to keep ProMarketing afloat and make payments to service the Lehman Brothers' debt. Essentially, communications with Lehman Brothers were virtually nonexistent, other than the occasional flow of information from Oak Asset to Navigant, and ProMarketing continued to struggle in a rapidly declining market. Expecting that ProMarketing would at some point hear from Lehman Brothers regarding the AIG

settlement, Beard continued to cause ProMarketing to operate, though at a substantial loss, in anticipating that Kern's representations that ProMarketing would be allowed to refinance and restructure via the non-contaminated stores. Upon information and belief, Lehman Brothers and Oak Asset, and perhaps agents of Jolly Roger, continued to negotiate with AIG for their own respective benefit and purposely excluded Beard and ProMarketing from participation "at the table."

23.    Acting at the advice of Navigant and the approval of Lehman Brothers, Beard spent much of 2003 attempting to lease and/or sell certain non-collateralized assets to further service the Lehman Brothers' debt. ProMarketing also attempted to lease, and did ultimately lease and sell inventory and certain convenience stores not collateralized by Lehman Brothers to increase additional revenues for the benefit and upon the approval of Lehman Brothers. While there was some limited conversation with Kern and Lehman Brothers directly, and indirectly through Navigant, generally the communication, especially with regard to the AIG issues, remained spotty, at best. Beard continued to cause ProMarketing to make all available payments to Lehman Brothers to service the debt, often through his personal capital injections, in reliance upon Kern's representations that the AIG negotiation would be ongoing and completed for the benefit of both Lehman Brothers and ProMarketing. Also, throughout this period, there were some conversations between Lehman Brothers and the members of ProMarketing regarding a formal forebearance agreement, which was never memorialized in writing. Throughout this period, Lehman Brothers continued to accept payments from ProMarketing.

24.    At some point in or about May of 2004, Beard was able to track down Kern to attempt to find out what, if anything, was progressing with regard to the AIG settlement. Kern

represented to Beard that settlement was very near and that a final settlement would occur "sooner rather than later."

25.    On June 10, 2004, Beard received a letter via facsimile from an unknown entity named Jolly Roger, LLC, purporting to be a notice of assignment of the loans from Lehman Brothers to Jolly Roger. The letter gave no description of the terms of the assignment other than to list the original amount of the original notes and the loan numbers of each of the five original loans to ProMarketing. Notably, the letter also gave no indication that any payments or credits had ever been made or issued toward any of the five loans, either reflecting payments by ProMarketing or some other source. The letter was also unsigned and gave no contact person with whom Beard might communicate with regard to the alleged assignment.

26.    Beard, through his own efforts and through that of his counsel, attempted to learn the status of the loans, to no avail. On June 18, 2004, Kern sent an e-mail to Joel Holsinger ("Holsinger"), the director of Navigant. Kern represented to Holsinger that "ownership of the ProMarketing loans originated by Lehman has been transferred to AIG. You might be contacted by one of their representatives, including Larry Carlson of Capital Seven. Feel free to contact me with any questions." Holsinger then forwarded that e-mail on to Dennis Kelly ("Kelly"), an employee at ProMarketing. Carlson did in fact contact Holsinger a few days thereafter requesting financial information on ProMarketing, which was provided approximately thirty (30) days thereafter.

27.    On June 22, 2004, Kelly, corresponded with Kern via e-mail stating that ProMarketing had received the Jolly Roger correspondence concerning the alleged assignment and ProMarketing needed additional information. Specifically, the e-mail reminded Kern that he

had represented to Beard that Lehman Brothers had sold or was about to sell the loans to AIG, via the environmental insurance policies. Kelly's e-mail also stated that Kern had repeatedly represented that Lehman Brothers would attempt to work out a solution with ProMarketing for the debt pursuant to the negotiations with AIG by and through the resolution of the insurance claims. The e-mail further requested that Kern send them information on the sale or transfer documents related to the assignment, copies of the AIG policies, copies of any documents related to the settlement of the insurance claim, copies of any appraisal evaluations of the collateral securing the loans, a breakdown of the loan balances, and the application of any insurance proceeds to the loans. Additionally, the e-mail requested the name, address, and telephone number of the contact persons with Jolly Roger, Capital Seven, and AIG with whom ProMarketing could contact regarding the loans. The e-mail further reminded Kern that that information had been promised previously and was apparently being withheld.

28. On June 23, 2004, Kern responded to Kelly's e-mail by stating that "Lehman is not in a position to provide you with any documentation." The e-mail further stated that "all Lehman interests in the ProMarketing loans have been transferred to AIG." Kern then directed all further questions to Greg Yates ("Yates"), an attorney with Steptoe & Johnson, a law firm in Washington, D.C., which Kern stated was "engaged by AIG to handle these matters."

29. On July 1, 2004, counsel for ProMarketing and Beard, Robert E.L. Gilpin ("Gilpin") of Kaufman & Rothfeder, wrote to Yates informing him that Lehman Brothers, by and through Kern, had led ProMarketing to believe that there would be a work out of the debt with Lehman Brothers, and that Kern represented the resolution or refinance of the debt could not be achieved until after Lehman Brothers had concluded its negotiation of its insurance claim with

AIG. The letter further requested that Yates provide documentation as to the ownership of the loans and further stated that ProMarketing wished to reach some resolution of the debt.

30.    On or about July 15, 2004, Gilpin received a letter from Yates stating only that Jolly Roger was now the owner of the ProMarketing loans. Attached to the facsimile was a document captioned as "Assignment of Loan and Loan Documents (ProMarketing, LLC)," which indicated that the loans from Lehman Brothers had been assigned not to AIG, as represented by Kern, but instead to Jolly Roger I, Inc., on or about May 20, 2004. Kern knew his previous representation that the loans had been transferred to AIG was false as the assignment to Jolly Roger I was executed by Kern on behalf of Lehman Brothers.

31.    Over the next several months, Beard and other representatives of ProMarketing continued to attempt to obtain any information from Lehman Brothers, Jolly Roger, or Capital Seven with regard to the AIG loans, the reason why ProMarketing was excluded from the AIG negotiations, or the alleged balance of any of the outstanding loans. Even so, ProMarketing, by and through Beard, continued to work with representatives of Jolly Roger and Capital Seven providing the information and any other documentation requested. No one at Lehman Brothers, including Kern, willingly communicated further with Beard or any other ProMarketing representative, notwithstanding the previous representations as to the plan to keep ProMarketing in the loop with regard to the AIG transaction and to work out a resolution with ProMarketing regarding the loans thereafter.

32.    Over the next several months, there was some limited discussion among Carlson, Navigant and Beard regarding a possible formal forebearance agreement with ProMarketing, which was never executed, and some further discussion regarding the possible liquidation of

some of the convenience stores. Again, none of the information requested regarding the debt was ever provided.

33.    In or about January 2005, there was another meeting in Atlanta attended by, among others, Beard, Carlson, and Peter Fahey, regarding the previous proposals made by ProMarketing and Beard to resolve the debt. At that meeting, Carlson instructed Beard to fire Navigant to further reduce costs, and Beard complied with that demand. Despite Beard's best efforts, that meeting did not provide any further assistance in obtaining the requested information or in consummating the promised deal with AIG concerning the purchase and/or refinance of the collateral stores. Surprisingly, shortly thereafter, Beard received notification from Jolly Roger that there would be no further communication directly between the parties and that all such communication should be directed via the parties' respective counsel.

34.    In January or February of 2005, Midland, upon information and belief, the loan servicing entity for Lehman Brothers, forwarded to ProMarketing an I.R.S. Form 1099-C dated June 21, 2004, in the amount of $4,280,090.37. The 1099-C stated that the "debt description" was for a "Commercial Real Estate Loan." No further information was provided with the 1099-C. Since its receipt, Beard has attempted to obtain information from Jolly Roger, Capital Seven and Lehman Brothers as to the meaning of the 1099-C and the source of the alleged payment of $4,280,090.37, but such further request for information has continued to be denied. Upon information and belief, the 1099-C represents a portion of the payment made by AIG to Lehman Brothers. Further, Beard believes that discovery in the case will show the entirety of the ProMarketing loans may have been satisfied by AIG pursuant to the environmental policy.

35.    Throughout 2005, Beard and ProMarketing continued to work with Jolly Roger

and Capital Seven making all available payments and making numerous attempts to resolve the debt, if any actually still existed. By and large, the requests for additional information and the proposals for settlement were ignored. Also, no documentation regarding the assignment was ever provided, nor has it yet been provided, indicating the process by which Jolly Roger obtained the loan, what role AIG played in the assignment, or what sums had been paid by AIG pursuant to the policy which should be credited to the loan or the loan balance, if any.

36.     In or about January and February of 2006, Peter Fahey of Jolly Roger began making threatening phone calls to employees of ProMarketing, telling them that Jolly Roger would soon be taking over all of the stores and further informing the employees that they should enter into employment agreements with Jolly Roger. Beard contacted Fahey and requested that he not interfere with ProMarketing's relationship with its employees and placed him on notice that Jolly Roger was causing harm to ProMarketing. On or about February 24, 2006, Robert Gilpin (counsel for ProMarketing) wrote to Greg Yates (counsel for Jolly Roger) and demanded that Jolly Roger no longer contact ProMarketing employees directly concerning future employment.

37.     In March, April, May, and June of 2006, ProMarketing, by and through Beard and counsel, has continued to make offers to resolve the alleged debt, without success. The only response to any of the offers came in a March 31, 2006 letter from Fahey of Jolly Roger to counsel for ProMarketing wherein Fahey stated that the loan payoff was the incredible sum of $30,628,580.99 and demanded a payoff by April 7, 2005. Though there have been many calls and correspondence by and between counsel for the parties since that date, there has been no further explanation as to: (1) the inflated payoff amount, (2) the questions regarding the

assignment, or (3) any of the AIG issues. Instead, Jolly Roger began legal advertisements that it intended to foreclose on at least one (1) of the convenience stores, which Beard noticed in the local newspaper.

**COUNT ONE**

**FRAUDULENT MISREPRESENTATION**

38.     The Plaintiff adopts and incorporates those allegations set forth above as if fully set forth herein.

39.     Defendant Kern, acting in the line and scope of his employment with Lehman Brothers and in his individual capacity, represented to Beard that the ProMarketing loan could be resolved pursuant to the negotiations between Lehman Brothers and AIG concerning the environmental insurance policy held by Lehman Brothers with AIG. Kern further represented that ProMarketing would be involved with the negotiation, would participate in any settlement related to the loan and that ProMarketing would be in a position to purchase the non-contaminated convenience stores and refinance the debt on the stores for a greatly discounted amount of the original total loan, as described herein above. This action is brought pursuant to *Ala. Code §§ 6-5-100, 6-5-101.*

40.     At the time the representations were made, Lehman Brothers and Kern knew that they were false and did not intend to perform on this promise. Upon information and belief, neither Lehman Brothers nor Kern ever intended to allow ProMarketing to participate in the negotiations with AIG. Moreover, upon information and belief, upon receipt of payment from AIG for the settlement of the environmental claim, those amounts were neither disclosed to ProMarketing nor were they accurately applied to the ProMarketing debt.

41.    The representations made were false and were reasonably relied upon by Beard to his individual detriment, who is now the sole member of ProMarketing. Moreover, based upon his reliance on the false representations by Lehman Brothers and Kern, Beard agreed to substantially reduce his salary from ProMarketing and further agreed to no longer direct ProMarketing to make payments toward its lease to Beard Family Properties, LLP. Beard further made other capital injections into ProMarketing, based upon his reliance on Lehman Brothers' and Kern's representations.

42.    As a result of Lehman Brothers' and Kern's fraudulent misrepresentations, Beard has been damaged.

43.    Beard claims punitive damages against Lehman Brothers and Kern in an amount to be determined by a jury in light of the gross, reckless and malicious misrepresentations made by Lehman Brothers and Kern.

44.    Beard claims additional damages for mental anguish resulting from Lehman Brothers' and Kern's misrepresentations.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants, Lehman Brothers and Kern, in an amount to be determined by a trier of fact, plus punitive damages, interest, and costs. The Plaintiff seeks such other and more equitable relief as the Court deems proper.

### COUNT TWO

### SUPPRESSION

45.    The Plaintiff adopts and incorporates those allegations set forth above as if fully set forth herein.

46.     As set forth in the body of this Complaint, and in the previous Count, Kern, acting within the line and scope of his employment with Lehman Brothers and in his individual capacity, suppressed several material facts from Beard, to which Beard, as the sole member of ProMarketing, relied upon to his detriment.

47.     Among other things, Lehman Brothers and Kern suppressed the following facts: Lehman Brothers did not intend to allow ProMarketing to participate in any negotiations with AIG for the purpose of resolving the ProMarketing loan debt, nor would ProMarketing be allowed to refinance the non-contaminated stores as previously represented by Kern. Additionally, Kern suppressed the fact that sums received by AIG pursuant to the loan policies would not be applied to the ProMarketing loan debt. Kern further suppressed the fact that any losses incurred by Beard as a result of Beard's agreement to reduce his salary from ProMarketing or to receive payments pursuant to the lease agreement between ProMarketing and Beard Family Properties, LP, would only increase ProMarketing's ability to make the payments to Lehman Brothers and would not in the end provide any benefit to ProMarketing or Beard.

48.     Due to the confidential relationship between Lehman Brothers, by and through Kern, and ProMarketing and Beard, Lehman Brothers and Kern were under an obligation to communicate these facts to Beard. Such failure to communicate clearly constitutes fraud pursuant to *Ala. Code § 6-5-102.*

49.     As a result of Kern's suppression, Beard has been damaged.

50.     The Plaintiff claims punitive damages against Lehman Brothers and Kern in an amount to be determined by a jury in light of the gross, reckless and malicious suppression of material facts from Beard.

51.    The Plaintiff claims additional damages for mental anguish resulting from Lehman Brothers' and Kern's suppression.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants, Lehman Brothers and Kern, in an amount to be determined by a trier of fact, plus punitive damages, interest, and costs. The Plaintiff seeks such other and more equitable relief as the Court deems proper.

**COUNT THREE**

**DECEIT**

52.    The Plaintiff adopts and incorporates those allegations set forth above as if fully set forth herein.

53.    Pursuant to *Ala. Code § 6-5-103*, Kern, acting within the line and scope of his employment with Lehman Brothers and in his individual capacity, deceived and mislead Beard to believe that ProMarketing would be allowed to participate in any negotiations with AIG for the purpose of resolving the ProMarketing loan debt, and ProMarketing would be allowed to refinance the non-contaminated stores as previously represented by Kern. Ala. Code § 6-5-103.

54.    At the time the representations were made, Lehman Brothers and Kern knew that they were false and did not intend to perform as promised.

55.    The representations immediately above were false, deceiving and misleading and were reasonably relied upon and believed by Beard.

56.    As a result of Lehman Brothers' and Kern's deceptive and misleading conduct, Beard has been damaged.

57.    The Plaintiff claims punitive damages against Lehman Brothers and Kern in an

amount to be determined by a jury in light of Lehman Brothers' and Kern's gross, reckless and malicious deceitful conduct.

58.     The Plaintiff claims additional damages for mental anguish resulting from Lehman Brothers' and Kern's deceitful conduct.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants, Lehman Brothers and Kern, in an amount to be determined by a trier of fact, plus punitive damages, interest, and costs. The Plaintiff seeks such other and more equitable relief as the Court deems proper.

## COUNT FOUR

### FRAUDULENT DECEIT

59.     The Plaintiff adopts and incorporates those allegations set forth above as if fully set forth herein.

60.     Pursuant to *Ala. Code § 6-5-104*, Kern, acting within the line and scope of his employment with Lehman Brothers and in his individual capacity, deceived Beard by suggesting the above-referenced facts, when Kern did not believe them to be true. Specifically, Kern did not intend to allow ProMarketing to participate in the AIG transactions, to benefit from any payments made by AIG related to the ProMarketing loans, and did not intend to allow Beard or ProMarketing to refinance the non-contaminated stores, as described herein above. Kern's further representations to Beard that he should reduce his salary from ProMarketing and cause ProMarketing to no longer make lease payments pursuant to the agreement with Beard Family Properties, LP, was done in an attempt to fraudulently deceive Beard into believing that such conduct was for the benefit of ProMarketing and Beard.

61.    At the time of the promises and representations above were made, Lehman

Brothers and Kern knew that they were false and did not intend to perform as promised.

62.    The representations immediately above were false, deceiving and misleading, and

were reasonably relied upon and believed by Beard. Beard altered his position in reliance upon

said promises and representations to his detriment, both individually and as the sole member of

ProMarketing.

63.    The Plaintiff claims punitive damages against Lehman Brothers and Kern in an

amount to be determined by a jury in light of Lehman Brothers' and Kern's willful, gross,

reckless and malicious conduct.

64.    The Plaintiff claims additional damages for mental anguish resulting from

Lehman Brothers' and Kern's willfully deceptive conduct.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the

Defendants, Lehman Brothers and Kern, in an amount to be determined by a trier of fact, plus

punitive damages, interest, and costs. The Plaintiff seeks such other and more equitable relief as

the Court deems proper.

## COUNT FIVE

### FRAUDULENT MISREPRESENTATION

65.    The Plaintiff adopts and incorporates those allegations set forth above as if fully

set forth herein.

66.    In or about January or February of 2005, Kern or Lehman Brothers caused

Midland to issue a Form 1099-C to ProMarketing in the amount of $4,280,090.37. The issuance

of that 1099-C was fraudulent in that the amount contained therein was incorrect and was issued

for an improper purpose. As a result of the issuance of the fraudulent form 1099-C, Beard, as the sole member of ProMarketing, has been damaged.

67.     The Plaintiff claims punitive damages against Lehman Brothers and Midland in an amount to be determined by a jury in light of Lehman Brothers' and Midland's gross, reckless and malicious misrepresentations made by Lehman Brothers and Midland.

68.     The Plaintiff claims additional damages for mental anguish resulting from Lehman Brothers' and Midland's misrepresentations.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants, Lehman Brothers and Midland, in an amount to be determined by a trier of fact, plus punitive damages, interest, and costs. The Plaintiff seeks such other and more equitable relief as the Court deems proper.

## COUNT SIX

### CONSPIRACY

69.     The Plaintiff adopts and incorporates those allegations set forth above as if fully set forth herein.

70.     Each of the Defendants, including Lehman Brothers, Kern, Oak Asset, Midland, Jolly Roger, LLC, Jolly Roger I, Inc., Capital Seven, Fahey, and Carlson, directly or by and through their employees and others, have conspired together to, among other things, prevent ProMarketing or Beard from participating in the negotiations with AIG, from benefitting from any settlement between AIG and any of the other Defendants, and for refusing to produce any and all documents related to the AIG policies that may be for the benefit of ProMarketing and Beard as the sole member of ProMarketing. The Defendants further conspired to convince Beard

to reduce his salary from ProMarketing and to cause ProMarketing to no longer make payments pursuant to its lease agreement with Beard Family Properties, LP. The conspiring Defendants further have prevented Beard from obtaining any information related to the purported assignment of the Lehman Brothers' debt to either Jolly Roger or AIG. The conspiring Defendants have also caused a fraudulent form 1099-C in the amount of $4,280,090.37 to be issued to ProMarketing, which directly has caused damage to Beard as its sole member. Such action was wrongful, and in violation of the duties under the Loan Agreements, of the relationships between the various parties, and of applicable law.

71.    The actions of the Defendants were intentional, malicious, oppressive and/or wanton.

72.    As a proximate consequence of said conspiracy involving the Defendants, the Plaintiff has suffered injury as described and alleged in the preceding accounts.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants, Lehman Brothers, Kern, Oak Asset, Midland, Jolly Roger, LLC, Jolly Roger I, Inc., Capital Seven, Fahey, and Carlson, in an amount to be determined by a trier of fact, plus punitive damages, interest, and costs. The Plaintiff seeks such other and more equitable relief as the Court deems proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Lee R. Benton
ASB: 8421-E63L

C. Steven Ball
ASB: 5126-A64C

OF COUNSEL:
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
Phone: (205) 278-8000
Facsimile: (205) 278-8008

SERVE DEFENDANTS AS FOLLOWS:

Lehman Brothers Holdings, Inc. d/b/a
Lehman Capital
c/o Prentice Hall Corporation Sys, Inc.,
Registered Agent
150 S. Perry Street
Montgomery, AL 36104

Midland Loan Services, Inc.
c/o The Corporation Company, Registered
Agent
2000 Interstate Park Dr., Suite 204
Montgomery, Alabama 36109-5413

Capital Seven Recovery, LLC
c/o Corporation Service Company,
Registered Agent
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Jolly Roger, LLC
c/o Corporation Service Company,
Registered Agent
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Jolly Roger I, Inc.
c/o Corporation Service Company,
Registered Agent
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Oak Asset Management, LLC
c/o Jack T. Noe, Registered Agent
2535 Towngate Road Suite, 205
Westlake Village, CA 91361

Peter R. Kern
Vice President
Lehman Brothers
745 Seventh Avenue, 7th Floor
New York, NY 10019

Peter Fahey
Jolly Roger, LLC
243 5th Avenue, Suite 800
New York, NY 10016

Larry W. Carlson
Capital Seven Recovery, LLC
332 Washington Blvd.
Stamford, CT 06902

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>☐C☐V☐2☐0☐0☐6☐ ☐ ☐1☐3☐5☐·☐ ☐<br>Date of Filing:        Judge Code:<br>☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐<br>Month   Day   Year |

### GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ PIKE _____, ALABAMA

(Name of County)

BEN F. BEARD _____ v. LEHMAN BROTHERS HOLDINGS, INC., et al.

Plaintiff                                                        Defendant

First Plaintiff   ☐ Business   ☒ Individual       First Defendant   ☒ Business   ☐ Individual
                  ☐ Government ☐ Other                               ☐ Government ☐ Other

---

**NATURE OF SUIT:**   Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA  - Wrongful Death
- ☐ TONG  - Negligence: General
- ☐ TOMV  - Negligence: Motor Vehicle
- ☐ TOWA  - Wantonness
- ☐ TOPL  - Product Liability/AEMLD
- ☐ TOMM  - Malpractice-Medical
- ☐ TOLM  - Malpractice-Legal
- ☐ TOOM  - Malpractice-Other
- ☒ TBFM  - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☐ CVXX  - Miscellaneous Circuit Civil Case

---

**ORIGIN (check one):**   F ☒ INITIAL FILING       A ☐ APPEAL FROM<br>DISTRICT COURT       O ☐ OTHER:

R ☐ REMANDED       T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

---

HAS JURY TRIAL BEEN DEMANDED?   ☒ YES  ☐ NO       Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☒ MONETARY AWARD REQUESTED       ☐ NO MONETARY AWARD REQUESTED

---

ATTORNEY CODE:<br>☐B☐A☐L☐0☐2☐4       Date  6/14/06       _Glenn ____ (Signature of Attorney/Party filing this form)_

---

MEDIATION REQUESTED:   ☐ YES  ☐ NO  ☐ UNDECIDED

| State of Alabama<br>Unified Judicial System<br><br>C-34J  4/82 | **SUMMONS**<br><br>**- CIVIL -** | Case Number<br>CV 04 - 135<br>ID    YR    NUMBER |
|---|---|---|

N THE _____ CIRCUIT _____ COURT OF _____ PIKE _____ COUN

Plaintiff  BEN F. BEARD                    v. Defendant    LEHMAN BROTHERS, et al.

NOTICE TO Midland Loan Services, Inc., c/o The Corporation Company, 2000 Interstate Park Dr., Suite
204, Montgomery, Alabama  36109-5413

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TA
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO M
OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EA
ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY - **C. STEVEN BALL** - WHOSE ADDR
S  2019 3rd Avenue N., Birmingham, Alabama 35203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS A
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST Y
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE T
ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐    TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b
of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a c
of the complaint in this action upon defendant.

☒    This service by certified mail of this summons is initiated upon the written request of Plaintiff
pursuant to Rule 4.1(c) the Alabama Rules of Civil Procedure.

_____ 6/21/06 _____          _____ Brenda M. Peacock _____  By: _____
Date                                           Clerk/Register

---

RETURN ON SERVICE:

☐    Certified mail return receipt

| **SENDER: COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete<br>item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse<br>so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece,<br>or on the front if space permits. | A. Signature<br>X _____ ☐ Ag<br>_____ ☐ Ad<br>B. Received by (Printed Name)    C. Date of<br>_____ 6/22 |
| 1. Article Addressed to:<br><br>Midland Loan Services, Inc.<br>c/o The Corporation Company<br>2000 Interstate Park Dr., Suite 204<br>Montgomery, Alabama 36109-5413 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☒ Return Receipt for Merch<br>☐ Insured Mail   ☐ C.O.D. |
| CV04·135 D004 | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7005 1160 0004 2369 7698 |
| PS Form 3811, February 2004 | Domestic Return Receipt              102595-02 |

U.S. Postal Service
CERTIFIED MAIL    RECEIPT
(Domestic Mail Only; No Insurance Coverage

For delivery information visit our website at www.u

OFFICIAL U

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage | |

7005 1160 0004 2369 7698

Sent To  Midland Loan Services, Inc.
         c/o The Corporation Company
Street, Apt. No.
or PO Box No  2000 Interstate Park Dr., Suite 2
City, State, Zip  Montgomery, Alabama 36109-5

| State of Alabama Unified Judicial System | **SUMMONS** | | Case Number |
|---|---|---|---|
| C-34J  4/82 | **- CIVIL -** | | CV 06 - 135 |
| | | | ID    YR    NUMBER |

N THE _____ CIRCUIT _____ COURT OF _____ PIKE _____ COUNT

Plaintiff BEN F. BEARD   v. Defendant   LEHMAN BROTHERS, et al.

NOTICE TO Lehman Brothers Holdings, Inc., c/o Prentice Hall Corporation Sys, Inc., 150 S. Perry Street, Montgomery, Alabama 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAI IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MA OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EAC ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY - **C. STEVEN BALL** - WHOSE ADDRE IS 2019 3rd Avenue N., Birmingham, Alabama 35203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AI COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YC FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  YOU MUST ALSO FILE TI ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐   TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a co of the complaint in this action upon defendant.

☒   This service by certified mail of this summons is initiated upon the written request of  Plaintiff pursuant to Rule 4.1(c) the Alabama Rules of Civil Procedure.

_____6/21/06_____     Brenda M. Peacock  By: _____
Date                     Clerk/Register

RETURN ON SERVICE:

☐   Certified mail return receipt

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage)*

For delivery information visit our website at www.us

O F F I C I A L   U

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Po | Lehman Brothers Holdings, Inc. d/t |

Sent To   Lehman Capital
          c/o Prentice Hall Corporation Sys, !
Street A; 150 S. Perry Street
or PO Bo:
City, Stan Montgomery, AL 36104

7005 1160 0004 2369 7681

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lehman Brothers Holdings, Inc. d/b/a
Lehman Capital
c/o Prentice Hall Corporation Sys, Inc.,
150 S. Perry Street
Montgomery, AL 36104

CV06-135  \001

2. Article Number
(Transfer from service label)      7005 1160 0004 2369 7681

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addre

B. Received by ( Printed Name)    C. Date of Del
D. MELTON                        06/07/06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Mercha
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

| State of Alabama<br>Unified Judicial System<br><br>C-34J  4/82 | **SUMMONS**<br>**- CIVIL -** | Case Number<br>*CN 06 - 135*<br><br>ID      YR      NUMBER |
|---|---|---|

N THE _____ **CIRCUIT** _____ COURT OF _____ **PIKE** _____ COUNT

Plaintiff  BEN F. BEARD                    v. Defendant   LEHMAN BROTHERS, et al.

NOTICE TO  Oak Asset Management, LLC, c/o Jack T. Noe, 2535 Towngate Road, Suite 205,
           Westlake Village, CA 91361

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TA
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO M/
OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EA
ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY - **C. STEVEN BALL** - WHOSE ADDRE
S  2019 3rd Avenue N., Birmingham, Alabama  35203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS A
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST Y
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE T
ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐    TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)
      of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a c
      of the complaint in this action upon defendant.

☒    This service by certified mail of this summons is initiated upon the written request of  _Plaintiff_
      pursuant to Rule 4.1(c) the Alabama Rules of Civil Procedure.

_6/21/06_                    _Brenda M. Peacock_ By: _JS_
Date                           Clerk/Register

**RETURN ON SERVICE:**

☐    Certified mail return receip

| U.S. Postal Service™<br>**CERTIFIED MAIL™ RECEI**<br>*(Domestic Mail Only; No Insurance Covera* |
|---|

For delivery information visit our website at www

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Posta | |

Sent To    Oak Asset Management, LLC
           c/o Jack T. Noe, Registered A
Street, Apt. N  2535 Towngate Road Suite, 2
or PO Box No  Westlake Village, CA 91361
City, State, Z

7005 1160 0004 2369 7735

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Oak Asset Management, LLC
c/o Jack T. Noe, Registered Agent
2535 Towngate Road Suite, 205
Westlake Village, CA 91361

CN06-135  D003

2. Article Number
   (Transfer from service label)

PS Form **3811**, February 2004        Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                          ☐ Addres

B. Received by (Printed Name)  | C. Date of Deliv
                               | 6-23-0

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchan
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

7005 1160 0004 2369 7735

102595-02-M-

| State of Alabama Unified Judicial System | **SUMMONS** **- CIVIL -** | Case Number |
|---|---|---|
| C-34J  4/82 | | CV 06- 135 |

| | | ID | YR | NUMBER |

N THE _____ CIRCUIT _____ COURT OF _____ PIKE _____ COU

ᵖlaintiff  BEN F. BEARD          v. Defendant   LEHMAN BROTHERS, et al.

NOTICE TO Peter R. Kern, Vice President, Lehman Brothers Holdings, Inc., 745 Seventh Avenue, 7th F
New York, NY 10019

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST T
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO M
OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING E
ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY - **C. STEVEN BALL** - WHOSE ADDI
S  2019 3rd Avenue N., Birmingham, Alabama 35203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS .
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE
ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐  TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b
of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a
of the complaint in this action upon defendant.

☒  This service by certified mail of this summons is initiated upon the written request of _Plaintiff_
pursuant to Rule 4.1(c) the Alabama Rules of Civil Procedure.

_6/21/06_                    _Brenda M. Peacock_   By: _____
Date                         Clerk/Register

RETURN ON SERVICE:

☐    Certified mail return receip

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  X ___  ☐ Agent  ☒ Addres<br>B. Received by (Printed Name)  C. Date of Deli<br>6-27 |
| 1. Article Addressed to:<br><br>Peter R. Kern<br>Vice President<br>Lehman Brothers<br>745 Seventh Avenue, 7ᵗʰ Floor<br>New York, NY 10019 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| CN06-135 \boo | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchan<br>☐ Insured Mail  ☐ C.O.D. |
| 2. Article Number<br>(Transfer from service label)  7005 1160 0004 2369 7742 | 4. Restricted Delivery? (Extra Fee)  ☒ Yes |
| PS Form 3811, February 2004  Domestic Return Receipt | 102595-02-M-1 |

**U.S. Postal Service**
**CERTIFIED MAIL™ RECE**
(Domestic Mail Only; No Insurance Cove

For delivery information visit our website at w

OFFICIAL

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postag | | |

Sent To  Peter R. Kern
         Vice President
Street, Apt. N  Lehman Brothers
or PO Box No  745 Seventh Avenue, 7ᵗʰ Floor
City, State, Zi  New York, NY 10019

7005 1160 0004 2369 7742

| State of Alabama<br>Unified Judicial System<br><br>C-34J  4/82 | **SUMMONS<br>- CIVIL -** | Case Number<br>CV 06 - 135<br>ID    YR    NUMBER |

N THE _____ CIRCUIT _____ COURT OF _____ PIKE _____ COUN

Plaintiff  BEN F. BEARD                    v. Defendant   LEHMAN BROTHERS, et al.

NOTICE TO Capital Seven Recovery, LLC, c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TA
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO M
OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EA
ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY - **C. STEVEN BALL** - WHOSE ADDR
IS 2019 3rd Avenue N., Birmingham, Alabama 35203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS A
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST Y
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE T
ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐   TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b
of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a c
of the complaint in this action upon defendant.

☒   This service by certified mail of this summons is initiated upon the written request of _Plaintiff_
pursuant to Rule 4.1(c) the Alabama Rules of Civil Procedure.

_10/21/06_                    _Brenda M. Peacock_  By: _JS_
Date                              Clerk/Register

RETURN ON SERVICE:

☐    Certified mail return receipt

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage*
For delivery information visit our website at www.

OFFICIAL

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Post— — —  — — | $ |

Sent To  Capital Seven Recovery, LLC
         c/o Corporation Service Company
Street, Apt.  Registered Agent
or PO Box  2711 Centerville Road, Suite 400
City, State,  Wilmington, DE 19808

7005 1160 0004 2369 7704

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Capital Seven Recovery, LLC
c/o Corporation Service Company,
Registered Agent
2711 Centerville Road, Suite 400
Wilmington, DE 19808

CV06-135 D007

2. Article Number
*(Transfer from service label)*

PS Form 3811, February 2004        Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x _Laura Cooper_                    ☐ Age
                                    ☐ Add
B. Received by (Printed Name)       C. Date of D

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

JUN 26 2006

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merch
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

7005 1160 0004 2369 7704

102595-02-I

| State of Alabama Unified Judicial System | **SUMMONS** - **CIVIL** - | Case Number CN 06 - 135 |
|---|---|---|
| C-34J  4/82 | | ID    YR    NUMBER |

N THE _____CIRCUIT_____ COURT OF _____PIKE_____ COUNT

Plaintiff **BEN F. BEARD**    v. Defendant    **LEHMAN BROTHERS, et al.**

NOTICE TO Jolly Roger I, Inc., c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TA
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO M
OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EA
ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY - **C. STEVEN BALL** - WHOSE ADDR
S 2019 3rd Avenue N., Birmingham, Alabama 35203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS A
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST Y
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE T
ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐ TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)
of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a co
of the complaint in this action upon defendant.

☒ This service by certified mail of this summons is initiated upon the written request of  Plaintiff
pursuant to Rule 4.1(c) the Alabama Rules of Civil Procedure.

_____6/21/06_____    Brenda M. Peacock    By: ___AS___
Date                                          Clerk/Register

---

**RETURN ON SERVICE:**

☐    Certified mail return receip

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIP**
*(Domestic Mail Only; No Insurance Covera*

For delivery information visit our website at www

OFFICIAL

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | Jolly Roger I, Inc. |

7005 1160 0004 2369 7728

Sent To    c/o Corporation Service Con
Street, Apt. No.    Registered Agent
or PO Box No.    2711 Centerville Road, Suite 400
City, State, Zip    Wilmington, DE 19808

CN06-135 bow

---

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jolly Roger I, Inc.
c/o Corporation Service Company,
Registered Agent
2711 Centerville Road, Suite 400
Wilmington, DE 19808

2. Article Number
(Transfer from service label)    7005 1160 0004 2369 7728

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Laura Cooper    ☐ Agent  ☐ Addres

B. Received by (Printed Name)    C. Date of Deli
Laura

D. Is delivery address different from item
If YES, enter delivery address below:    ☐ Yes  ☐ No

JUN 26 2006

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchan
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

| State of Alabama Unified Judicial System<br><br>C-34J   4/82 | **SUMMONS**<br>**- CIVIL -** | Case Number<br>CN 04 · 135<br><br>ID    YR    NUMBER |
| --- | --- | --- |

N THE _____CIRCUIT_____ COURT OF ____PIKE____ COUN

Plaintiff  BEN F. BEARD            v. Defendant   LEHMAN BROTHERS, et al.

NOTICE TO Jolly Roger, LLC, c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST T
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO M
OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING E.
ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY - **C. STEVEN BALL** - WHOSE ADDR
S  2019 3rd Avenue N., Birmingham, Alabama 35203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS A
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE
ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

☐    TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b
     of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a c
     of the complaint in this action upon defendant.

☒    This service by certified mail of this summons is initiated upon the written request of  Plaintiff
     pursuant to Rule 4.1(c) the Alabama Rules of Civil Procedure.

6/21/06                          Brenda M. Peacock        By: _____
Date

RETURN ON SERVICE:

☐    Certified mail return receipt

U.S. Postal Service
CERTIFIED MAIL·· RECEIP
(Domestic Mail Only; No Insurance Coverag
For delivery information visit our website at www
OFFICIAL
Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postar  Jolly Roger, LLC
Sent To  c/o Corporation Service Com
Street, Apt. N  Registered Agent
or PO Box No  2711 Centerville Road, Suite 400
City, State, Zi  Wilmington, DE 19808

7005 1160 0004 2369 7711

**SENDER: COMPLETE THIS SECTION**
■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jolly Roger, LLC
c/o Corporation Service Company,
Registered Agent
2711 Centerville Road, Suite 400
Wilmington, DE 19808

CN06-135 D005

2. Article Number
(Transfer from service label)      7005 1160 0004 2369 7711

PS Form 3811, February 2004        Domestic Return Receipt              102595-02-M

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X Laura Cooper    ☐ Age
                  ☐ Add
B. Received by (Printed Name)    C. Date of D
Laura
D. Is delivery addr                ☐ Yes
If YES, enter delivery address below ☐ No

JUN 26 2006

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Mercha
☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)    ☐ Yes

| State of Alabama<br>Unified Judicial System<br><br>C-34J  4/82 | **SUMMONS**<br>**- CIVIL -** | Case Number<br>CN 06 · 135<br>ID    YR    NUMBER |
|---|---|---|

N THE _____ CIRCUIT _____ COURT OF _____ PIKE _____ COUN

Plaintiff  BEN F. BEARD                    v. Defendant    LEHMAN BROTHERS, et al.

NOTICE TO  Peter Fahey, Jolly Roger, LLC, 243 5th Avenue, Suite 800, New York, NY 10016

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TA
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO M
OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EA
ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY - **C. STEVEN BALL** - WHOSE ADDR
S  2019 3rd Avenue N., Birmingham, Alabama 35203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS A
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST Y
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  YOU MUST ALSO FILE
ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

---

☐    TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b
       of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a c
       of the complaint in this action upon defendant.

☒    This service by certified mail of this summons is initiated upon the written request of _Plaintiff_
       pursuant to Rule 4.1(c) the Alabama Rules of Civil Procedure.

_6/21/06_                               _Brenda W. Peacock_ By: _____
Date                                      Clerk/Register

---

RETURN ON SERVICE:

☐    Certified mail return receipt



U.S. Postal Service
**CERTIFIED MAIL⊓ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage*
For delivery information visit our website at www.us

OFFICIAL U

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Post⁺ | |

Sent To   Peter Fahey
           Jolly Roger, LLC
Street, Apt.  243 5th Avenue, Suite 800
or PO Box   New York, NY 10016
City, State,

7005 1160 0004 2369 7759

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

   Peter Fahey
   Jolly Roger, LLC
   243 5ᵗʰ Avenue, Suite 800
   New York, NY 10016

2. Article Number
   (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                            ☐ Ag
                                             ☐ Ad
C. Date of
6-28-0
D. Is delivery address different from item 1?  ☐ Yes
   enter delivery address below:            ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merch
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

7005 1160 0004 2369 7759

| State of Alabama<br>Unified Judicial System<br><br>C-34J  4/82 | **SUMMONS**<br>**- CIVIL -** | Case Number<br>CV-06-135<br>ID      YR        NUMBER |
|---|---|---|

N THE _____CIRCUIT_____ COURT OF _____PIKE_____ COUNT`

Plaintiff  BEN F. BEARD                        v. Defendant    LEHMAN BROTHERS, et al.

NOTICE TO Oak Asset Management, LLC, c/o Gerry Maughn, P.O. Box110, Franklin Lakes,
         New Jersey 07417

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAK
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MA
OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EAC
ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY - **C. STEVEN BALL** - WHOSE ADDRES
S  2019 3rd Avenue N., Birmingham, Alabama  35203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AN
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YO
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  YOU MUST ALSO FILE TH
ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

---

☐     TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(:
        of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a cop
        of the complaint in this action upon defendant.

☒     This service by certified mail of this summons is initiated upon the written request of  Plaintiff
        pursuant to Rule 4.1(c) the Alabama Rules of Civil Procedure

_10/30/06_                              _Rynda M. Peacock_ By: _JP_
Date                                                  Clerk/Register

---

**RETURN ON SERVICE:**

☐    Certified mail return receipt re

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage P

For delivery information visit our website at www.usp

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee<br>(Endorsement Required) | | Pos<br>H |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Posta | | |

Oak Asset Management, LLC
Sent To  c/o Gerry Maughn
Street, Apt.  P.O. Box 110
or PO Box N  Franklin Lakes, NJ 07417
City, State, :

PS Form 38.

7005 1160 0004 2369 7780

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Oak Asset Management, LLC            JUL 20
c/o Gerry Maughn                               FILED
P.O. Box 110
Franklin Lakes, NJ 07417

CV06-135 D003

2. Article Number
(Transfer from service label)    7005 1160 0004 2369 7780

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                            ☐ Agen
                                              ☐ Addr
B. Received by (Printed Name)  C. Date of De

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Mercha
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

| | | |
|---|---|---|
| BEN F. BEARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | Civil Action No: 2:06-cv-653-A |
| LEHMAN BROTHERS HOLDINGS, INC., | * | |
| d/b/a LEHMAN CAPITAL, PETER R. KERN, | * | |
| OAK ASSET MANAGEMENT, LLC, | * | |
| MIDLAND LOAN SERVICES, INC., | * | |
| JOLLY ROGER, LLC, JOLLY ROGER 1, INC., | * | |
| CAPITAL SEVEN RECOVERY LLC, | * | |
| PETER FAHEY, LARRY W. CARLSON, | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

1.    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Lehman Brothers Holdings Inc. ("Lehman"), Midland Loan Services, Inc. ("Midland"), Peter R. Kern ("Kern"), Oak Asset Management, LLC ("Oak Asset"), Jolly Roger I, Inc. n/k/a Jolly Roger LLC ("Jolly Roger"), Capital Seven Recovery LLC ("Capital Seven"), Peter Fahey ("Fahey"), and Larry W. Carlson ("Carlson") (collectively, the "Defendants") remove this case to this Court.   By removing this case, Defendants do not waive any of their defenses, including, but not limited to, the defenses of lack of service, lack of jurisdiction, and improper service of process.

2.    This case was commenced by the filing of a complaint in the Circuit Court of Pike County, Alabama, on or about June 21, 2006, entitled Beard v. Lehman Brothers Holdings Inc., d/b/a Lehman Capital, et al.  All defendants consent to removal and join in the removal of the case to this Court.

3.    Lehman was served with the summons and complaint on June 22, 2006.

4417.2

4.      Midland was served with the summons and complaint on June 22, 2006.

5.      Kern has not been served, but consents to removal and joins in the removal of the case to this Court.

6.      Oak Asset was served with the summons and complaint on July 15, 2006.

7.      Jolly Roger was served with the summons and complaint on June 26, 2006.

8.      Capital Seven was served with the summons and complaint on June 26, 2006.

9.      Fahey was served with the summons and complaint on June 28, 2006.

10.     Carlson not been served, but consents to removal and joins in the removal of the case to this Court.

## THIS COURT HAS DIVERSITY JURISDICTION

11.     Removal of this action is proper under 28 U.S.C. § 1441 (a) because this Court has original jurisdiction over the dispute.

12.     Lehman is a Delaware company with its principal place of business in New York.

13.     Midland is a Delaware company with its principal place of business in Kansas.

14.     Kern is an individual who is over the age of 19 years and is a citizen of New York and is not a citizen of Alabama.

15.     Oak Asset is a limited liability company whose members are citizens of the following states and are not citizens of Alabama:

        a.  New Jersey.

16.     Fahey is an individual who is over the age of 19 years and a citizen of New York.

17.     Carlson is an individual who is over the age of 19 years and a citizen of North Carolina.

18.     Capital Seven is a limited liability company whose sole member is a citizen of the state of Delaware and is not a citizen of Alabama.  The members of the sole member are citizens of the states of Delaware, New York and North Carolina.

19.     Jolly Roger is not a citizen of Alabama.  Jolly Roger I, Inc. n/k/a Jolly Roger, LLC is a limited company whose sole member is a citizen of the states of Delaware and NewYork and is not a citizen of Alabama.  The members of the sole member are citizens of the states of Delaware, New York and North Carolina.

20.     Upon information and belief, and as alleged in paragraph 1 of the Complaint, Plaintiff, who is an individual over the age of 19 years, is an individual who is a citizen of the state of Alabama.

21.     All of the Defendants and their members are citizens of states diverse to that of the Plaintiff.

22.     Based upon the allegations in the complaint and Plaintiff's additional demands for punitive damages, and damages for mental anguish, it is clear that the amount in controversy in this action exceeds $75,000 exclusive of interests and costs.  Plaintiff has asserted claims against Defendants seeking compensatory and punitive damages.  Although the Complaint does not specify a monetary demand, Plaintiff seeks unlimited punitive damages.  See e.g., Tapscott v. M.S. Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987); Swafford v. Transit Cas. Co., 486 F. Supp. 175, 177 (N.D. Ga. 1980).

23.     Therefore, this Court properly has original jurisdiction over this case as set forth in 28 U.S.C. § 1332 (diversity jurisdiction).

**REMOVAL OF THIS ACTION IS PROPER**

24.    The Notice of Removal is being filed within thirty (30) days after receipt by Defendants of the initial pleading setting forth the claim for relief upon which the action is based and is timely pursuant to 28 U.S.C. § 1446(b).

25.    Accordingly, because all the prerequisites for diversity jurisdiction pursuant to 28 U.S.C. § 1332 are present in the action, removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

26.    Promptly after the filing of this Notice of Removal in this Court, Defendants will give written notice of this Notice of Removal to all adverse parties by serving a copy of the same upon the party or attorney of record and will file a copy of this Notice of Removal with the Clerk of the Circuit Court for Pike County, Alabama, thereby effecting removal of the Action pursuant to 28 U.S.C § 1446(d).

27.    Copies of all pleadings, process, and other papers filed in the state court action as of the date of this motion are attached hereto as Exhibit 1.

28.    Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1441(a) because this judicial district embraces the place where the action was pending.

WHEREFORE, the Defendants pray the above-referenced case now pending in the Circuit Court of Pike County, Alabama be removed to the United States District Court for the Middle District of Alabama, Northern Division.

Terry L. Butts (BUT009)
P. O. Drawer 272
Luverne, Alabama 36049
(334) 335-2262

Michael E. Jones (JON039)
Jones & Coots, LLC
P. O. Box 367
Luverne, Alabama 36049
(334) 335-6534

Attorneys for Defendants
Lehman Brothers Holdings Inc.
d/b/a Lehman Capital, Midland Loan
Services, Inc., Peter R. Kern and
Oak Asset Management, LLC

David B. Anderson (AND006)
Ryan K. Cochran (COC020)
Deanna L. Weidner (WEI038)

Attorneys for Capital Seven Recovery LLC, Jolly
Roger I, Inc. n/k/a Jolly Roger LLC; Peter Fahey,
and Larry Carlson

OF COUNSEL:
WALLER, LANSDEN, DORTCH & DAVIS, LLP
1901 6th Avenue North, Suite 1400
Birmingham, AL 35203
Phone: 205-214-6380
Fax: 205-214-8787

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by placing a copy of the same properly addressed, postage prepaid in the United States Mail, first class delivery:

Lee R. Benton, Esq.
C. Steven Ball, Esq.
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203

This the 21st day of July, 2006

Of Counsel