IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BEN F. BEARD,                              )
                                          )
              Plaintiff,                   )
                                          )
vs.                                        )
                                          )
LEHMAN BROTHERS HOLDINGS,                  )
INC., d/b/a LEHMAN CAPITAL,                )        CIVIL ACTION NO.
PETER R. KERN, OAK ASSET                   )
MANAGEMENT, LLC, MIDLAND LOAN              )        2:06cv653-WHA
SERVICES, INC. JOLLY ROGER,                )
LLC; JOLLY ROGER 1, INC.,                  )
CAPITAL SEVEN RECOVERY, LLC,               )
PETER FAHEY, LARRY W.                      )
CARLSON,                                   )
                                          )
              Defendants.                  )

## RESPONSE AND ANSWER

Comes now Jolly Roger LLC, formerly known as Jolly
Roger 1, Inc. ("Jolly Roger"), Capital Seven Recovery LLC
("Capital Seven"), Peter Fahey ("Fahey") and Larry W. Carlson
("Carlson") (collectively referred to herein as "the Jolly Roger
Defendants") and for their Response and Answer to Plaintiff's
Complaint state the following:

## FIRST DEFENSE

There is no personal jurisdiction over defendants
Fahey, Carlson, Capital Seven or Jolly Roger.

4396.6

## SECOND DEFENSE - RULE 12(B)(6)

The Complaint fails to state a claim against any of the Jolly Roger Defendants upon which relief can be granted because the Plaintiff's Complaint alleges the Jolly Roger Defendants conspired with Lehman Brothers Holding Inc. ("Lehman Brothers"), Oak Asset Management, LLC ("Oak Asset"), Midland Loan Services, inc. ("Midland") and/or Peter R. Kern ("Kern"), (collectively referred to herein as the "Lehman Defendants") to commit alleged acts which Plaintiff claims occurred before the Jolly Roger Defendants were involved; however, one cannot conspire to commit an act that has already occurred.

## THIRD DEFENSE: ANSWER

1.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in ¶ 1 of the Complaint, and accordingly they are denied.  The Jolly Roger Defendants believe ProMarketing, LLC ("ProMarketing") is headquartered in Troy, Alabama.

2.    The Jolly Roger Defendants admit that Lehman Brothers is Delaware Corporation but are without knowledge or information sufficient to form a belief as to the truth of the allegation that Lehman Brothers does business in Alabama. Therefore, this allegation is accordingly denied.

3.    Admitted.

4.    The Jolly Roger Defendants admit that Oak Asset is a California limited liability company, but are without knowledge or information sufficient to form a belief as to the truth of the allegation that Oak Asset does business in Alabama, and accordingly that allegation is denied.

5.    The Jolly Roger Defendants assert that Midland is a Delaware Corporation, but are without knowledge or information sufficient to form a belief as to the truth of the allegation that Midland does business in Alabama, and accordingly that allegation is denied.

6.    The Jolly Roger Defendants admit that Jolly Roger, LLC is a Delaware limited liability company but denies that it does business in Alabama.

7.    Denied.

8.    The Jolly Roger Defendants admit that Capital Seven is a Delaware limited liability company but denies that it does business in Alabama.

9.    Admitted.

10.    Admitted.

11.    The Jolly Roger Defendants admit that at all times relevant hereto, Fahey and Carlson were acting within the line and scope of their employment.  The Jolly Roger Defendants deny any agency and that any of their conduct was tortious and deny that any tortious conduct occurred in Pike County.  The

Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that (a) Kern was acting as an agent within the line and scope of his employment or (b) Lehman committed tortious conduct in Pike County and accordingly, those allegations are denied.

12.  The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 12 of the Complaint.

13.  The Jolly Roger Defendants admit that Lehman Brothers loaned ProMarketing approximately $25,000,000 through five loans and assert that all alleged loan and security documents speak for themselves.  The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 13 of the Complaint and accordingly they are denied.

14.  The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the Complaint and accordingly they are denied.

15.  The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the Complaint and accordingly they are denied.

16. The Jolly Roger Defendants admit that ProMarketing defaulted on its loans but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the Complaint and accordingly they are denied.

17. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the Complaint and accordingly they are denied.

18. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of the Complaint and accordingly they are denied.

19. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the Complaint and accordingly they are denied.

20. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the Complaint and accordingly they are denied.

21. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in ¶ 21 of the Complaint and accordingly they are denied.

22. The Jolly Roger Defendants deny that in 2003 agents of Jolly Roger negotiated with AIG for their own benefit and purposefully excluded Beard or ProMarketing from participation "at the table." The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of the Complaint and accordingly they are denied.

23. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 of the Complaint and accordingly they are denied.

24. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 of the Complaint and accordingly they are denied.

25. The Jolly Roger Defendants admit that it faxed a notice of assignment to Plaintiff on or about June 10, 2004 and assert that the notice speaks for itself.

26. The Jolly Roger Defendants deny that Carlson contacted Holsinger and requested financial information regarding ProMarketing that was provided in approximately 30 days. They are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in ¶ 26 of the Complaint. Accordingly they are denied.

27. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of the Complaint and accordingly they are denied.

28. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 28 of the Complaint and accordingly they are denied.

29. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 29 of the Complaint and accordingly they are denied.

30. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 30 of the Complaint and accordingly they are denied.

31. The Jolly Roger Defendants deny that Beard and other representatives of ProMarketing requested information from Jolly Roger or Capital Seven regarding AIG. The Jolly Roger Defendants deny that ProMarketing, by and through Beard, continued to work in good faith with representatives of Jolly

7

Roger and/or Capital Seven and/or provided all information and documents requested.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 31 of the Complaint and accordingly they are denied.

32.    The Jolly Roger Defendants admit that there were negotiations regarding a forebearance, but a forebearance was never executed and that discussions regarding liquidation occurred.    The Jolly Roger Defendants deny that none of the information requested regarding the debt was ever provided.

33.    The Jolly Roger Defendants admit that Beard, Carlson, Fahey and others attended a meeting in Atlanta regarding ProMarketing's defaulted debt.    The Jolly Roger Defendants deny that Carlson instructed that Beard fire Navigant.    The Jolly Roger Defendants deny that they withheld any information or assistance to which Beard was entitled.    The Jolly Roger Defendants admit that they subsequently directed all communication to their counsel.

34.    The Jolly Roger Defendants deny:    (1) that they withheld any requested information including the alleged 1099-C received by Beard; and (2) that discovery in this case will show that any portion of the ProMarketing loans were satisfied by AIG.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in ¶ 34 of the Complaint and accordingly they are denied.

35.   The Jolly Roger Defendants deny that Beard and ProMarketing ever worked in good faith with Jolly Roger or Capital Seven; that ProMarketing made all available payments; that Beard or ProMarketing ever attempted in good faith to resolve the debt, which actually exists; that any request for documentation or known information to which Beard or ProMarketing was entitled was ignored; that any legitimate settlement proposals were ignored; and that any sum paid by AIG pursuant to the policy should have been credited to the loan or the loan balance.

36.   The Jolly Roger Defendants admit that in February of 2006 Beard requested that Fahey discontinue the previously approved conversations with specific representatives of ProMarketing.   The Jolly Roger Defendants  deny the remaining allegations contained in ¶ 36.

37.   The  Jolly  Roger  Defendants  admit  that ProMarketing made several unacceptable offers to resolve the debt and March 31, 2006 letter.   The Jolly Roger Defendants admit that there have been many communications by and between counsel for the parties since that date.   The Jolly Roger Defendants deny that the loan payoff is inflated, and that any information to which Beard is entitled was withheld.   The Jolly

Roger Defendants admit that Jolly Roger began foreclosure advertisements on one of the convenience stores, as permitted by the loan agreement, but are without information or knowledge sufficient to form a belief as to the allegation that Beard noticed the foreclosure advertisement in the local newspaper. The Jolly Roger Defendants deny all remaining allegations contained in ¶ 37.

COUNT ONE – FRAUDULENT MISPREPRESENTATION

38. The Jolly Roger Defendants adopt and reincorporate their responses to ¶¶ 1-37 as if set out here in full.

39. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 39 of the Complaint and accordingly they are denied.

40. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 40 of the Complaint, which are accordingly denied.

41. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 41 of the Complaint and accordingly they are denied.

42.   The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 42 of the Complaint and accordingly they are denied.

43.   The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 43 of the Complaint and accordingly it is denied.

44.   The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 44 of the Complaint and accordingly it is denied.

## CLAIM FOR RELIEF

The Jolly Roger Defendants deny that Plaintiff is entitled to any relief that may be sought against any or all of the Jolly Roger Defendants in the WHEREFORE clause that immediately follows ¶ 44 of the Complaint, but are without sufficient information or knowledge to form a belief as to whether the Plaintiff is entitled to the relief sought from the Lehman Defendants.

## COUNT TWO - SUPPRESSION

45.   The Jolly Roger Defendants adopt and incorporate their responses to ¶¶ 1-44 as if set out here in full.

46.  The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 46 of the Complaint and accordingly they are denied.

47.  The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 47 of the Complaint and accordingly they are denied.

48.  Paragraph 48 states a legal conclusion to which no response is required. To the extent a response may be required, the Jolly Roger Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations and accordingly they are denied.

49.  The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 49 of the Complaint and accordingly they are denied.

50.  The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 50 of the Complaint and accordingly it is denied.

51.  The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of

the allegation contained in ¶ 51 of the Complaint and accordingly it is denied.

## CLAIM FOR RELIEF

The Jolly Roger Defendants deny that Plaintiff is entitled to any relief that may be sought against any or all of the Jolly Roger Defendants in the WHEREFORE clause that immediately follows ¶ 51 of the Complaint, but are without sufficient information or knowledge to form a belief as to whether the Plaintiff is entitled to the relief sought from the Lehman Defendants.

## COUNT THREE – DECEIT

52. The Jolly Roger Defendants adopt and incorporate their responses to ¶¶ 1-51 as if set out here in full.

53. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 53 of the Complaint and accordingly they are denied.

54. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 54 of the Complaint and accordingly they are denied.

55. The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in ¶ 55 of the Complaint and accordingly they are denied.

56.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 56 of the Complaint and accordingly they are denied.

57.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 57 of the Complaint and accordingly it is denied.

58.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 58 of the Complaint and accordingly it is denied.

## CLAIM FOR RELIEF

The Jolly Roger Defendants deny that Plaintiff is entitled to any relief that may be sought against any or all of the Jolly Roger Defendants in the WHEREFORE clause that immediately follows ¶ 58 of the Complaint, but are without sufficient information or knowledge to form a belief as to whether the Plaintiff is entitled to the relief sought from the Lehman Defendants.

## COUNT FOUR - FRAUDULENT DECEIT

59.    The Jolly Roger Defendants adopt and incorporate their responses to ¶¶ 1-58 as if set out here in full.

60.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 60 of the Complaint and accordingly they are denied.

61.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 61 of the Complaint and accordingly they are denied.

62.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 62 of the Complaint and accordingly they are denied.

63.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 63 of the Complaint and accordingly it is denied.

64.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 64 of the Complaint and accordingly it is denied.

## CLAIM FOR RELIEF

The Jolly Roger Defendants deny that Plaintiff is entitled to any relief that may be sought against any or all of the Jolly Roger Defendants in the WHEREFORE clause that immediately follows ¶ 64 of the Complaint, but are without sufficient information or knowledge to form a belief as to whether the Plaintiff is entitled to the relief sought from the Lehman Defendants.

## COUNT FIVE - FRAUDULENT MISREPRESENTATION

65.    The Jolly Roger Defendants adopt and incorporate their responses to ¶¶ 1-64 as if set out here in full.

66.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 66 of the Complaint and accordingly they are denied.

67.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 67 of the Complaint and accordingly it is denied.

68.    The Jolly Roger Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 68 of the Complaint and accordingly it is denied.

## CLAIM FOR RELIEF

The Jolly Roger Defendants deny that Plaintiff is entitled to any relief that may be sought against any or all of the Jolly Roger Defendants in the WHEREFORE clause that immediately follows ¶ 68 of the Complaint, but are without sufficient information or knowledge to form a belief as to whether the Plaintiff is entitled to the relief sought from the Lehman Defendants.

## COUNT SIX – CONSPIRACY

69.    The Jolly Roger Defendants adopt and incorporate their responses to ¶¶ 1-68 as if set out here in full.

70.    Denied.

71.    The Jolly Roger Defendants deny the allegations contained in ¶ 71 insofar as the allegations pertain to any or all of the Jolly Roger Defendants and assert that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to any or all of the Lehman Defendants and accordingly they are denied.

72.    Denied.

## CLAIM FOR RELIEF

The Jolly Roger Defendants deny that Plaintiff is entitled to any relief be sought against any or all of the Jolly Roger Defendants in the WHEREFORE clause that immediately follows ¶ 72 of the Complaint, but are without sufficient

information or knowledge to form a belief as to whether the Plaintiff is entitled to the relief sought from the Lehman Defendants.

### FOURTH DEFENSE: AFFIRMATIVE DEFENSES

For their affirmative defenses, the Jolly Roger Defendants assert the following:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff does not have standing.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Jolly Roger Defendants plead the affirmative defense of failure of consideration.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### FIFTH AFFIRMATIVE DEFENSE

The Jolly Roger Defendants did not breach a duty owed to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

No alleged injuries were proximately caused by any conduct of the Jolly Roger Defendants, but, to the extent

Plaintiffs prove recoverable damages, they were the proximate results of supervening or intervening causes or circumstances.

### SEVENTH AFFIRMATIVE DEFENSE

The Jolly Roger Defendants plead the affirmative defense of set-off or recoupment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead his claims against the Jolly Roger Defendants with particularity.

### NINTH AFFIRMATIVE DEFENSE

The Jolly Roger Defendants plead the affirmative defense of improper service of process for Carlson who is joining this removal petition without waiving said defense, if it exists.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, separately and severally, are barred because the damages and injuries alleged in the Complaint were not caused, whole or in part, by the Jolly Roger Defendants, but to the extent any such damages and injuries were the proximate result of the conduct of other persons, the Jolly Roger Defendants exercised no control and are not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by virtue of Plaintiff's admission in the Complaint that he participated in negotiations

with AIG, as Plaintiff is the sole member of ProMarketing who met with AIG on numerous occasions throughout 2002-2004 though its agent, Navigant.

### TWELFTH AFFIRMATIVE DEFENSE

The Jolly Roger Defendants have not committed any act which would entitle the plaintiff to recover punitive damages under the laws of Alabama and the United States.

### THIRTEENTH AFFIRMATIVE DEFENSE

The award of punitive damages would violate due process and equal protection and would constitute an unlawful taking of property under the Fifth, Eighth, Tenth and Fourteenth Amendments to the United States Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

If it is determined that any form of recovery has been made by way of judgment, settlement, or otherwise, for all or any part of the alleged injuries or damages, then the Jolly Roger Defendants claim the benefit of such recovery by way of setoff, payment, credit, recoupment, accord and satisfaction, or otherwise.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Jolly Roger Defendants reserve the right to add additional affirmative defenses as they become apparent through discovery or otherwise.

WHEREFORE, premises considered, the Jolly Roger Defendants deny that the Plaintiff is entitled to any of the relief sought.

## MOTION TO STRIKE JURY DEMAND

The Jolly Roger Defendants move to strike the Plaintiff's jury demand because it has been waived by his execution of Limited Recourse Guaranties.

Respectfully submitted,

_____
David B. Anderson (ASB-0135-O77D)
Ryan K. Cochran (ASB-1748-N70C)
Deanna L. Weidner (ASB-8665-E58W)
Attorneys for Jolly Roger LLC,
Jolly Roger 1, Inc., Capital Seven
Recovery LLC, Peter Fahey and
Larry W. Carlson

OF COUNSEL:

WALLER, LANSDEN, DORTCH & DAVIS, LLP
AmSouth-Harbert Plaza, Suite 1400
1901 6th Avenue North
Birmingham, AL  35203
Phone:  205-214-6380
Fax:  205-214-8787

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Response and Answer has been served upon counsel for plaintiff by placing same in the United States mail, properly addressed and postage prepaid, as follows:

      Lee R. Benton
      C. Steven Ball
      Benton & Centeno, LLP
      Birmingham, AL 35203

      Mr. Terry L. Butts
      P. O. Box 272
      Luverne, AL  36049

      Michael E. Jones (JON039)
      Jones & Coots, LLC
      P. O. Box 367
      Luverne, Alabama 36049

      Steven G. Brody
      King & Spalding LLP
      1185 Ave. of the Americas
      New York, NY 10036

      This the 21st day of July, 2006.

                               _____
                      OF COUNSEL

4396.6