**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

August 8, 2006

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style: Ben F. Beard  v. Lehman Brothers Holdings, Inc. , et al.**
**Case Number: 2:06-cv-653-WHA**

**Pleading : #1 - Notice of Removal**

**Notice of Correction is being  filed this date to advise that  the referenced  pleading was filed on 7/21/2006 with improper signatures as one person is not allowed to sign another's name.**

 **The corrected pdf document containing the original signatures of all counsel is attached to this notice.**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

| | |
|---|---|
| BEN F. BEARD, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | *   Civil Action No: 2:06-cv-653-A |
| LEHMAN BROTHERS HOLDINGS, INC., | * |
| d/b/a LEHMAN CAPITAL, PETER R. KERN, | * |
| OAK ASSET MANAGEMENT, LLC, | * |
| MIDLAND LOAN SERVICES, INC., | * |
| JOLLY ROGER, LLC, JOLLY ROGER 1, INC., | * |
| CAPITAL SEVEN RECOVERY LLC, | * |
| PETER FAHEY, LARRY W. CARLSON, | * |
| Defendants. | * |

## NOTICE OF REMOVAL

1. PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Lehman Brothers Holdings Inc. ("Lehman"), Midland Loan Services, Inc. ("Midland"), Peter R. Kern ("Kern"), Oak Asset Management, LLC ("Oak Asset"), Jolly Roger I, Inc. n/k/a Jolly Roger LLC ("Jolly Roger"), Capital Seven Recovery LLC ("Capital Seven"), Peter Fahey ("Fahey"), and Larry W. Carlson ("Carlson") (collectively, the "Defendants") remove this case to this Court. By removing this case, Defendants do not waive any of their defenses, including, but not limited to, the defenses of lack of service, lack of jurisdiction, and improper service of process.

2. This case was commenced by the filing of a complaint in the Circuit Court of Pike County, Alabama, on or about June 21, 2006, entitled <u>Beard v. Lehman Brothers Holdings Inc., d/b/a Lehman Capital, et al.</u> All defendants consent to removal and join in the removal of the case to this Court.

3. Lehman was served with the summons and complaint on June 22, 2006.

4417.2

4. Midland was served with the summons and complaint on June 22, 2006.

5. Kern has not been served, but consents to removal and joins in the removal of the case to this Court.

6. Oak Asset was served with the summons and complaint on July 15, 2006.

7. Jolly Roger was served with the summons and complaint on June 26, 2006.

8. Capital Seven was served with the summons and complaint on June 26, 2006.

9. Fahey was served with the summons and complaint on June 28, 2006.

10. Carlson not been served, but consents to removal and joins in the removal of the case to this Court.

## THIS COURT HAS DIVERSITY JURISDICTION

11. Removal of this action is proper under 28 U.S.C. § 1441 (a) because this Court has original jurisdiction over the dispute.

12. Lehman is a Delaware company with its principal place of business in New York.

13. Midland is a Delaware company with its principal place of business in Kansas.

14. Kern is an individual who is over the age of 19 years and is a citizen of New York and is not a citizen of Alabama.

15. Oak Asset is a limited liability company whose members are citizens of the following states and are not citizens of Alabama:

   a. New Jersey.

16. Fahey is an individual who is over the age of 19 years and a citizen of New York.

17. Carlson is an individual who is over the age of 19 years and a citizen of North Carolina.

18. Capital Seven is a limited liability company whose sole member is a citizen of the state of Delaware and is not a citizen of Alabama. The members of the sole member are citizens of the states of Delaware, New York and North Carolina.

19. Jolly Roger is not a citizen of Alabama. Jolly Roger I, Inc. n/k/a Jolly Roger, LLC is a limited company whose sole member is a citizen of the states of Delaware and NewYork and is not a citizen of Alabama. The members of the sole member are citizens of the states of Delaware, New York and North Carolina.

20. Upon information and belief, and as alleged in paragraph 1 of the Complaint, Plaintiff, who is an individual over the age of 19 years, is an individual who is a citizen of the state of Alabama.

21. All of the Defendants and their members are citizens of states diverse to that of the Plaintiff.

22. Based upon the allegations in the complaint and Plaintiff's additional demands for punitive damages, and damages for mental anguish, it is clear that the amount in controversy in this action exceeds $75,000 exclusive of interests and costs. Plaintiff has asserted claims against Defendants seeking compensatory and punitive damages. Although the Complaint does not specify a monetary demand, Plaintiff seeks unlimited punitive damages. See e.g., Tapscott v. M.S. Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987); Swafford v. Transit Cas. Co., 486 F. Supp. 175, 177 (N.D. Ga. 1980).

23. Therefore, this Court properly has original jurisdiction over this case as set forth in 28 U.S.C. § 1332 (diversity jurisdiction).

## REMOVAL OF THIS ACTION IS PROPER

24. The Notice of Removal is being filed within thirty (30) days after receipt by Defendants of the initial pleading setting forth the claim for relief upon which the action is based and is timely pursuant to 28 U.S.C. § 1446(b).

25. Accordingly, because all the prerequisites for diversity jurisdiction pursuant to 28 U.S.C. § 1332 are present in the action, removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

26. Promptly after the filing of this Notice of Removal in this Court, Defendants will give written notice of this Notice of Removal to all adverse parties by serving a copy of the same upon the party or attorney of record and will file a copy of this Notice of Removal with the Clerk of the Circuit Court for Pike County, Alabama, thereby effecting removal of the Action pursuant to 28 U.S.C § 1446(d).

27. Copies of all pleadings, process, and other papers filed in the state court action as of the date of this motion are attached hereto as Exhibit 1.

28. Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1441(a) because this judicial district embraces the place where the action was pending.

WHEREFORE, the Defendants pray the above-referenced case now pending in the Circuit Court of Pike County, Alabama be removed to the United States District Court for the Middle District of Alabama, Northern Division.

Terry L. Butts (BUT009)
P. O. Drawer 272
Luverne, Alabama 36049
(334) 335-2262

_____
Michael E. Jones (JON039)
Jones & Coots, LLC
P.O. Box 367
Luverne, Alabama 36049
(334) 335-6534

Attorneys for Defendants
Lehman Brothers Holdings Inc.
d/b/a Lehman Capital, Midland Loan
Services, Inc., Peter R. Kern and
Oak Asset Management, LLC

_____
David B. Anderson (AND006)
Ryan K. Cochran (COC020)
Deanna L. Weidner (WEI038)

Attorneys for Capital Seven Recovery LLC, Jolly Roger I, Inc. n/k/a Jolly Roger LLC; Peter Fahey, and Larry Carlson

OF COUNSEL:
WALLER, LANSDEN, DORTCH & DAVIS, LLP
1901 6th Avenue North, Suite 1400
Birmingham, AL 35203
Phone: 205-214-6380
Fax: 205-214-8787

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by placing a copy of the same properly addressed, postage prepaid in the United States Mail, first class delivery:

    Lee R. Benton, Esq.
    C. Steven Ball, Esq.
    Benton & Centeno, LLP
    2019 Third Avenue North
    Birmingham, Alabama 35203

This the 21st day of July, 2006

_____
Of Counsel

4417.2

5