IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEN F. BEARD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 2:06-653-WHA |
| | ) |
| LEHMAN BROTHERS HOLDINGS, INC., | ) |
| d/b/a LEHMAN CAPITAL, PETER R. | ) |
| KERN, OAK ASSET MANAGEMENT, LLC, | ) |
| MIDLAND LOAN SERVICES, INC., | ) |
| JOLLY ROGER, LLC; JOLLY ROGER I, INC., | ) |
| CAPITAL SEVEN RECOVERY, LLC, | ) |
| PETER FAHEY, LARRY W. CARLSON, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

COMES NOW the Plaintiff, Ben F. Beard ("Beard"), and pursuant to 28 U.S.C. § 1447(c) and other applicable law, submits his Memorandum of Law in Support of Motion to Remand the subject case to the Circuit Court of Pike County, Alabama.

**UNDISPUTED FACTS**

1.    The Plaintiff filed his Complaint in the Circuit Court of Pike County on June 14, 2006, alleging various tort claims against the Defendants pursuant to the statutory and case law of Alabama. Both Lehman Brothers Holdings, Inc., d/b/a Lehman Capital ("Lehman Brothers") and Midland Loan Services, Inc. ("Midland"), were served with the Summons and Complaint on June 22, 2006.

2.    On July 21, 2006, a Notice of Removal was filed, pursuant to 28 U.S.C. § 1446, allegedly by all Defendants, removing the case to the United States District Court for the Middle

District of Alabama, Northern Division. The Notice of Removal indicated the appearance of Terry L. Butts and, separately, Michael E. Jones of the law firm of Jones & Coots, LLC, as "Attorneys for Defendants Lehman Brothers Holdings, Inc., d/b/a Lehman Capital, Midland Loan Services, Inc., Peter R. Kern, and Oak Asset Management, LLC" and David B. Anderson, Ryan K. Cochran, and Deanna L. Weidner as "Attorneys for Capital Seven, LLC, Jolly Roger I, Inc., n/k/a Jolly Roger, LLC; Peter Fahey, and Larry Carlson." While the Notice of Removal bears the signature of Michael E. Jones, none of the other counsel executed the Notice of Removal. In fact, without dispute, both the signature of Terry L. Butts, as co-counsel for the Lehman Brothers defendants and David B. Anderson, as counsel for the Jolly Roger defendants belong to some unknown third party. For the Court's convenience, attached to this Memorandum as Exhibit "A" is the Notice of Removal filed on July 21, 2006.

3. On August 8, 2006, a "Notice of Correction" was filed by Debra P. Hackett, Clerk of the United States District Court, Middle District of Alabama, which stated that "Notice of Correction is being filed this date to advise that the referenced pleading was filed on 7-21-2006 **with improper signatures as one person is not allowed to sign another's name**." (emphasis added) A copy of the Notice of Correction is attached to this Memorandum as Exhibit "B."

4. The Notice of Correction referenced a revised Notice of Removal filed on August 8, 2006, for the purpose of correcting the procedural flaw referenced hereinabove as the Notice of Removal filed on August 8, 2006, bears what purports to be the signatures of Terry L. Butts, as co-counsel for the Lehman Brothers defendants and David B. Anders, as counsel for the Jolly

Roger defendants.[1] The revised and "corrected" Notice of Removal (attached hereto as Exhibit "C") filed on August 8, 2006, was filed approximately forty-seven (47) days after service of the Complaint upon the first served defendants, Lehman Brothers and Midland on June 22, 2006.

## LEGAL ARGUMENT

5. The proper procedure for the removal of a case from state to federal court is set forth in 28 U.S.C. § 1446. For a civil action to be properly removed, the defendant, or defendants, must file a Notice of Removal, along with the entirety of the state court file, including all process, pleadings, orders and other documents therein that have been served upon the defendant or defendants to the appropriate United States District Court. *See* 28 U.S.C. § 1446(a). The Notice of Removal must be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. Finally, the removal of a state court case to federal court is governed by strict time constraints. Specifically, 28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action or proceeding **shall be filed with thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,** or within thirty days after service of the summons upon the defendant if such initial pleading has been filed in court, and is not required to be served on the defendant whichever period is shorter.

(emphasis added)

6. Pursuant to 28 U.S.C. § 1447(c), a party in opposition to the removal may request the court to remand such a case if the removal is procedurally flawed, as set forth in part below:

> A motion to remand the case on the basis of any defect on the lack

---

[1] Notably, while the "corrected" Notice of Removal was not filed with the Court until August 8, 2006, the Certificate of Service bears a July 21, 2006 date.

>of subject matter jurisdiction must be made within thirty days after the filing of notice of removal under section 1446(a) . . .

28 U.S.C. § 1447(c).

7. It is without dispute that the Notice of Removal filed on July 21, 2006, is procedurally defective. On its face, the Notice of Removal does not bear the signature of all of the removing parties or their respective counsel, but instead bears the signature of some unknown third party for at least two of the counsel. Certainly, the Defendants recognize that the Notice of Removal filed on July 21, 2006, is defective; otherwise, there would be no good reason for the filing of the "corrected" Notice of Removal on August 8, 2006. Apparently, the Defendants' intent was to attempt to "cure" the defective Notice of Removal some forty-seven (47) days after the service of the Summons and Complaint filed in state court upon Lehman Brothers and Midland by filing the second Notice of Removal. However, both the clear language of the removal statutes and the applicable case law hold that the Notice of Removal filed on August 8, 2006, does not remedy the procedural flaws in the Notice of Removal filed on July 21, 2006. As such, this case is due to be remanded back to the Circuit Court of Pike County, Alabama.

8. The facts before the Court indicate that while one of the separate counsel for the Lehman Brothers defendants did sign the Notice of Removal filed on July 21, 2006, counsel for the Jolly Roger defendants did not. Though it is not always necessary for all defendants to sign a notice of removal of a state court action to federal court, each defendant who has been served must at least communicate its consent to the federal court no later than thirty (30) days from the date on which the first defendant was served. 28 U.S.C. § 1446(b). As evidenced by the "corrected" Notice of Removal filed on August 8, 2006, the Jolly Roger defendants did not

timely do so.

      9.     Although not expressly set forth in the removal statute, it is well established that, in cases involving multiple defendants, each must join in the petition for removal. *Chicago R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 20 S. Ct. 854, 44 L.Ed. 1055 (1900). This general rule is referred to the "rule of unanimity." *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342 (M.D. Ala. 2000). As such, a notice of removal must do more than merely assert that all defendants consent to removal. There must be some "timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and who have authority to do so, that is actually consented to such action." *Newman, supra,* at 1346 quoting *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). While the thirty day time limitation is not jurisdictional and may be waived by the plaintiff, the time limitation is mandatory and "must be strictly construed." *Newman, supra*, at 1345. It has further been held that it is improper to allow one party, through counsel, to attempt to represent the position of other parties without their written consent, and not only in the attempted removal of cases, but generally in all litigation. *Newman, supra*, at 1346. *See also, Production Stamping Corp. v. Marilyn Cas. Co.*, 829 F. Supp. 1074, 1076-77 (E.D. Wis. 1993).

      10.    A court considering a removal must strictly construe the requirements of the removal statute, and failure to comply with the requirements of the removal statute are grounds to support a Motion to Remand. *Newman, supra* at 1345. The remand of a case to the original state court is required, when that defendant untimely files its notice of removal. *Id.* When a plaintiff suggests that the notice of removal is defective, the removing defendants bear the burden

of proving that the removal was properly effectuated. *Id*. In the Eleventh Circuit, the remand of removed cases in instances where federal jurisdiction is not absolutely clear is the proper route. *Id*. It is generally recognized that the removal statutes do not afford a district court discretion to overlook or excuse irregularities within the procedures described in the statutes and that defects within the removal procedure are proper grounds for remand. *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1215 (3rd Cir. 1991). When there is doubt as to the propriety of removal and the removal procedure is challenged as defective, all doubts should be construed against removal and in favor of remand. *Id*. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S. Ct. 959, 112 L.Ed. 2d 1046 (1991); *Samuel v. Langham*, 780 F. Supp. 424 (N.D. Tex. 1992).

      11.    Rule 11 of the Federal Rules of Civil Procedure requires that each pleading, motion or other document submitted to a court be signed by a party or its attorney of record, if represented. As Rule 11 does not authorize a party to make representations or file pleadings on behalf of another party, each defendant or its official representative is required to timely indicate its joinder in or consent to the removal of an action from state court to federal court. 28 U.S.C. § 1446(b); F.R.C.P. 11; *see Spillers v. Tilman*, 959 F. Supp. 364 (S.D. Miss. 1997); *Stonewall Jackson Memorial Hospital v. American United Life Insurance Company*, 963 F. Supp. 553 (M.D. W. Va. 1997); *see also, Getty Oil Corporation, supra,* 841 F.2d 1254 (5th Cir. 1998). While a defendant is free to amend its notice of removal within the thirty (30) day period set forth in 28 U.S.C. § 1446(b), once the thirty (30) day period has ended, a subsequent amendment is not sufficient to cure the defect in the removal proceedings. 28 U.S.C. § 1446(b); *see also, Newman*, *supra*, at 1346; *Stonewall Jackson Memorial Hospital, supra,* at 558-559; see *also,*

*generally, Kisor v. Collins*, 338 F. Supp. 2d 1279 (N.D. Ala. 2004).

12. This case is on all fours with the facts and rulings set forth in *Newman, supra*, a case authored by this Honorable Court. In *Newman*, under similar facts, this Court ruled that a notice of removal that asserts that all defendants join in removal is insufficient, in that each removing defendant must timely file an independent statement of consent with the court within the time constraints of the federal removal statutes. *Id*. at 1346. This Court further ruled that neither a late filed consent nor some assertion by counsel that a statement within the notice of removal was authorized can cure the defective notice of removal. *Id.* Finally, this Court stated that while a notice of removal pursuant to 28 U.S.C. § 1446(b) may be amended by the defendant prior to the expiration of the thirty (30) day removal period, procedural flaws thereafter cannot be corrected. *Id.* at 1347. *See also, Kisor, supra*, at 1281 ("This court, sitting as a court of limited jurisdiction, cannot ignore a manifest procedural defect that a plaintiff has expressly complained about just because the defect was inadvertent or because the removing defendant tenders a belated correction.").

## CONCLUSION

Based on the foregoing, the rule of law is specific that the notice of removal filed on July 21, 2006, is procedurally flawed and the filing of the "corrected" Notice of Removal on August 8, 2006, is of no moment. Based on the statutory and case law cited hereinabove, the Plaintiff requests the Court to remand this case back to the Circuit Court of Pike County, Alabama. The Plaintiff requests such other and more equitable relief as the Court deems proper.

          /s/Lee R. Benton
          Lee R. Benton
          ASB: 8421-E63L

          /s/C. Steven Ball
          C. Steven Ball
          ASB: 5126-A64C

**OF COUNSEL**:
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
Phone: (205) 278-8000
Facsimile: (205) 278-8008

### CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing pleading by electronic transmission or by first class mail to the following on this the 11th day of August, 2006:

David B. Anderson
Waller Lansden Dortch & Davis, L.L.P.
1901 6th Ave N. Ste. 1400
Birmingham, AL 35203

Terry L. Butts
P.O. Box 272
Luverne, AL 36049

Michael E. Jones
Jones & Coots, LLC
P.O. Box 367
Luverne, Alabama 36049

Steven G. Brody
King & Spalding, LLP
1185 Avenue of the Americas
New York, NY 10036

          /s/C. Steven Ball
          Of Counsel

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA** RECEIVED
**NOTHERN DIVISION**

| | | |
|---|---|---|
| BEN F. BEARD, | * | 2006 JUL 21  P 4: 39 |
| | * | |
| Plaintiff, | * | DEBRA P. HACKETT, CLK |
| | * | U.S. DISTRICT COURT |
| vs. | * | MIDDLE DISTRICT ALA |
| | * | Civil Action No: 2-06 CV 653 - WHA |
| LEHMAN BROTHERS HOLDINGS, INC., | * | |
| d/b/a LEHMAN CAPITAL, PETER R. KERN, | * | |
| OAK ASSET MANAGEMENT, LLC, | * | |
| MIDLAND LOAN SERVICES, INC., | * | |
| JOLLY ROGER, LLC, JOLLY ROGER 1, INC., | * | |
| CAPITAL SEVEN RECOVERY LLC, | * | |
| PETER FAHEY, LARRY W. CARLSON, | * | |
| Defendants. | * | |

**NOTICE OF REMOVAL**

1.   PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Lehman Brothers Holdings Inc. ("Lehman"), Midland Loan Services, Inc. ("Midland"), Peter R. Kern ("Kern"), Oak Asset Management, LLC ("Oak Asset"), Jolly Roger I, Inc. n/k/a Jolly Roger LLC ("Jolly Roger"), Capital Seven Recovery LLC ("Capital Seven"), Peter Fahey ("Fahey"), and Larry W. Carlson ("Carlson") (collectively, the "Defendants") remove this case to this Court. By removing this case, Defendants do not waive any of their defenses, including, but not limited to, the defenses of lack of service, lack of jurisdiction, and improper service of process.

2.   This case was commenced by the filing of a complaint in the Circuit Court of Pike County, Alabama, on or about June 21, 2006, entitled <u>Beard v. Lehman Brothers Holdings Inc., d/b/a Lehman Capital, et al.</u> All defendants consent to removal and join in the removal of the case to this Court.

3.   Lehman was served with the summons and complaint on June 22, 2006.

4417.2


EXHIBIT A

4. Midland was served with the summons and complaint on June 22, 2006.

5. Kern has not been served, but consents to removal and joins in the removal of the case to this Court.

6. Oak Asset was served with the summons and complaint on July 15, 2006.

7. Jolly Roger was served with the summons and complaint on June 26, 2006.

8. Capital Seven was served with the summons and complaint on June 26, 2006.

9. Fahey was served with the summons and complaint on June 28, 2006.

10. Carlson not been served, but consents to removal and joins in the removal of the case to this Court.

## THIS COURT HAS DIVERSITY JURISDICTION

11. Removal of this action is proper under 28 U.S.C. § 1441 (a) because this Court has original jurisdiction over the dispute.

12. Lehman is a Delaware company with its principal place of business in New York.

13. Midland is a Delaware company with its principal place of business in Kansas.

14. Kern is an individual who is over the age of 19 years and is a citizen of New York and is not a citizen of Alabama.

15. Oak Asset is a limited liability company whose members are citizens of the following states and are not citizens of Alabama:

   a. New Jersey.

16. Fahey is an individual who is over the age of 19 years and a citizen of New York.

17. Carlson is an individual who is over the age of 19 years and a citizen of North Carolina.

4. Midland was served with the summons and complaint on June 22, 2006.

5. Kern has not been served, but consents to removal and joins in the removal of the case to this Court.

6. Oak Asset was served with the summons and complaint on July 15, 2006.

7. Jolly Roger was served with the summons and complaint on June 26, 2006.

8. Capital Seven was served with the summons and complaint on June 26, 2006.

9. Fahey was served with the summons and complaint on June 28, 2006.

10. Carlson not been served, but consents to removal and joins in the removal of the case to this Court.

## THIS COURT HAS DIVERSITY JURISDICTION

11. Removal of this action is proper under 28 U.S.C. § 1441 (a) because this Court has original jurisdiction over the dispute.

12. Lehman is a Delaware company with its principal place of business in New York.

13. Midland is a Delaware company with its principal place of business in Kansas.

14. Kern is an individual who is over the age of 19 years and is a citizen of New York and is not a citizen of Alabama.

15. Oak Asset is a limited liability company whose members are citizens of the following states and are not citizens of Alabama:

   a. Wyoming.

16. Fahey is an individual who is over the age of 19 years and a citizen of New York.

17. Carlson is an individual who is over the age of 19 years and a citizen of North Carolina.

18. Capital Seven is a limited liability company whose sole member is a citizen of the state of Delaware and is not a citizen of Alabama. The members of the sole member are citizens of the states of Delaware, New York and North Carolina.

19. Jolly Roger is not a citizen of Alabama. Jolly Roger I, Inc. n/k/a Jolly Roger, LLC is a limited company whose sole member is a citizen of the states of Delaware and NewYork and is not a citizen of Alabama. The members of the sole member are citizens of the states of Delaware, New York and North Carolina.

20. Upon information and belief, and as alleged in paragraph 1 of the Complaint, Plaintiff, who is an individual over the age of 19 years, is an individual who is a citizen of the state of Alabama.

21. All of the Defendants and their members are citizens of states diverse to that of the Plaintiff.

22. Based upon the allegations in the complaint and Plaintiff's additional demands for punitive damages, and damages for mental anguish, it is clear that the amount in controversy in this action exceeds $75,000 exclusive of interests and costs. Plaintiff has asserted claims against Defendants seeking compensatory and punitive damages. Although the Complaint does not specify a monetary demand, Plaintiff seeks unlimited punitive damages. See e.g., Tapscott v. M.S. Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987); Swafford v. Transit Cas. Co., 486 F. Supp. 175, 177 (N.D. Ga. 1980).

23. Therefore, this Court properly has original jurisdiction over this case as set forth in 28 U.S.C. § 1332 (diversity jurisdiction).

## REMOVAL OF THIS ACTION IS PROPER

24. The Notice of Removal is being filed within thirty (30) days after receipt by Defendants of the initial pleading setting forth the claim for relief upon which the action is based and is timely pursuant to 28 U.S.C. § 1446(b).

25. Accordingly, because all the prerequisites for diversity jurisdiction pursuant to 28 U.S.C. § 1332 are present in the action, removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

26. Promptly after the filing of this Notice of Removal in this Court, Defendants will give written notice of this Notice of Removal to all adverse parties by serving a copy of the same upon the party or attorney of record and will file a copy of this Notice of Removal with the Clerk of the Circuit Court for Pike County, Alabama, thereby effecting removal of the Action pursuant to 28 U.S.C § 1446(d).

27. Copies of all pleadings, process, and other papers filed in the state court action as of the date of this motion are attached hereto as Exhibit 1.

28. Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1441(a) because this judicial district embraces the place where the action was pending.

WHEREFORE, the Defendants pray the above-referenced case now pending in the Circuit Court of Pike County, Alabama be removed to the United States District Court for the Middle District of Alabama, Northern Division.

/s/ Terry L. Butts     By: A
Terry L. Butts (BUT009)
P. O. Drawer 272
Luverne, Alabama 36049
(334) 335-2262

                                              Michael E. Jones (JON039)
                                              Jones & Coots, LLC
                                              P. O. Box 367
                                              Luverne, Alabama 36049
                                              (334) 335-6534

Attorneys for Defendants
Lehman Brothers Holdings Inc.
d/b/a Lehman Capital, Midland Loan
Services, Inc., Peter R. Kern and
Oak Asset Management, LLC

                                     David B. Anderson (AND006)   By: /s/
                                     Ryan K. Cochran (COC020)
                                     Deanna L. Weidner (WEI038)

Attorneys for Capital Seven Recovery LLC, Jolly
Roger I, Inc. n/k/a Jolly Roger LLC; Peter Fahey,
and Larry Carlson

OF COUNSEL:
WALLER, LANSDEN, DORTCH & DAVIS, LLP
1901 6th Avenue North, Suite 1400
Birmingham, AL 35203
Phone: 205-214-6380
Fax: 205-214-8787

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by placing a copy of the same properly addressed, postage prepaid in the United States Mail, first class delivery:

        Lee R. Benton, Esq.
        C. Steven Ball, Esq.
        Benton & Centeno, LLP
        2019 Third Avenue North
        Birmingham, Alabama 35203

This the 21st day of July, 2006

                                                          Of Counsel

## UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

August 8, 2006

## NOTICE OF CORRECTION

From:   Clerk's Office

Case Style: Ben F. Beard  v. Lehman Brothers Holdings, Inc. , et al.
Case Number: 2:06-cv-653-WHA

Pleading : #1 - Notice of Removal

**Notice of Correction is being filed this date to advise that the referenced pleading was filed on 7/21/2006 with improper signatures as one person is not allowed to sign another's name.**

**The corrected pdf document containing the original signatures of all counsel is attached to this notice.**



IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

| | |
|---|---|
| BEN F. BEARD, | * |
| Plaintiff, | * |
| vs. | * |
| | * Civil Action No: 2:06-cv-653-A |
| LEHMAN BROTHERS HOLDINGS, INC., | * |
| d/b/a LEHMAN CAPITAL, PETER R. KERN, | * |
| OAK ASSET MANAGEMENT, LLC, | * |
| MIDLAND LOAN SERVICES, INC., | * |
| JOLLY ROGER, LLC, JOLLY ROGER 1, INC., | * |
| CAPITAL SEVEN RECOVERY LLC, | * |
| PETER FAHEY, LARRY W. CARLSON, | * |
| Defendants. | * |

**NOTICE OF REMOVAL**

1. PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Lehman Brothers Holdings Inc. ("Lehman"), Midland Loan Services, Inc. ("Midland"), Peter R. Kern ("Kern"), Oak Asset Management, LLC ("Oak Asset"), Jolly Roger I, Inc. n/k/a Jolly Roger LLC ("Jolly Roger"), Capital Seven Recovery LLC ("Capital Seven"), Peter Fahey ("Fahey"), and Larry W. Carlson ("Carlson") (collectively, the "Defendants") remove this case to this Court. By removing this case, Defendants do not waive any of their defenses, including, but not limited to, the defenses of lack of service, lack of jurisdiction, and improper service of process.

2. This case was commenced by the filing of a complaint in the Circuit Court of Pike County, Alabama, on or about June 21, 2006, entitled <u>Beard v. Lehman Brothers Holdings Inc., d/b/a Lehman Capital, et al.</u> All defendants consent to removal and join in the removal of the case to this Court.

3. Lehman was served with the summons and complaint on June 22, 2006.

4417.2



4. Midland was served with the summons and complaint on June 22, 2006.

5. Kern has not been served, but consents to removal and joins in the removal of the case to this Court.

6. Oak Asset was served with the summons and complaint on July 15, 2006.

7. Jolly Roger was served with the summons and complaint on June 26, 2006.

8. Capital Seven was served with the summons and complaint on June 26, 2006.

9. Fahey was served with the summons and complaint on June 28, 2006.

10. Carlson not been served, but consents to removal and joins in the removal of the case to this Court.

## THIS COURT HAS DIVERSITY JURISDICTION

11. Removal of this action is proper under 28 U.S.C. § 1441 (a) because this Court has original jurisdiction over the dispute.

12. Lehman is a Delaware company with its principal place of business in New York.

13. Midland is a Delaware company with its principal place of business in Kansas.

14. Kern is an individual who is over the age of 19 years and is a citizen of New York and is not a citizen of Alabama.

15. Oak Asset is a limited liability company whose members are citizens of the following states and are not citizens of Alabama:

   a. New Jersey.

16. Fahey is an individual who is over the age of 19 years and a citizen of New York.

17. Carlson is an individual who is over the age of 19 years and a citizen of North Carolina.

18.     Capital Seven is a limited liability company whose sole member is a citizen of the state of Delaware and is not a citizen of Alabama. The members of the sole member are citizens of the states of Delaware, New York and North Carolina.

19.     Jolly Roger is not a citizen of Alabama. Jolly Roger I, Inc. n/k/a Jolly Roger, LLC is a limited company whose sole member is a citizen of the states of Delaware and NewYork and is not a citizen of Alabama. The members of the sole member are citizens of the states of Delaware, New York and North Carolina.

20.     Upon information and belief, and as alleged in paragraph 1 of the Complaint, Plaintiff, who is an individual over the age of 19 years, is an individual who is a citizen of the state of Alabama.

21.     All of the Defendants and their members are citizens of states diverse to that of the Plaintiff.

22.     Based upon the allegations in the complaint and Plaintiff's additional demands for punitive damages, and damages for mental anguish, it is clear that the amount in controversy in this action exceeds $75,000 exclusive of interests and costs. Plaintiff has asserted claims against Defendants seeking compensatory and punitive damages. Although the Complaint does not specify a monetary demand, Plaintiff seeks unlimited punitive damages. See e.g., Tapscott v. M.S. Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987); Swafford v. Transit Cas. Co., 486 F. Supp. 175, 177 (N.D. Ga. 1980).

23.     Therefore, this Court properly has original jurisdiction over this case as set forth in 28 U.S.C. § 1332 (diversity jurisdiction).

## REMOVAL OF THIS ACTION IS PROPER

24.     The Notice of Removal is being filed within thirty (30) days after receipt by Defendants of the initial pleading setting forth the claim for relief upon which the action is based and is timely pursuant to 28 U.S.C. § 1446(b).

25.     Accordingly, because all the prerequisites for diversity jurisdiction pursuant to 28 U.S.C. § 1332 are present in the action, removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

26.     Promptly after the filing of this Notice of Removal in this Court, Defendants will give written notice of this Notice of Removal to all adverse parties by serving a copy of the same upon the party or attorney of record and will file a copy of this Notice of Removal with the Clerk of the Circuit Court for Pike County, Alabama, thereby effecting removal of the Action pursuant to 28 U.S.C § 1446(d).

27.     Copies of all pleadings, process, and other papers filed in the state court action as of the date of this motion are attached hereto as Exhibit 1.

28.     Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1441(a) because this judicial district embraces the place where the action was pending.

WHEREFORE, the Defendants pray the above-referenced case now pending in the Circuit Court of Pike County, Alabama be removed to the United States District Court for the Middle District of Alabama, Northern Division.

```
                                        _____
                                        Terry L. Butts (BUT009)
                                        P. O. Drawer 272
                                        Luverne, Alabama 36049
                                        (334) 335-2262
```

_____
Michael E. Jones (JON039)
Jones & Coots, LLC
P.O. Box 367
Luverne, Alabama 36049
(334) 335-6534

Attorneys for Defendants
Lehman Brothers Holdings Inc.
d/b/a Lehman Capital, Midland Loan
Services, Inc., Peter R. Kern and
Oak Asset Management, LLC

_____
David B. Anderson (AND006)
Ryan K. Cochran (COC020)
Deanna L. Weidner (WEI038)

Attorneys for Capital Seven Recovery LLC, Jolly Roger I, Inc. n/k/a Jolly Roger LLC; Peter Fahey, and Larry Carlson

OF COUNSEL:
WALLER, LANSDEN, DORTCH & DAVIS, LLP
1901 6th Avenue North, Suite 1400
Birmingham, AL  35203
Phone:  205-214-6380
Fax:  205-214-8787

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by placing a copy of the same properly addressed, postage prepaid in the United States Mail, first class delivery:

Lee R. Benton, Esq.
C. Steven Ball, Esq.
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203

This the 21st day of July, 2006

_____
Of Counsel

4417.2                                                              5