IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------*
BEN F. BEARD,                                        *
                                                     *
            Plaintiff,                               *
                                                     *
      vs.                                            *
                                                     *   Civil Action No:
LEHMAN BROTHERS HOLDINGS INC.,                       *   2:06-CV-653-WHA
d/b/a LEHMAN CAPITAL, PETER R. KERN,                 *
OAK ASSET MANAGEMENT, LLC,                           *
MIDLAND LOAN SERVICES, INC.,                         *
JOLLY ROGER, LLC, JOLLY ROGER I, INC.,               *
CAPITAL SEVEN RECOVERY, LLC,                         *
PETER FAHEY, and LARRY W. CARLSON,                   *
                                                     *
            Defendants.                              *
-----------------------------------------------------*
```

**MEMORANDUM OF DEFENDANTS LEHMAN BROTHERS HOLDINGS INC. d/b/a
LEHMAN CAPITAL, PETER R. KERN, OAK ASSET MANAGEMENT, LLC,
AND MIDLAND LOAN SERVICES, INC. IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

Pursuant to this Court's Order, dated August 15, 2006, defendants Lehman Brothers Holdings Inc. d/b/a Lehman Capital ("Lehman"), Peter R. Kern, Oak Asset Management, LLC, and Midland Loan Services, Inc. (the "Lehman Defendants") respectfully submit this Memorandum in Opposition to Plaintiff Ben F. Beard's Motion to Remand the above-captioned action (the "Action") to the State Court of Alabama. For the reasons set forth more fully below, Plaintiff's Motion to Remand this Action should be denied.

### FACTS

This Action was commenced by the filing of a Complaint in the Circuit Court of Pike County, Alabama, on or about June 14, 2006. On June 22, 2006, both Lehman and Midland Loan Services, Inc. were served with the Complaint.

On July 21, 2006 – well within the 30-day statutory deadline – all Defendants in the Action jointly removed the Action to this Court under 28 U.S.C. § 1446 on the ground that Defendants and their members are citizens of states diverse to that of Plaintiff. *See* Notice of Removal ("Notice"), attached to Affidavit of Michael E. Jones, dated August 24, 2006 ("Jones Aff."), as Exhibit B. The Notice, as filed, contained the original signatures of counsel for the Lehman Defendants, and the original signature of an individual authorized to sign on behalf of counsel for defendants Jolly Roger, LLC, Jolly Roger I, Inc., Capital Seven Recovery, LLC, Peter Fahey and Larry W. Carlson (the "Jolly Roger Defendants" and collectively with the Lehman Defendants, "Defendants"). Defendants filed a revised Notice of Removal on August 8, 2006 to submit to the Court the original signatures of counsel for the Jolly Roger Defendants. *See* Revised Notice of Removal and Notice of Correction ("Revised Notice"), attached to Jones Aff. as Exhibit D.

On August 11, 2006, Plaintiff filed a motion to remand this action to the Circuit Court of Pike County on the ground that the removal was procedurally defective because the Notice of Removal lacked authorized signatures for the Jolly Roger Defendants.

The fact is, however, that the Jolly Roger Defendants explicitly consented to and joined in the removal of this Action and explicitly authorized counsel for the Lehman Defendants to sign the Notice of Removal on their behalf. *See* Jones Aff. ¶¶ 5, 6; Affidavit of David Anderson, dated August 24, 2006 ("Anderson Aff.") ¶¶ 3, 4; Affidavit of Deanna L. Weidner, dated August 24, 2006 ("Weidner Aff.") ¶¶ 7, 8. Prior to the Notice of Removal being filed, counsel for the Jolly Roger Defendants sent an email to counsel for the Lehman Defendants transmitting their signature pages for the removal pleadings and stating, "I have also attached signed signature pages for both documents that you are filing and *grant you permission to sign*

2

*my name to both documents.*" Jones Aff. ¶ 6 and Exhibit A; Weidner Aff. ¶ 8 and Exhibit A (emphasis supplied). Following receipt of this email and attached signature pages, counsel for the Lehman Defendants filed the Notice of Removal on behalf of all Defendants. Jones Aff. ¶ 7.

## LEGAL ANALYSIS

There is no dispute that the Notice of Removal was filed within 30 days of the first defendant being served with the complaint and there is no dispute that diversity jurisdiction exists. Rather, Plaintiff argues that the Notice of Removal was procedurally defective because Defendants failed to meet the "rule of unanimity," which requires that in cases involving multiple defendants, each defendant must join in the petition for removal. Contrary to Plaintiff's argument, the indisputable fact is that each Defendant joined in and consented to the removal. Further, Plaintiff has already availed himself of this Court's jurisdiction and has waived any right to remand.

**I.    EACH DEFENDANT CONSENTED TO AND
       JOINED IN THE NOTICE OF REMOVAL**

In his motion, Plaintiff contends that the Jolly Roger Defendants failed to join in the petition for removal and failed to give their consent to the removal. *See* Plaintiff's Memorandum of Law in Support of Motion to Remand ("Pl. Memo") ¶ 8. The only support for Plaintiff's motion is his argument that the Notice of Removal needed to contain the original signatures of all of the defense attorneys, and the fact that one defense attorney gave authorization for another to sign the Notice rendered the Notice ineffective. The argument fails for several reasons.

**A.    All Defendants Timely Consented To The Removal.**

Plaintiff erroneously assumes that a Notice of Removal cannot be effective when an attorney expressly authorizes another to sign on his behalf. "To require all defendants physically to sign the removal notice, however, would be a 'senseless formalism.'" *Dixon v. Borgwarner*

3

*Diversified Transmission Prods., Inc.*, No. 1:03-CV-00945, 2004 WL 801270, at *5 (S.D. Ind. Mar. 29, 2004). The proper analysis on a Motion to Remand is not whether all defendants physically signed the Notice of Removal, but whether each of the defendants consented to or joined in the removal. *See, e.g., Engle v. R. J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1360 (S.D. Fl. 2000) ("Although the formulations vary, it is apparent from the case law that as long as the record reflects that all the defendants have taken binding action manifesting their consent, courts have found present the requisite joinder and consent.").

The case law is clear that a plaintiff cannot successfully seek remand based solely on the argument that the removing party's counsel must physically sign the notice of removal. Rather, courts routinely have found consent present where defendants did not personally sign the notice of removal, as long as counsel for co-defendants had been authorized to sign the notice on their behalf. *See Dixon,* 2004 WL 801270, at *6 (denying a motion to remand where counsel had been given authority to represent in the removal notice that co-defendants consented to the removal and affidavit submitted on motion confirmed that authorization); *Engle*, 122 F. Supp. 2d at 1360 (finding that unanimous consent was present where counsel for one defendant signed the notice of removal on behalf of co-defendants); *Meyer v. ERJ, Inc.*, No. 96 C 143, 1996 WL 115164 (N.D. Ill. Mar. 14, 1996) (holding that a notice of removal was proper where the removing defendants alleged the consent of other defendants in the notice, and the other defendants manifested their consent through subsequent filings).

This case presents even stronger facts for denying the motion to remand. Not only did each Defendant consent to remove the Action to the Middle District of Alabama, but each Defendant expressly joined in the Notice of Removal. First, the Notice explicitly identifies all Defendants as joining in the Notice and states: "All defendants consent to removal and join in the

4

removal of the case to this Court." *See* Jones Aff., Exhibit B, ¶¶ 1, 2. Second, the Notice contains separate signature blocks for counsel representing the Lehman Defendants and for counsel representing the Jolly Roger Defendants. Jones Aff., Exhibit B, p. 5. Third, counsel for the Jolly Roger Defendants orally authorized counsel for the Lehman Defendants to sign and file the Notice of Removal on their behalf. Jones Aff. ¶ 6; Anderson Aff. ¶ 3; Weidner Aff. ¶ 6.

Fourth, authorization was provided in writing. Counsel for the Jolly Roger Defendants sent copies of their signature pages to counsel for the Lehman Defendants for the express purpose of authorizing the signing of the Notice on their behalf. Jones Aff., Exhibit A; Weidner Aff. ¶ 8. In an email, counsel for the Jolly Roger Defendants expressly stated:

> Attached are the edited Notice of Removal and the edited Notice of Filing of Removal. I have also attached a federal cover sheet. This email is to confirm that today you will file the Notice of Removal, along with the state court record in Montgomery and the Notice of Filing of Removal, with the Notice of Removal and exhibit 1 attached in Pike County. We will file our answer electronically in the District Court.
>
> *I have also attached signed signature pages for both documents that you are filing and grant you permission to sign my name to both documents.*
>
> …
>
> As soon as the Notice of Removal is filed, please have the runner call my assistant, Suzanne Wallace, with the case number so that we can file the answer.

Jones Aff., Exhibit A; Weidner Aff., Exhibit A (emphasis supplied). Finally, within hours of the Notice of Removal being filed, the Jolly Roger Defendants filed a Response and Answer to Plaintiff's Complaint in this Court, thereby demonstrating again their consent to the removal. *See* Response and Answer, attached to Jones Aff. as Exhibit C; *see also* Weidner Aff. ¶ 3. For

all these reasons, it is indisputable that the Notice of Removal contains an authorized signature for the Jolly Roger Defendants and that consent to removal was unanimous.[1]

Plaintiff incorrectly relies upon this Court's decision in *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1346 (M.D. Ala. 2000). Pl. Memo ¶ 12. To the extent that *Newman* is relevant at all, it requires denial of the remand motion. As stated in *Newman*, the rule is that "[t]here must be some 'timely filed written indication from each served defendant, *or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so*, that it has actually consented to such action.'" 109 F. Supp. 2d at 1346 (emphasis supplied; citation omitted). For the reasons stated above, there can be no doubt that counsel for the Lehman Defendants acted on behalf of counsel for the Jolly Roger Defendants and had the authority to do so. As such, Plaintiff's remand motion should be denied.

The result in *Newman* was different but only because the facts are completely distinguishable. There, the only timely indication that the other defendants consented to removal was the removing party's own statement. *Newman*, 109 F. Supp. 2d at 1345. Here, among other things, the Notice of Removal contains a separate signed signature block for counsel for the Jolly Roger Defendants, and the signatures appearing there indisputably were authorized.

On August 21, 2006, Plaintiff sent a letter to this Court attaching two decisions that are purportedly relevant to the motion to remand. However, both *Whetstone v. Fred's Stores of Tennessee, Inc.*, No. 1:05-CV-1171, 2006 WL 559596 (M.D. Ala. Mar. 7. 2006), and *Lampkin v. Media General, Inc.*, 302 F. Supp. 2d 1293 (M.D. Ala. 2004), are factually distinct from the instant case because neither involved the numerous indicia of consent and joinder present here. In *Whetstone*, the only evidence that the petition of removal was filed with the consent of all

---

[1] Plaintiff also states that co-counsel for the Lehman Defendants, Terry L. Butts, did not physically sign the Notice of Removal. Plaintiff's statement is of no significance, however, as Plaintiff also admits that counsel for the Lehman Defendants, Michael E. Jones, did personally sign the Notice.

defendants was references to the plural "defendants." *Whetstone*, 2006 WL 559596, at *2. Indeed, the *Whetstone* court distinguished those facts from a notice explicitly stating that all defendants consented to and joined in the notice of removal, as is the case here. *Id.*; Jones Aff., Exhibit B, ¶ 2 ("All defendants consent to removal and join in the removal of the case to this Court.").

Further, the *Lampkin* decision is inapposite. There, the court addressed whether consent was present where counsel representing both a parent company and its wholly-owned subsidiary failed to include the subsidiary in the notice of removal. *Lampkin*, 302 F. Supp. 2d at 1294. The court's analysis involved determining whether the parent company and its subsidiary were separate legal entities and has no bearing on the issues present in this motion. *See id.* Moreover, the notice of removal in *Lampkin* gave no indication that counsel intended to act on behalf of both defendants, whereas here the Notice unambiguously communicated that the Jolly Roger Defendants were removing the Action. *Id.* at 1295.

B. **The Revised Notice of Removal Contains Signatures Written By Counsel for the Jolly Roger Defendants.**

Plaintiff's motion to remand should be denied not only based upon the authorized signatures that appear in the original Notice of Removal, but also upon subsequent events. For example, the Revised Notice contains the physical signatures of counsel for each Defendant. Further, on this motion, counsel for each Defendant has submitted affidavits confirming that the original Notice was filed with consent, and that it was the Jolly Roger Defendants' intention to join in and be bound by the Notice. *See* Jones Aff. ¶¶ 5, 6; Anderson Aff. ¶¶ 3, 4; Weidner Aff. ¶¶ 7, 8; *see also Mech. Rubber & Supply Co. v. Am. Saw and Mfg. Co.*, 810 F. Supp. 986, 990 (C.D. Ill. 1990) (stating that where not all defendants signed the notice of removal, an affidavit could be obtained to confirm that they joined in the notice); *Sicinski v. Reliance*

*Funding Corp.*, 461 F. Supp. 649, 652 (S.D.N.Y. 1978) (holding that notice of removal signed by only one defendant could be cured by affidavit and noting "[e]ven if the lack of both signatures were conceded to be a defect in the petition, the plaintiff has not been seriously prejudiced thereby.").

II. **PLAINTIFF'S FILING OF SUBSEQUENT PLEADINGS WAIVED THE RIGHT TO SEEK REMAND**

As a separate matter, Plaintiff waived any right to seek remand by affirmatively participating in motion practice in this Court and entering into a stipulation filed in this Court. Plaintiff's only basis for remand is a supposed procedural defect, which may be waived. *Newman*, 109 F. Supp. 2d at 1345; *see also Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988) (finding Plaintiff waived right to seek remand where Plaintiff entered into a stipulation and filed pleadings in federal court); *Intercoastal Ref. Co., Inc. v. Jalil*, 487 F. Supp. 606, 607-08 (S.D. Tx. 1980) (denying motion to remand where Plaintiff availed himself of the court's jurisdiction by agreeing to an order extending time to answer and filing a jury demand).

Here, Plaintiff affirmatively sought the assistance of this Court on several occasions, and thereby waived his right to seek remand. On July 28, 2006, Plaintiff filed his motion to reassign this case to Judge Thompson. Jones Aff., Exhibit E. Further, on August 7, 2006, Plaintiff entered into a Stipulation as to Response to Complaint with the Lehman Defendants, which was also filed with this Court. Jones Aff., Exhibit G.

Plaintiff should not be allowed to avail himself of the benefits of this Court one moment and then seek to escape from it the next. By filing a motion to reassign this Action and by stipulating to the Lehman Defendants' time to respond to the Complaint, Plaintiff conceded the jurisdiction of this Court and waived any objection to removal. *See Harris v. Edward Hyman Co.*, 664 F.2d 943, 945-46 (5th Cir. 1981) (holding that "a party who delays in seeking remand,

or otherwise participates in the proceedings in the district court" may be precluded from objecting to the removal); *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1272 (D. Or. 2001) (holding that Plaintiff waived its right to seek remand by filing a two-page motion, which demonstrated Plaintiff's desire to have the court consider the motion and award her a result).

### III. PLAINTIFF SHOULD NOT BE PERMITTED TO ENGAGE IN FORUM SHOPPING AND JUDGE SHOPPING

Plaintiff's Motion to Remand continues his campaign to select a venue that he believes will favor his case. Prior to seeking remand, Plaintiff filed his motion to transfer or reassign this case to Judge Thompson, who presided over the unrelated case of *Sam J. Carroll, III and GOCO Acquisition Corporation v. German American Capital Corporation and Deutsche Banc Alex. Brown, Inc.*, No.: 1-01-CV-00981 (the "*Carroll* Action"). Jones Aff. ¶ 10. The ostensible (and flawed) basis for that motion is that the *Carroll* Action and the instant action are closely related, even though the *Carroll* Action involved completely different parties, material facts, and legal issues, and was settled several years ago. (The Lehman Defendants were prepared to file a response in opposition to Plaintiff's motion to reassign on August 16, 2006 when Plaintiff sought a stay pending the resolution of his motion to remand.)

Plaintiff's Motion to Remand is his second attempt at forum shopping. Notably, that motion was filed after the Lehman Defendants filed a motion to have this case transferred to the court where it really belongs – the United States District Court for the Southern District of New York. The Lehman Defendants seek to have this case transferred to the Southern District of New York based upon contractual forum selection clauses, each executed by Plaintiff. *See* Motion by Defendants Lehman Brothers Holdings Inc. d/b/a Lehman Capital, Peter R. Kern, Oak Asset

9

Management, LLC, and Midland Loan Services, Inc. to Transfer Venue, dated August 1, 2006, attached to Jones Aff. as Exhibit F.

Plaintiff's effort to remand this Action, like his previous effort to have this Action reassigned, is an attempt to avoid having this matter litigated in the contractually agreed-upon forum. Plaintiff's repeated attempts to avoid his agreement should be rejected.

## CONCLUSION

For the reasons set forth above, the Lehman Defendants respectfully request that the Court deny Plaintiff's Motion to Remand.

Dated: Luverne, Alabama
August 24, 2006

/s/ Terry L. Butts
Terry L. Butts (BUT009)
P. O. Drawer 272
Luverne, Alabama 36049
(334) 335-2262


/s/ Michael E. Jones
Michael E. Jones (JON039)
Jones & Coots, LLC
P. O. Box 367
Luverne, Alabama 36049
(334) 335-6534
Attorneys for Defendants Lehman Brothers Holdings Inc. d/b/a Lehman Capital, Peter R. Kern, Oak Asset Management, LLC, and Midland Loan Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following:

Lee R. Benton, Esq.
C. Steven Ball, Esq.
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203

by placing a copy of the same, in a properly addressed, postage prepaid envelope, in the United States Mail, first class delivery this 24th day of August, 2006.

/s/ Michael E. Jones