IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
-----------------------------------------------------------*
BEN F. BEARD,                                               *
                                                            *
            Plaintiff,                                      *
                                                            *
vs.                                                         *
                                                            *   Civil Action No:
                                                            *     2:06-CV-653-A
LEHMAN BROTHERS HOLDINGS INC.,                              *
d/b/a LEHMAN CAPITAL, PETER R. KERN,                        *
OAK ASSET MANAGEMENT, LLC,                                  *
MIDLAND LOAN SERVICES, INC.,                                *
JOLLY ROGER, LLC, JOLLY ROGER I, INC.,                      *
CAPITAL SEVEN RECOVERY, LLC,                                *
PETER FAHEY, LARRY W. CARLSON,                              *
                                                            *
            Defendants.                                     *
-----------------------------------------------------------*
```

**MOTION BY DEFENDANTS LEHMAN BROTHERS HOLDINGS INC.,
d/b/a LEHMAN CAPITAL, PETER R. KERN, OAK ASSET MANAGEMENT, LLC,
AND MIDLAND LOAN SERVICES, INC., TO TRANSFER VENUE**

The Defendants, Lehman Brothers Holdings Inc., d/b/a Lehman Capital, Peter R. Kern, Oak Asset Management, LLC, and Midland Loan Services, Inc., would move the Court pursuant to 28 U.S.C. § 1404(a), to transfer the venue of this action against Defendants to the United States District Court for the Southern District of New York. In support of their motion and attached hereto are the Affidavit of Michael E. Jones and the Memorandum of Law in support of said Motion.

/s/ Terry L. Butts
Terry L. Butts (BUT009)
P. O. Drawer 272
Luverne, Alabama 36049
(334) 335-2262

1

/s / Michael E. Jones
Michael E. Jones (JON039)
Jones & Coots, LLC
P. O. Box 367
Luverne, Alabama 36049
(334) 335-6534

Attorneys for Defendants
Lehman Brothers Holdings Inc.
d/b/a Lehman Capital, Midland Loan
Services, Inc., Peter R. Kern and
Oak Asset Management, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following:

Lee R. Benton, Esq.
C. Steven Ball, Esq.
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203

by placing a copy of the same properly addressed, postage prepaid in the United States Mail, first class delivery this 1st day of August, 2006.

/s/ Michael E. Jones
Of Counsel

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---

BEN F. BEARD,

       Plaintiff,

vs.

       Civil Action No:
       2:06-CV-653-A

LEHMAN BROTHERS HOLDINGS INC.,
d/b/a LEHMAN CAPITAL, PETER R. KERN,
OAK ASSET MANAGEMENT, LLC,
MIDLAND LOAN SERVICES, INC.,
JOLLY ROGER, LLC, JOLLY ROGER I, INC.,
CAPITAL SEVEN RECOVERY, LLC,
PETER FAHEY, LARRY W. CARLSON,

       Defendants.

---

## AFFIDAVIT OF MICHAEL E. JONES

STATE OF ALABAMA   )
                        ss.:
COUNTY OF CRENSHAW)

       MICHAEL E. JONES, being duly sworn, deposes and says:

       1.     I am an attorney admitted to the Bar of this Court and am a member of Jones & Coots, LLC, attorneys for defendants Lehman Brothers Holdings Inc., d/b/a Lehman Capital, Peter R. Kern, Oak Asset Management, LLC, and Midland Loan Services, Inc. (collectively "Defendants") in the above-captioned action. I am familiar with the matters set forth herein. I submit this affidavit in support of Defendants' Motion to Transfer Venue for the purpose of placing documents before the Court that relate to the Motion. Defendants do not

thereby waive any objection that they may have as to the admissibility of the attached documents.

2.  Attached hereto as Exhibit A is a true and correct copy of the Complaint in the above-captioned action, filed on June 14, 2006.

3.  Attached hereto as Exhibit B is a true and correct copy of the Loan Agreement for loan number 217000029, evidencing obligations between ProMarketing and Lehman. ProMarketing and Lehman entered into four additional Loan Agreements numbered 217000030, 217000031, 217000032, and 217000033. Each of the other four Loan Agreements contains identical forum selection and choice of law clauses.

4.  Attached hereto as Exhibit C is a true and correct copy of the Promissory Note for loan number 217000029, evidencing the promise by ProMarketing to repay $4,519,000 of the total $25,000,000 debt. ProMarketing and Lehman entered into four additional Promissory Notes relating to the Loan Agreements numbered 217000030, 217000031, 217000032, and 217000033. Each of the other four Promissory Notes, evidencing the promise to repay the remaining portion of the $25,000,000 loan, contains identical forum selection and choice of law clauses.

5.  Attached hereto as Exhibit D is a true and correct copy of the Guaranty to loan number 217000029, evidencing the promise by four individuals, including plaintiff Ben F. Beard, personally to repay the loan. Ben F. Beard signed four additional Guaranties relating to the Loan Agreements numbered 217000030, 217000031, 217000032, and 217000033. Each of the Guaranties to the other loans contains identical forum selection and choice of law clauses.

/s/ Michael E. Jones
Michael E. Jones

STATE OF ALABAMA
COUNTY OF CRENSHAW

Before me, the undersigned Notary Public, in and for said State and County, personally appeared **MICHAEL E. JONES**, who first being duly sworn says that the foregoing is true and correct.

SWORN to and subscribed before me this 1st day of August, 2006.

/s/ Leesa Fleming
Notary Public

My Commission Expires: 10-23-09

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| BEN F. BEARD, | \* |
| Plaintiff, | \* |
| vs. | \* |
|  | \* Civil Action No: |
|  | \* 2:06-CV-653-A |
| LEHMAN BROTHERS HOLDINGS INC., | \* |
| d/b/a LEHMAN CAPITAL, PETER R. KERN, | \* |
| OAK ASSET MANAGEMENT, LLC, | \* |
| MIDLAND LOAN SERVICES, INC., | \* |
| JOLLY ROGER, LLC, JOLLY ROGER I, INC., | \* |
| CAPITAL SEVEN RECOVERY, LLC, | \* |
| PETER FAHEY, LARRY W. CARLSON, | \* |
| Defendants. | \* |

**MEMORANDUM OF LAW OF DEFENDANTS
LEHMAN BROTHERS HOLDINGS INC., d/b/a LEHMAN CAPITAL,
PETER R. KERN, OAK ASSET MANAGEMENT, LLC,
AND MIDLAND LOAN SERVICES, INC.,
IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE**

Pursuant to 28 U.S.C. § 1404(a), defendants Lehman Brothers Holdings Inc. ("Lehman"), Midland Loan Services, Inc., Oak Asset Management, LLC, and Peter R. Kern (collectively, "Defendants") respectfully submit this memorandum of law in support of their Motion to Transfer Venue to the United States District Court for the Southern District of New York. Plaintiff Ben F. Beard chose to enter into dozens of loan-related agreements with Lehman, each containing a forum selection clause specifying that any and all disputes "arising out of or related to" those agreements would be resolved under New York law in a New York court. Plaintiff

1

now attempts to circumvent the agreed-upon forum by filing claims relating to the agreements in Alabama. Pursuant to binding Eleventh Circuit law -- which holds that forum selection clauses generally should be enforced (except in "rare" or "exceptional" circumstances not present here) -- Plaintiff should be required to submit to his contractually chosen forum.

## FACTUAL BACKGROUND

This action was commenced by Plaintiff in the Circuit Court of Pike County, Alabama, on June 14, 2006. On July 21, 2006, all named defendants removed the action to this Court on the ground of diversity under 28 U.S.C. § 1332. Solely for purposes of this motion, the allegations contained in the complaint are accepted as true.

Plaintiff is the sole member of ProMarketing, LLC ("ProMarketing"), an Alabama corporation that owns and operates convenience stores. (*See* Affidavit of Michael E. Jones ("Jones Aff."), Ex. A, Compl. ¶¶ 1, 41) Defendant Lehman loaned money to ProMarketing for the financing of those stores. (*Id.* ¶ 13) Subsequently, Lehman entered into negotiations to transfer its rights under the loan documents to non-party American International Group, Inc. ("AIG"). (*Id.* ¶ 19)

At the heart of Plaintiff's case is an allegation that Lehman breached an agreement with ProMarketing that provided that ProMarketing would be "at the table" during Lehman's negotiations with AIG, so that ProMarketing would be able to negotiate with AIG a refinancing of its loan. (*Id.* ¶ 20) All of the controlling documents with respect to the loan were signed by Plaintiff, and all of them contain forum selection clauses designating New York courts as the venue for any related disputes.

There are three categories of loan-related documents. First, the loan was evidenced by five separate Loan and Security Agreements ("Loan Agreements"). Second, as security for the loans, ProMarketing gave Lehman five Promissory Notes promising to repay the loan amounts

2

and mortgages. Third, as additional security for each of the five loans, Plaintiff personally guaranteed the repayment of the loan amounts and executed Guaranty agreements in his individual capacity ("Guaranties").

The Loan Agreements and Promissory Notes (collectively with the Guaranties, the "Agreements") each contain forum selection and choice of law clauses. These clauses specify that as an inducement to Lehman's acceptance of the Loan Agreements and Promissory Notes, the documents would be governed by New York law and "all legal or other proceedings of any kind arising out of or related to" them would be brought in a court located in New York City. *See* Jones Aff., Exs. B and C. Likewise, Plaintiff irrevocably agreed that each of his Guaranties would be governed by New York law and that "all legal and other proceedings of any kind arising out of or related to this Guaranty shall be litigated in courts having situs in the Governing Law State [*i.e.*, New York]"). *See* Jones Aff., Ex. D at p. 9.

Plaintiff is attempting to avoid his promises by attempting to litigate these claims outside the agreed-upon forum. He should be held to the Agreements and this case should be transferred to the Southern District of New York.

## ARGUMENT

Defendants bring this motion pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (2006). Under controlling Eleventh Circuit law, transfer of venue to the Southern District of New York is required in this action because Plaintiff explicitly agreed that disputes arising out of or relating to the Agreements would be brought in New York. The other factors considered on transfer motions also weigh in favor of transfer to New York.

3

I. **PLAINTIFF CANNOT MEET HIS SUBSTANTIAL BURDEN TO SHOW WHY THE COURT SHOULD NOT ENFORCE THE FORUM SELECTION CLAUSES**

Plaintiff has a weighty burden on this motion. As the Eleventh Circuit has stated, "[t]he burden is on the party opposing the enforcement of the forum selection clause [*i.e.*, Plaintiff here] to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citation omitted). Parties such as Plaintiff should not be accorded any deference with respect to their filing forum -- and have the burden of proof -- because "such deference to the filing forum would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Moreover, Plaintiff's burden to overcome the contractually-agreed upon forum is nearly insurmountable. The Eleventh Circuit, relying upon Supreme Court precedent, has stated that "venue mandated by a choice of forum clause rarely will be outweighed by other factors." *Ricoh*, 870 F.2d at 573. Put another way, "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 573 n.6 (brackets in original; quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1998) (Kennedy, J., concurring)); *see E&H Steel Contracting, Inc. v. Turner Const. Co.*, No. 1:05-cv-1135-MEF, 2006 WL 1731153, at *4 (M.D. Ala. June 23, 2006) (transferring case to Southern District of New York); *Skyline Steel Corp. v. RDI/Caesars Riverboat Casino, LLC*, 44 F. Supp. 2d 1337, 1338 (N.D. Ala. 1999) (stating that "the law of the Eleventh Circuit is that forum selection clauses are virtually impossible to overcome by an application of the general principles of forum non conveniens").

There can be no doubt that the forum selection clauses here are valid. Plaintiff has not alleged in his complaint that duress or fraud caused him to agree to those clauses. *See Ricoh*, 870 F.2d at 573-74; *E&H Steel*, 2006 WL 1731153, at *4. Further, Plaintiff is bound by those

4

forum selection clauses with respect to claims that he asserts both individually and as the sole member of ProMarketing LLC (*see, e.g.*, Compl. ¶¶ 46, 62, 66), since he agreed to the forum selection clauses in both capacities.

Also beyond challenge is that this lawsuit falls within the scope of the forum selection clauses. The complaint, by its express terms, centers on Lehman's transfer of its rights concerning the loans. *See, e.g.,* Compl. ¶¶ 20, 23, 31. Thus, Plaintiff's claims do "arise out of or relate to" all three categories of loan-related documents -- the Loan Agreements, Promissory Notes, and Guaranties. Pursuant to Plaintiff's contractual agreements, this case should be transferred to the Southern District of New York.

## II. OTHER FACTORS ALSO REQUIRE TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK

As noted above, the Eleventh Circuit enforces forum selection clauses in all but "rare" or "exceptional" circumstances. *See supra* at 4; *Stewart v. Dean-Michaels Corp.*, 716 F. Supp. 1400, 1403 (N.D. Ala. 1989) (finding "impressive pro-Alabama forum facts," such as the locations of witnesses and the relative financial abilities of the parties, did not negate forum selection clause); *Skyline Steel Corp.*, 44 F. Supp. 2d at 1338 (enforcing forum selection clause notwithstanding "severe inconvenience" to Alabama plaintiff). Nonetheless, even if this Court were to consider § 1404(a) factors other than the forum selection clause, those factors also would require transfer of this case.

Other factors include "the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency." *See Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1357-58 (M.D. Ala. 1998).

5

The most important factor is the convenience of the witnesses. *See Lasalle Bank v. Mobile Hotel Props.*, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003). Here, there can be no doubt that New York would be a more convenient forum for the parties and their witnesses. Most of the defendants are located in and around New York City. Mr. Kern and Mr. Fahey are individuals who reside in the New York area. Lehman has its principal place of business in New York. Oak Asset Management, LLC has its principal place of business in New Jersey. Capital Seven Recovery, LLC and Jolly Roger I, Inc. (n/k/a Jolly Roger LLC) have members (or members of members) who are citizens of New York.

The location of the parties and their witness in the New York area also means that New York will be a relatively easy place to get access to sources of proof and the relevant documents. Another factor in favor of transfer is Plaintiff's contractual agreement that his claims are governed by New York law. *See Insuracorp, Inc. v. Am. Fid. Assurance Co.*, 914 F. Supp. 504, 506 (M.D. Ala. 1996) (stating, as a practical matter, a district court located in Oklahoma and routinely applying Oklahoma law "can more appropriately apply such law than a district court located in another state"). In sum, even if the Court were to consider factors other than the dispositive forum selection clause, New York still would be a more convenient forum and transfer of the action would serve the interest of justice.[1]

---

[1] By making this motion, Defendants do not waive any defenses that they may have, including, but not limited to, lack of personal jurisdiction and improper service.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their motion and transfer this case to the Southern District of New York.

/s/ Terry L. Butts
Terry L. Butts (BUT009)
P. O. Drawer 272
Luverne, Alabama 36049
(334) 335-2262


/s/ Michael E. Jones
Michael E. Jones (JON039)
Jones & Coots, LLC
P. O. Box 367
Luverne, Alabama 36049
(334) 335-6534

Attorneys for Defendants
Lehman Brothers Holdings Inc.
d/b/a Lehman Capital, Peter R. Kern,
Oak Asset Management, LLC, and
Midland Loan Services, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following:

Lee R. Benton, Esq.
C. Steven Ball, Esq.
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203

by placing a copy of the same properly addressed, postage prepaid in the United States Mail, first class delivery this 1st day of August, 2006.

/s/ Michael E. Jones
Of Counsel