IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEN F. BEARD, | ) |
|       Plaintiff, | ) |
| vs. | ) |
| LEHMAN BROTHERS HOLDINGS, INC., d/b/a LEHMAN CAPITAL, PETER R. KERN, OAK ASSET MANAGEMENT, LLC, MIDLAND LOAN SERVICES, INC. JOLLY ROGER, LLC; JOLLY ROGER 1, INC., CAPITAL SEVEN RECOVERY, LLC, PETER FAHEY, LARRY W. CARLSON, | ) CIVIL ACTION NO.<br>) 2:06-CV-653-WHA |
|       Defendants. | ) |

<u>OPPOSITION TO BEN F. BEARD'S MOTION TO REMAND</u>

Comes Now, Jolly Roger I, Inc. n/k/a Jolly Roger LLC, Capital Seven Recovery LLC, Peter Fahey, and Larry W. Carlson (collectively referred to as the "Jolly Roger Defendants") and for their Opposition to Ben F. Beard's ("Beard") Motion to Remand, respectfully state as follows:

I. <u>NATURE OF ACTION</u>

This action arises out of Ben F. Beard's attempt to delay paying ProMarketing's $30,000,000 debt, which was conditionally guaranteed by Beard, or to attempt to gain leverage in negotiations regarding settlement of that debt. ProMarketing has been in default of payment for over two years.

5157.6

Due to the ProMarketing default in payment, Jolly Roger began advertising the foreclosure sale of ProMarketing property mortgaged to secure ProMarketing's promissory note. Shortly thereafter, Beard filed this action, alleging various non-meritorious claims of fraud and conspiracy to commit fraud.

## II. PROCEDURAL HISTORY

1. On or about June 14, 2006, Ben F. Beard, an Alabama citizen, commenced this action in the Circuit Court of Pike County, Alabama against Lehman Brothers Holdings, Inc. d/b/a/ Lehman Capital, Peter R. Kern, Oak Asset Management, LLC, and Midland Loan Services, Inc. (collectively referred to herein as the "Lehman Defendants"), and the Jolly Roger Defendants (collectively referred to herein as the "Defendants"). (ECF Doc. No. 1, Attachment 1).

2. On June 22, 2006, Midland and Lehman were the first Defendants served. (See ECF Doc. No. 1, Notice of Removal, ¶¶ 3,4).

3. On July 21, 2006, the Defendants filed their joint Notice of Removal, removing the action to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1446. (ECF Doc. No. 1).

4. That same day, the Jolly Roger Defendants, consenting to the removal, filed their Response and Answer to Beard's complaint in this Court. (ECF Doc. No. 2).

5. On July 28, 2006, Beard participated in the proceedings in this Court by filing a Motion to Transfer or Reassign Case. (ECF Doc. No. 3)

6. On August 1, 2006, the Lehman Defendants filed their Motion to Change Venue. (ECF Doc. No. 4)

7. This Court originally ordered the Defendants to show cause by August 16, 2006 as to why the case should not be transferred pursuant to Beard's request and for Beard and/or the Jolly Roger Defendants to show cause why the venue should not be changed pursuant to the Lehman Defendants' request. As explained below, per Beard's request, that deadline was stayed indefinitely. (ECF Doc. No. 5, Order to Show Cause; ECF Doc. No. 16, Order granting Plaintiff's Motion to Stay).

8. On August 7, 2006, Beard again participated in the proceedings in this Court by filing a joint Stipulation As to Response to Complaint with the Lehman Defendants. Beard and the Lehman Defendants agreed that the Lehman Defendants would not be required to answer Beard's complaint until ten days after this Court ruled on the Lehman Defendants' Motion to Change Venue. (ECF Doc. No. 9).

9. On August 8, 2006, at the request of the Clerk, the Defendants filed David B. Anderson's signature to the Notice of Removal, in his own hand, thereby ratifying the authorized signatures that were present on the original notice of removal. (ECF Doc. No. 10; ECF Doc. No. 1).

10. Three days later, after submitting to this Court's jurisdiction for 20 days, Beard filed his Motion to Remand on August 11, 2006. (ECF Doc. No. 12). That same day, Beard filed a motion to stay his earlier request to transfer the case within the Middle District of Alabama and Lehman's request to change the venue to New York. (ECF Doc. No. 13). Beard did not withdraw his request based upon his allegation that this Court does not have jurisdiction, but rather continued to submit to this Court's jurisdiction. In fact, on August 14, 2006, two additional attorneys entered their appearances on behalf of Beard. (ECF Doc. No. 14, 15).

11. On August 15, this Court granted Beard's Motion to Stay and amended its August 2, 2006 order to stay Beard's Motion to Transfer/Reassign this Case and Lehman's Motion to Change Venue indefinitely. (ECF Doc. No. 16).

III. **FACTS**

Prior to July 21, 2006, the Jolly Roger Defendants and the Lehman Defendants together coordinated the filing of a joint Notice of Removal (the "Joint Notice"). (Weidner Affi., ¶ 2). The Jolly Roger Defendants agreed to draft the joint Notice of Removal and the Lehman Defendants agreed to obtain the state court record and file the joint Notice. (Id. at ¶ 3). Numerous discussions occurred between the Defendants, whereby counsel for the Jolly Roger Defendants ("Jolly Roger's Counsel") authorized counsel for the Lehman Defendants ("Lehman's Counsel") to sign their names upon the joint Notice of Removal. (Anderson Affi., ¶¶ 4,5; Weidner Affi., ¶ 5). The Defendants agreed that the Jolly Roger Defendants would file their Response and Answer to Plaintiff's complaint on the same day that the joint Notice of Removal was filed, to prevent Plaintiff from voluntarily dismissing the present action and refilling in state court (Weidner Affi., ¶ 3).

The Jolly Roger Defendants drafted the Notice of Removal on behalf of all Defendants. (Anderson Affi., ¶ 2; Weidner Affi., ¶ 4). The joint Notice Removal was filed on behalf of all Defendants and specifically states that "[a]ll defendants consent to removal and join in the removal of the case to this Court" and contains signature blocks for Counsel of all Defendants. (ECF Doc. No. 1). Other than the dates the

Lehman Defendants were served and the citizenship of the Lehman Defendants, all representations in the joint Notice of Removal are those of the Jolly Roger Defendants. (Weidner Affi., ¶ 5). The Jolly Roger Defendants intended to be bound by those representations. (Anderson Affi., ¶¶ 4,5,6; Weidner Affi., ¶¶ 6,7).

Counsel for the Jolly Roger Defendants forwarded the draft removal documents to the Lehman Defendants via email. (Weidner Affi. ¶ 8; Exh. A). The email confirmed the Lehman Defendants' agreement to file the removal notices and expressly granted Lehman's counsel authority to bind the Jolly Roger Defendants to the joint Notice of Removal. Id. The Jolly Roger Defendants also prepared the Civil Cover Sheet which lists the attorneys for all Defendants consenting to the removal. Id. The Civil Cover Sheet was forwarded to the Lehman Defendants along with the draft Joint Notice. Id.

The Jolly Roger Defendants later forwarded signatures in their own hand, which would ratify the original authorized signatures and cure any defect. (ECF Doc. No. 10; ECF Doc. No. 1). This Court permitted the correction to the original Notice of Removal and substituted the signature in Jolly Roger's Counsel's own hand for the original, authorized signature. (ECF Doc. No. 1). It was not until after this substitution and after Beard's submission to this Court's jurisdiction that Beard filed

5157.6                                    6

his Motion to Remand. (ECF. Doc. No. 12). Beard's Motion to Remand and his previously filed motion to reassign this case are blatant attempts to transfer this case to a forum that Beard apparently assumes will be more favorable than this Court. The Jolly Roger Defendants consented and joined the Notice of Removal and notified this Court within the allotted time period of its position. The Motion to Remand is due to be denied.

IV. **ARGUMENT**

Plaintiff's Motion to Remand is due to be denied because the Jolly Roger Defendants unequivocally and unambiguously consented and joined the Notice of Removal filed within thirty days of service upon a defendant. Moreover, Plaintiff has waived his right to seek remand by moving this Court to act, thereby submitting to this Court's jurisdiction.

A. **THE JOLLY ROGER DEFENDANTS PROPERLY CONSENTED TO AND JOINED THE NOTICE OF REMOVAL.**

Plaintiff's sole argument in favor of remand is that Counsel for Jolly Roger did not sign the pleading in their own hand. (See ECF Doc. No. 12). This argument, however, is without merit for two reasons: (1) Lehman's Counsel, with express authority and as a limited agent for Jolly Roger's Counsel, signed the Notice of Removal, which legally bound Jolly Roger's Counsel and the Jolly Roger Defendants to the allegations of the petition; and (2) The Jolly Roger Defendants'

5157.6                                        7

signature was not necessary to effectuate adequate consent for removal.

    1.    <u>The Jolly Roger Defendants are Legally Bound to the Allegations in the Notice of Removal as Their Counsel Expressly Authorized Lehman's Counsel to Sign the Joint Notice on Their Behalf.</u>

The Jolly Roger Defendants took binding action to manifest their consent to and joinder in the Notice of Removal. "Although the formulations may vary, it is apparent from the case law that as long as the record reflects that all the defendants have taken binding action manifesting their consent, courts have found present the requisite joinder and consent." <u>See</u>, <u>e.g.</u>, <u>Engle v. J.R. Reynolds Tobacco Co.</u>, 122 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000).

Lehman's counsel was given express authority to sign the Notice of Removal in order to bind the Jolly Roger Defendants to the allegations in the Notice of Removal. (Anderson Affi., ¶¶ 5,6; Weidner Affi., ¶ 6). The power to sign on behalf of another, so as to bind such other, rests upon express, implied or apparent authority. <u>See</u>, <u>e.g.</u> 11 AM. JUR 2, § 63. Jolly Roger's Counsel expressly authorized Lehman's Counsel to physically sign on their behalf, thereby binding Jolly Roger's counsel. (Anderson Affi. ¶¶ 4,5,6; Weidner Affi., ¶¶ 6,7,8, Exh. A).

   2.   *Jolly Roger's Counsel's Signature was not Required on the Notice of Removal.*

The Jolly Roger Defendants were not required to physically sign the Notice of Removal in order to effectuate their consent to the removal for purposes of 11 U.S.C. §§ 1441 and 1446. Whetstone v. Fred's Stores of Tennessee, 2006 WL 559596 (M.D. Ala. 2006); Dixon v. Borgwarner Diversified Transmission prod., Inc., No. 1:03-CV-00945, 2004 WL 801270, at *4 (S.D. Ind. Mar. 29, 2004). Rather, the issue is whether the Jolly Roger Defendants consented to the Removal and expressed that consent unambiguously. See, e.g. Engle v. R.J. Reynolds Tobacco Co., 122 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000); Mech. Rubber & Supply Co. v. Am. Saw and Mfg. Co., 810 F. Supp. 986, 990 (C.D. Ill. 1990); Sicinski v. Reliance Funding Corp., 461 F. Supp. 649, 652 (S.D.N.Y. 1978).

The Jolly Roger Defendants unambiguously consented to the Removal. First, Jolly Roger's Counsel ratified the signature on the original Notice of Removal by submitting an original signature. See Mech. Rubber & Supply Co., 810 F. Supp. At 990; Sicinski, 461 F. Supp. At 652. Second, Jolly Roger's Counsel drafted the Notice of Removal and the Notice included a signature block for Jolly Roger's counsel. (Anderson Affi. ¶ 2; Weidner Affi., ¶¶ 3,4). Third, Jolly Roger's counsel coordinated with Lehman's Counsel regarding the filing of the

Notice of Removal, and confirmed in writing that it would be filed on July 21, 2006. (Weidner Affi., ¶ 8; Exh. A, Weidner email). Fourth, Jolly Roger's Counsel filed its Response and Answer immediately following Lehman's filing of the Notice of Removal. (cf. ECF Doc. No. 1 and ECF Doc. No. 2). In Fact, Jolly Roger's Counsel requested that Lehman provide them this Court's case number as soon as available in order to file its Answer immediately. (Weidner Affi., ¶ 8; Exh. A, Weidner email). Fifth, the Jolly Roger Defendants have cured any possible defect by filing the attached affidavits, expressing their consent. See Mech. Rubber & Supply Co., 810 F. Supp. At 990; Sicinski, 461 F. Supp. At 652. The Plaintiff has not been prejudiced in any manner by the filing of the original petition with Jolly Roger's Counsel's authorized signature. See Sicinski, 461 F. Supp. At 652.

Plaintiff misconstrues the holding in Newman v. Spectrum Stores, Inc. 109 F. Supp. 2d 1342, 1346 (M.D. Ala. 2000), alleging that this opinion requires all defendants to sign the Notice of Removal. Newman does not require all defendants to sign the Notice. Rather, Newman merely holds that a bald assertion by one defendant that the another defendant consents, without anything further, will not effectuate a removal. Id. at 1346. Newman merely requires

5157.6                              10

that someone purport to have authority to indicate each defendant's consent:

> There must be some timely filed written indication from each served Defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that is has actually consented to the action."

Id.

Lehman's Counsel signed the Notice of Removal on behalf of the Jolly Roger Defendants with actual authority to express the Jolly Roger Defendants' consent.

Whetstone, 2006 WL 559596 and Lampkin v. Media General, Inc., 302 F. Supp.2d 1293 are also inapposite. In Whetstone, no party with actual or purported authority expressed a defendant's consent to removal. Here, however, Lehman's Counsel had actual authority and purported to have authority to sign on behalf the Jolly Roger Defendants. In Lampkin, the court merely analyzed the relationship between a parent and its subsidiary and determined that consent by one does not automatically constitute consent by the other. Lampkin, 302 F. Supp. 2d at 1294. Jolly Roger has not asserted that consent by Lehman automatically constituted consent by the Jolly Roger Defendants. Rather, the Jolly Roger Defendants have proven that the Jolly Roger Defendants consented to and joined the Notice of Removal. Plaintiff's Motion to Remand is due to be denied.

5157.6

11

B. **THE PLAINTIFF WAIVED ITS RIGHT TO SEEK TO REMAND BASED UPON A PROCEDURAL DEFECT.**

The Jolly Roger Defendants adopt the Lehman Defendants' Memorandum of Defendants Lehman Brothers Holdings Inc. d/b/a Lehman Capital, Peter R. Kern, Oak Asset management, LLC, and Midland Loan Services, Inc. in Opposition to Plaintiff's Motion to Remand, ¶ II as if set out here in full.

V. **CONCLUSION**

The Jolly Roger Defendants respectfully request that this Court deny Plaintiff's Motion to Remand and grant such other relief as this Court deems appropriate.

/s/ Deanna L. Weidner
David B. Anderson
Ryan K. Cochran
Deanna L. Weidner

Attorneys for Capital Seven Recovery LLC, Jolly Roger I, Inc. n/k/a Jolly Roger LLC; Peter Fahey, and Larry Carlson

OF COUNSEL:
WALLER, LANSDEN, DORTCH & DAVIS, LLP
1901 6th Avenue North, Suite 1400
Birmingham, AL  35203
Phone:  205-214-6380
Fax:  205-214-8787

5157.6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by placing a copy of the same properly addressed, postage prepaid in the United States Mail, first class delivery:

Lee R. Benton, Esq.
C. Steven Ball, Esq.
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203

Mr. Terry L. Butts
P. O. Box 272
Luverne, AL  36049

Michael E. Jones (JON039)
Jones & Coots, LLC
P. O. Box 367
Luverne, Alabama 36049

Steven G. Brody
King & Spalding LLP
1185 Ave. of the Americas
New York, NY 10036


This the 24th day of August, 2006

/s/ Deanna L. Weidner
Of Counsel

5157.6