IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEN F. BEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:06-CV-653-WHA |
| | ) |
| LEHMAN BROTHERS HOLDINGS, INC., | ) |
| d/b/a LEHMAN CAPITAL, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR LEAVE TO FILE REPLY BRIEF
IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Plaintiff Ben F. Beard seeks leave of Court to file the attached Reply Brief in Support of his Motion to Remand. [Exhibit A]. The attached Reply brief responds to arguments raised in opposition to the Motion to Remand filed by Defendants Jolly Roger I, Inc., Capital Seven Recovery LLC, Peter Fahey, Larry Carlson (collectively the "Jolly Roger Defendants") Lehman Brothers Holdings, Inc. d/b/a Lehman Capital, Peter R. Kern, Oak Asset Management, LLC and Midland Loan Services, Inc. (collectively referred to as the "Lehman Brothers Defendants").

1.      Plaintiff moved to remand this case on the grounds that the Removal was procedurally defective because some unknown third party had purported to sign the Notice of Removal on behalf of the Jolly Roger Defendants. [ECF Doc. No. 12, ¶s 2 and 7]. In support of their Opposition to Remand, the Lehman Brothers Defendants have submitted the affidavit of attorney Michael E. Jones, which discloses the identity of this unknown third party as an "assistant" in his office. [ECF Doc. No. 18-1, ¶ 7]. Because a non-lawyer "assistant" signed the notice of removal on behalf of the Jolly Roger Defendants, the removal is even more defective as discussed in the attached Reply.

2. All Defendants also argue that Plaintiff waived the procedural defect in the removal, despite the fact that Plaintiff sought remand within thirty days of removal. Because the cases relied on by Defendants in support of this argument all pre-date a critical change in the removal statutes, Plaintiff requests an opportunity to respond to this argument in the attached Reply.

WHEREFORE, for the reasons set forth above, Plaintiff Ben Beard prays that the Court will grant him leave to file Plaintiff's Reply in Support of Motion to Remand, and will accept as filed, the Reply attached hereto as Exhibit A.

    s/ J. David Martin
Richard H. Gill (GIL007)
J. David Martin (MAR190)
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, Alabama 36101-0347
Telephone:   (334) 834-1180
Facsimile:   (334) 834-3172
Email:  gill@copelandfranco.com
Email:  martin@copelandfranco.com

Lee R. Benton
C. Steven Ball
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, AL  35203
Tel:  (205) 278-8000
Fax: (205) 278-8008

**Counsel for Plaintiff Ben F. Beard**

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **David B. Anderson**
  david.anderson@wallerlaw.com linda.callahan@wallerlaw.com

- **Charles Steven Ball**
  sball@bcattys.com dratliff@bcattys.com

- **Lee R. Benton**
  lbenton@bcattys.com pnissen@bcattys.com

- **Terry Lucas Butts**
  tlucasbutts@yahoo.com

- **Ryan K. Cochran**
  ryan.cochran@wallerlaw.com suzanne.wallace@wallerlaw.com

- **Michael Eugene Jones**
  jonessport@troycable.net mjones@troycable.net

- **Deanna L. Weidner**
  deanna.weidner@wallerlaw.com suzanne.wallace@wallerlaw.com


                                            s/ J. David Martin
                                            Of Counsel

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEN F. BEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  2:06-CV-653-WHA |
| ) | |
| LEHMAN BROTHERS HOLDINGS, INC., ) | |
| d/b/a LEHMAN CAPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND**

Plaintiff Ben F. Beard hereby submits this Reply Brief in Support of his Motion to Remand this case to State Court as follows:

**A.    The Jolly Roger Defendants failed to properly consent to removal within the thirty day deadline established by 28 U.S.C. § 1446(a).**

The dispute in this case is whether the Jolly Roger Defendants[1] timely consented to the removal of this action.  As an initial matter, all Defendants contend that counsel for the Jolly Roger Defendants consented to the removal of this action and authorized counsel for the Lehman Brothers Defendants[2] to execute the Notice of Removal on behalf of the Jolly Roger Defendants. However, even if counsel for the Lehman Brothers Defendants had signed the Notice of Removal on behalf of

---

[1]    Defendants Jolly Roger I, Inc., Capital Seven Recovery LLC, Peter Fahey and Larry Carlson will be referred to herein collectively as the "Jolly Roger Defendants".

[2]    Defendants Lehman Brothers Holdings, Inc. d/b/a Lehman Capital, Peter R. Kern, Oak Asset Management, LLC and Midland Loan Services, Inc.  will be referred to herein collectively as the "Lehman Brothers Defendants").

the Jolly Roger Defendants, such action would have been ineffective to comply with 28 U.S.C. § 1446(a), which requires the notice of removal to comply with the requirements of Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a) ("[a] defendant or defendants desiring to remove any civil action … shall file in the district court of the United States for the district and division within which such action is pending a notice of removal *signed pursuant to Rule 11*…."[3] Rule 11 prohibts an attorney for one party from signing a pleading on behalf of a separately represented party, and therefore, had Lehman's counsel signed the notice of removal for the Jolly Roger Defendants, the notice would have been defective because it would not have complied with Rule 11. *See Smith v. Union Nat. Life Ins. Co.* 187 F.Supp.2d 635, 642 (S.D. Miss. 2001) (remanding case and recognizing that because Rule 11 "does not authorize one party to make representations or file pleadings on behalf of another", counsel for one defendant could not sign the notice of removal expressing consent to removal on behalf of another defendant).

In this case, however, the Notice of Removal was not "signed by counsel for Lehman Brothers."[4] Instead, the Notice of Removal was executed on behalf of the Jolly Roger Defendants by a non-attorney "assistant" to counsel for Lehman Brothers. According to the affidavit filed by attorney Michael E. Jones in support of the Defendants' Opposition to Remand, his "**assistant** Leesa Flemming" signed the Notice of Removal on behalf of the Jolly Roger Defendants. [ECF Doc. No. 18-1, ¶ 7] (emphasis added). It is therefore undisputed that a non-lawyer signed the Notice of

---

[3] Courts have uniformly interpreted the removal statutes to impose a rule of unanimity in multi-defendant cases, therefore requiring all defendants to consent to removal. *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir.2001).

[4] Contrary to the admission in Michael Jones' affidavit that his "assistant" signed the Notice of Removal for the Jolly Roger Defendants, the Jolly Roger Defendants nonetheless maintain in their Opposition to Remand that "*Lehman's counsel* signed the Notice of Removal on behalf of the Jolly Roger Defendants…." [ECF Doc. 20, p. 11] (emphasis added).

Removal on behalf of several defendants, including defendant corporations Jolly Roger I, Inc. and Capital Seven Recovery LLC.

All Defendants acknowledge this Court's ruling in *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1346 (M.D. Ala. 2000), and in fact both sets of Defendants quote the following holding from *Newman* as controlling the outcome of this case: "[t]here must be some timely filed written indication from each served Defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have *authority to do so*, that it has actually consented to such action." [ECF Doc. No. 17, p. 6; ECF Doc. No. 20, p. 11] (emphasis added). Alabama and Federal law both recognize that a corporation, such as Defendants Jolly Roger I, Inc. and Capital Seven Recovery LLC, can appear in court only through an attorney. *See A-OK Constr. Co. v. Castle Constr. Co.*, 594 So.2d 53, 54 (Ala.1992); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (recognizing that "a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.). Therefore, under the test set forth in *Newman* and relied on by Defendants in their Opposition to Remand, not all defendants *timely filed* a consent executed by someone with legal *authority* to do so. The corrected Notice of Removal, properly executed by counsel for the Jolly Roger Defendants, was not filed until August 8, 2006, ***forty-seven*** days after service of Plaintiff's Complaint upon the first served Defendant.

The Defendants attempt to remedy this removal defect by submitting affidavits, along with emails and draft signature pages exchanged between counsel for the Defendants, to reflect that the Jolly Roger Defendants had in fact consented to the removal and had authorized counsel for Lehman Brothers to execute the Notice of Removal on their behalf.[5] As discussed above, because the

---

5   Defendants also argue that the filing of an answer in federal court by the Jolly Roger Defendants within the thirty day removal window satisfies the consent requirement. Courts have

3

assistant to Lehman Brothers' counsel, Ms. Flemming, is not an attorney, she cannot execute court pleadings on behalf of Defendants Jolly Roger I, Inc. and Capital Seven Recovery, LLC, even if those defendants otherwise "authorized" her to do so. Secondly, and most importantly, no evidence of consent by the Jolly Roger Defendants was filed with the Court within the thirty day deadline imposed by 28 U.S.C. § 1446(b). None of the affidavits, email messages or draft signature pages relied on by the Defendants to show consent were ever shared with the Court within the required thirty days. *See Newman*, 109 F.Supp.2d at 1345 (recognizing that "[u]nanimity among the defendants must be expressed *to the court* 'within thirty days….'")(emphasis added); *Lampkin v. Media General, Inc.*, 302 F.Supp.2d 1293 (M.D. Ala. 2004) ("§ 1446 is to be construed strictly, and therefore there is no such thing as 'implied joinder or consent'"). Courts have routinely failed to construe such evidence as constituting consent when it was not filed with the Court within the required thirty days. *See e.g. Smith v. Union Nat. Life Ins. Co.* 187 F.Supp.2d 635, 644 (S.D.Miss.2001) ("having failed to communicate its joinder or consent to the Court during the 30-day period, [defendant] cannot now show the Court that it authorized its attorney to file a joinder on its behalf."); *Baker v. Ford Motor Company*, 1997 WL 88260 (N.D.Miss.1997)("each served defendant must timely express consent to the court, as opposed to the removing defendant") (attached hereto as Exhibit 2); *Local Union No. 172 v. P.J. Dick, Inc.*, 253 F.Supp.2d 1022 (S.D. Ohio 2003) (remanding case for lack of timely consent despite affidavits submitted by counsel for

---

repeatedly rejected this argument especially where, as here, the Answer does not contain an expression of consent to the removal by the defendants. *Whetstone v. Fred's Stores of Tennessee, Inc.*, 2006 WL 559596 *3 (M.D. Ala. March 7, 2006) (attached hereto as Exhibit 1); *Local Union No. 172 v. P.J. Dick, Inc.*, 253 F.Supp.2d 1022 (S.D. Ohio 2003); *Production Stamping Corp. v. Maryland Casualty Co.*, 829 F.Supp. 1074 (E.D.Wis.1993); *Landman v. Borough of Bristol,* 896 F.Supp. 406, 409 (E.D.Pa. 1995). The Jolly Roger Defendants obviously had time to file an Answer in this case within the thirty day window and they should have also complied with their obligation to file a consent to the removal. Failure on their part to do so is fatal to the attempted removal.

defendants reflecting that all defendants had consented to removal within thirty days). Failure of the Jolly Roger Defendants to timely file with the Court consent to the removal is fatal and requires remand of this action. *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342 (M.D. Ala. 2000); *Whetstone v. Fred's Stores of Tennessee, Inc.*, 2006 WL 559596 (M.D. Ala. March 7, 2006); *Lampkin v. Media General, Inc.*, 302 F.Supp.2d 1293 (M.D. Ala. 2004).

**B.    Plaintiff moved to remand within the required 30 days and therefore did not waive the Defendants' defective removal.**

In a final attempt to remain in their preferred forum, Defendants argue that Plaintiff has implicitly waived[6] their defective removal by filing pleadings in federal court, including a stipulation for an extension of time which was requested by Defendant Lehman Brothers. Pursuant to 28 U.S.C. § 1447(c), a Plaintiff seeking to remand a case based upon a procedural defect may implicitly waive such defect, but such waiver is defined by the statute as a failure to raise the defect within thirty days.[7] *See Gordon v. Acrocrete, Inc.,* 400 F.Supp.2d 1310, 1312 n.5 (S.D.Ala. 2005)(recognizing that the failure of all defendants to properly consent to removal was a procedural defect which could be waived if not raised within thirty days.). Here, Plaintiff moved to remand based on Defendants' defective removal within the thirty day deadline imposed by § 1447(c) and therefore, cannot be held to have waived the defect.

---

6    Defendants do not contend that Plaintiff has expressly waived the defect by, for example, agreeing to not contest removal on the grounds that not all Defendants timely consented to removal.

7    The thirty day limitation imposed by § 1447(c) was instituted in **1988**, after both cases relied on by Defendants for their waiver argument were decided. *See Intercoastal Ref. Co. v. Jalil,* 487 F.Supp. 606, 607-608 (S.D. Tex. **1980**); *Lanier v. Am. Bd of Endodontics,* 843 F.2d 901, 905 (6th Cir. 1988) (although this opinion was released in 1988, the facts constituting the waiver occurred in **1984**). The Defendants cite to no case decided under the current version of § 1447(c) finding a waiver by a Plaintiff who otherwise sought remand within the thirty day window.

5

**C.     Conclusion**

Because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Due to the failure of the Jolly Roger Defendants to timely consent to removal, a defect raised by Plaintiff within the thirty day deadline imposed by 28 U.S.C. § 1447(c), this action is due to be remanded to state court.

    s/ J. David Martin
Richard H. Gill (GIL007)
J. David Martin (MAR190)
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, Alabama 36101-0347
Telephone:    (334) 834-1180
Facsimile:    (334) 834-3172
Email:  gill@copelandfranco.com
Email:  martin@copelandfranco.com

Lee R. Benton
C. Steven Ball
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, AL  35203
Tel:  (205) 278-8000
Fax: (205) 278-8008

**Counsel for Plaintiff Ben F. Beard**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **David B. Anderson**
  david.anderson@wallerlaw.com linda.callahan@wallerlaw.com

- **Charles Steven Ball**
  sball@bcattys.com dratliff@bcattys.com

- **Lee R. Benton**
  lbenton@bcattys.com pnissen@bcattys.com

- **Terry Lucas Butts**
  tlucasbutts@yahoo.com

- **Ryan K. Cochran**
  ryan.cochran@wallerlaw.com suzanne.wallace@wallerlaw.com

- **Michael Eugene Jones**
  jonessport@troycable.net mjones@troycable.net

- **Deanna L. Weidner**
  deanna.weidner@wallerlaw.com suzanne.wallace@wallerlaw.com


                s/ J. David Martin
                Of Counsel





Slip Copy                                                                                                    Page 1

Slip Copy, 2006 WL 559596 (M.D.Ala.)
**(Cite as: Slip Copy)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,M.D. Alabama,
Southern Division.
Margaret WHETSTONE, Plaintiff,
v.
FRED'S STORES OF TENNESSEE, INC., et. al.,
Defendants.
**1:05-CV-1171-MEF.**

March 7, 2006.

Timothy Bledsoe Davis, Davis & Davis, LLC, Alexander City, AL, for Plaintiff.
Elizabeth Jackson, Carr Allison Pugh Howard Oliver & Sisson PC, Birmingham, AL, for Defendants.

*MEMORANDUM OPINION AND ORDER*
FULLER, Chief J.
*1 On November 9, 2005, Plaintiff Margaret Whetstone brought suit in the Circuit Court of Tallapoosa County at Alexander City, Alabama alleging that Defendants Fred's Stores of Tennessee, Inc. (hereinafter "Fred's") and Cintas Corporation (hereinafter "Cintas") breached a duty owed to Plaintiff as an invitee of their store located in Talladega County, Alabama. A Petition for Removal was filed by Fred's on December 8, 2005. On December 28, 2005, Plaintiff filed the Motion to Remand for Procedural Defect currently before the Court (Doc. # 7). Plaintiff alleges that the Petition of Removal is procedurally defective because it is not signed by counsel for Cintas, nor did Cintas file a separate consent to removal.

I. Jurisdiction and Remand Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Comm.,* 719 F.2d 1072, 1076 (11th Cir.1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen,* 511 U.S. at 377.

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, within 30 days after the filing of the notice of removal, the non-removing party may move for remand on the basis of a defect other than lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Courts must strictly construe the procedural requirements of the removal statute; failure to comply with the requirements generally constitutes adequate grounds for remand. *Newman v. Spectrum Stores, Inc.,* 109 F.Supp.2d 1342, 1345 (M.D.Ala.2000)

II. Facts and Procedural History

Plaintiff originally filed this action in the Circuit Court of Tallapoosa County at Alexander City, Alabama on November 9, 2005. Defendant Fred's was served on November 14, 2005 and Defendant Cintas was served on November 15, 2005. A Petition for Removal was filed by Fred's on December 8, 2005. The introduction to the Petition states that Defendants Fred's Stores of Tennessee and Cintas join in the petition. The Petition also makes several references to the "Defendants," such as "Defendants file" and "Defendants assert." Nonetheless, the Petition was not signed by counsel for Cintas, nor did Cintas file a separate consent to removal. Cintas did, however, file a separate Answer to the Complaint on December 13, 2005. The Answer does not mention the Petition for Removal, nor does it expressly consent to removal. On January 4, 2006, the parties filed an amended Joint Petition for Removal which includes the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 2
Slip Copy, 2006 WL 559596 (M.D.Ala.)
**(Cite as: Slip Copy)**

signatures of both parties.

Defendants claim that Fred's and Cintas worked together to prepare the Petition for Removal. Counsel for Fred's prepared the Petition for Removal, then forwarded it to counsel for Cintas for review on December 1, 2005. Upon review, counsel for Cintas made revisions, added a signature line, signed the revised documents, and forwarded them to counsel for Fred's. However, due to a clerical error, the Petition for Removal filed on December 9, 2005 was a draft copy which did not include the signature page with both parties' signatures.

### III. Discussion

*2 Plaintiffs request that the Court remand this case to the Circuit Court of Tallapoosa County at Alexander City because all Defendants have not timely consented to the removal of this action. Defendants claim that the references to both Defendants in the Petition for Removal demonstrate Cintas' consent to removal. Defendants further claim that Cintas' filing of its Answer constituted unambiguous consent to the jurisdiction of this Court, and therefore to removal. Alternatively, if the Court finds that Cintas' consent to removal was untimely, Defendants request that the court allow the Defendants to amend the Petition of Removal to include the signature of Cintas' counsel.

It is well-settled that a case may not be removed unless all defendants consent to the removal. *Chicago R.I. & P. Ry. v. Martin,* 178 U.S. 245, 247-48, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *In Re Fed. Sav. and Loan Ins. Corp.,* 837 F.2d 432, 434 n .2 (11th Cir.1988). Consent
does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record "to bind" the allegedly consenting defendant.

*Getty Oil Corp. v. Ins. Co. Of N.A.,* 841 F.2d 1254, 1262 n. 11 (5th Cir.1998). Unanimous consent is required to be expressed to the court within 30 days after receipt of service of process. *Newman,* 109 F.Supp.2d at 1345. Fred's received service on November 14, 2005 and Cintas received service on November 15, 2005. Thus, Cintas had until December 14 or 15, 2005, to either join Fred's Petition for Removal, file a notice of consent to Fred's Petition, or file its own notice of removal.

Defendants argue that even though Cintas did not sign Fred's Petition for Removal, file a notice of consent, or file its own notice of removal within the 30-day time limit, Cintas adequately expressed its consent within the time limit. First, Defendants assert that the language of the Petition for Removal referring to both Defendants constitutes consent. The majority rule, however, is that "it is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to the removal." *Newman,* 109 F.Supp.2d at 1346 (quoting *Wakefield v. Olcott,* 983 F.Supp. 1018, 1021 (N.D.Ala.1996)). *See also Miles v. Kilgore,* 928 F.Supp. 1071, 1076 (N.D.Ala.1996)(holding that "in a civil action where there are several served defendants the mere bald, unsupported assertion in a notice of removal by one removing defendant that all other defendants consent to the removal fails to constitute sufficient consent to removal"). The references made to both Defendants in the Petition for Removal at issue here are even less clear evidence of consent than an express statement by one defendant that all defendants consent. Thus, the Court holds that the references to both Defendants are insufficient to constitute consent by Cintas to removal.

*3 Second, Defendants argue that Cintas' filing of an Answer within the 30-day time limit constituted consent to jurisdiction of this Court, and therefore consent to removal. In *Nathe v. Pottenberg,* 931 F.Supp. 822 (M.D.Fla.1995), defendants Pottenberg and Horner filed a notice of removal on January 30, 1995, which stated that defendant Hartford consented to the removal, but was not signed by a representative of defendant Hartford. On February 8, 1995, Hartford filed an answer, which did not acknowledge the notice of removal nor consent to it. As Hartford had been served with process on

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 559596 (M.D.Ala.)
(Cite as: Slip Copy)

Page 3

January 19, 1995, its answer was filed within the 30-day time limit for notifying the court of consent to removal. Nonetheless, the court held that the "defect in the removal notice is not cured by Hartford's later filing an answer" and granted the plaintiff's motion to remand. *Id.* at 825. The facts in the present case concerning the Petition for Removal are virtually identical to those in *Nathe*. Furthermore, the Court must strictly construe the requirements of the remand statute, including the requirement of unanimous consent to removal. By filing an answer, a defendant may not be consenting to removal, but may instead be seeking to avoid the risks of default, prevent the plaintiff's unilateral amendment to a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, or may simply be trying to expedite the case in whatever forum it ultimately ends up in. *Lantham v. Borough of Bristol,* 895 F.Supp. 406, 409 (E.D.Pa.1995). Given this wide variety of potential motives, Cintas' filing of an Answer, even within the 30-day time limit, is insufficient to express the unambiguous consent to removal required by the law.

While the amended Joint Petition for Removal is clearly an adequate expression of the consent of both Defendants, it was filed more than 30 days after service of process was received. Thus, the Court holds that the requirement of unanimous consent to removal within 30 days of receipt of service of process was not met.

Alternatively, Defendants ask that, in the interests of justice, the Court permit the Defendants to amend the Petition for Removal to add the signature of Cintas' counsel. As support for this proposition, Defendants cite *Belasco v. W.K.P. Wilson & Sons, Inc.,* 833 F.2d 277 (11th Cir.1987). There, even though defendant Wilson did not join the removal petition, the court held that "the ends of justice and judicial efficiency are best served by treating the removal petition as if it had been amended to include Wilson." *Id.* at 282. However, that case is inapposite here because the reason for treating the removal petition as if it had included Wilson had nothing to do with the circumstances of the filing of the petition. Rather, the reason for the court denying the motion to remand was the "novelty, complexity, and technicality" of the federal ERISA preemption issues raised in that case. *Id.* This action raises no such complex issues, therefore the "ends of justice" do not require that the case remain in this Court.

IV. Conclusion

*4 For the reasons set forth above, Plaintiff's Motion to Remand for Procedural Defect (Doc. # 7) is GRANTED and this case is REMANDED to the Circuit Court for Tallapoosa County at Alexander City, Alabama. The Clerk of Court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court for Tallapoosa County at Alexander City, Alabama.

M.D.Ala.,2006.
Whetstone v. Fred's Stores of Tenn., Inc.
Slip Copy, 2006 WL 559596 (M.D.Ala.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 510398 (Trial Motion, Memorandum and Affidavit) Response to Defendant's Opposition to Plaintiff's Motion for Remand (Jan. 9, 2006) Original Image of this Document (PDF)
• 3:05cv01171 (Docket) (Dec. 09, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT 2



Not Reported in F.Supp.    Page 1

Not Reported in F.Supp., 1997 WL 88260 (N.D.Miss.)
**(Cite as: Not Reported in F.Supp.)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, N.D. Mississippi.
Jane BAKER, For and on Behalf of All Wrongful Death Beneficiaries of Jerry Baker, Deceased, Plaintiff,
v.
FORD MOTOR COMPANY and Grumman Allied Industries, Inc. d/b/a Grumman Olson, Defendants.
**No. 2:96CV192-B-B.**

Feb. 25, 1997.

BIGGERS.

*MEMORANDUM OPINION*

**\*1** This cause comes before the court on the plaintiff's motion to remand. On December 4, 1996 this cause was removed by defendant Grumman Allied Industries, Inc. d/b/a Grumman Olson [Grumman] on the ground of diversity jurisdiction. Defendant Ford Motor Company [Ford] filed a joinder in the notice of removal on December 16, 1996. The plaintiff timely moved to remand on the procedural ground that Ford's joinder is untimely.[FN1] See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)"). The court has duly considered the parties' pleadings and/or memoranda and is ready to rule.

> FN1. "Failure to comply with the thirty-day time limitation or with the unanimity requirement renders the removal procedurally defective." *Jones v. Scogin,* 929 F.Supp. 987, 988 (W.D.La.1996) (citations omitted).

In the Fifth Circuit, it is clear that under 28 U.S.C. § 1446(b), all defendants served at the time of removal must join in or consent to removal within thirty days of service of process on the first served defendant. *E.g., Jones v. Scogin,* 929 F.Supp. 987, 988 (W.D.La.1996). It is undisputed that both defendants were served with process on November 12, 1996. Accordingly, Ford's joinder was filed four days after the deadline. The defendants contend that the following allegation in the notice of removal either met the joinder requirement or cured any procedural defect by giving notice to the parties and the court of the defendants' unanimous consent:
Ford Motor Company, through its local counsel, Victor McTeer, joins in this removal by separate Joinder in Removal.

Ford asserts that the present-tense language of the above-quoted statement indicates that Ford was joining in the removal at that time. The court finds that the reference to a separate joinder through another attorney cannot be construed as a contemporaneous joinder since Ford's separate joinder was in fact filed subsequently. Ford erroneously asserts that "[it] separately joined in the Notice of Removal on December 3, 1996."[FN2] An explanation in a notice of removal is procedurally adequate only if the notice alleges that a nonjoining defendant has not been served or is a nominal or fraudulently joined party. *E.g., Courtney v. Benedetto,* 627 F.Supp. 523, 526 & n. 9 (M.D.La.1986). Each served defendant is not required to sign the notice of removal; however,

> FN2. The notice was filed on December 4, 1996, but the certificate of service is dated December 3, 1996.

there must be some timely filed written document from each served defendant, or its official representative, indicating that it has consented.
*Jones v. Scogin,* 929 F.Supp. at 988 (citing *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 n. 11 (5th

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.	Page 2

Not Reported in F.Supp., 1997 WL 88260 (N.D.Miss.)
**(Cite as: Not Reported in F.Supp.)**

Cir.1988)).

An affidavit of Ford's counsel, Victor McTeer, attached as exhibit 1 to Ford's response in opposition to the instant motion, states that he authorized Grumman's counsel "to include affiant's name in the Notice of Removal and to bind Ford Motor Company in the Notice of Removal." The affidavit further asserts that the separate joinder was a "redundant formality ... to confirm the already-established fact that [Ford] joined in the Notice of Removal filed December 3, 1996." [FN3] The notice of removal does not state that Grumman was authorized to represent that Ford had consented to the removal, and no document was filed at the time of removal or within the prescribed 30-day period showing that the representation in the notice of removal was even authorized. *Getty Oil Corp., Div. of Texaco, Inc.,* 841 F.2d at 1262 n. 11 (removal petition "does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal"). The affidavit could be construed as " 'an official filing or voicing of consent,' " as required by the majority view but is untimely. *Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460, 461 (E.D.Mich.1990) (citations omitted). Even if the representation were presumed to have been authorized at the time of removal, it is not the equivalent of written consent by Ford or its attorney, and oral consent expressed to Grumman's counsel falls short of the requirement that served defendants "officially indicate their unanimity in the removal of an action in a timely fashion." *Albonetti v. GAF Corporation-Chemical Group,* 520 F.Supp. 825, 828 (S.D.Tex.1981) (emphasis added). In other words, each served defendant must timely express consent to the court, as opposed to the removing defendant. The court finds that the allegation in the notice of removal does not constitute the required joinder in or consent to removal and that the affidavit does not cure the defect since it was not filed within the 30-day period. *See Miles v. Kilgore,* 928 F.Supp. 1071, 1078 (N.D.Ala.1996) (allegation that the other defendants " 'through their counsel Jerry Selman have consented to this removal' [is] an unacceptable and invalid consent") [FN4]; *Knickerbocker,* 728 F.Supp. at 462 (removing defendant's "unsupported assertion that Chrysler ' does not object to the removal' clearly fails to satisfy this statutory filing requirement").

> FN3. *See* footnote 2, *supra.* The plaintiff does not object to the affidavit but this assertion could reasonably be construed as an improper legal conclusion.

> FN4. The court in *Miles* applied the principle stated in *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 n. 11 (5th Cir.1988).

*2 Ford contends that Grumman's counsel served as lead counsel on the removal issue and filed Ford's joinder. However, as stated in the cover letter, attached to Ford's response as exhibit 2, the joinder was executed by Ford's counsel, and separate responses to the instant motion were filed by the defendants' respective counsel. *See Jones v. Scogin,* 929 F.Supp. at 988 (two nonremoving defendants and the removing defendant represented by the same counsel filed a joint answer but did not meet the joinder requirement). The requirement in this circuit that each defendant or its official representative indicate its joinder in or consent to removal is consistent with the requirement, under Rule 11 of the Federal Rules of Civil Procedure, that each pleading, written motion or other paper submitted to the court be signed by the party or its attorney of record, if represented.[FN5] Accordingly, Rule 11 "does not authorize one party to make representations or file pleadings on behalf of another." *Miles,* 928 F.Supp. at 1076. The court finds that the removal of this cause is procedurally defective on the ground that Ford did not comply with the 30-day time limitation.[FN6]

> FN5. Under 28 U.S.C. § 1446(a), a notice of removal must be "signed pursuant to Rule 11."

> FN6. Although Ford's joinder was filed only four days after the statutory deadline, the 30-day limitations period for both

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3

Not Reported in F.Supp., 1997 WL 88260 (N.D.Miss.)
**(Cite as: Not Reported in F.Supp.)**

removal and remand motion is strictly construed.

The defendants contend that the plaintiff waived her right to seek remand by participating in discovery in this court. On December 10, 1996 the plaintiff filed a notice of disclosure and an amended notice of disclosure on December 16, 1996. On January 9, 1997 the United States Magistrate Judge issued an order staying discovery pending the ruling on the instant motion. The court finds that the plaintiff has not participated in discovery; discovery has not even commenced and the magistrate judge has not issued a scheduling order. The plaintiff's notices of disclosure expressly set forth her pre-discovery disclosure of core information pursuant to Section 4(i)(A)(1) of the Uniform Civil Justice Expense and Delay Reduction Plan of the United States District Courts for the Northern and Southern Districts of Mississippi. *Cf., Fontenot v. Global Marine, Inc.,* 703 F.2d 867, 871 (5th Cir.1983) (plaintiff's "full participation in the lawsuit in federal court" for 13 months after removal waived his right to object to a tardy joinder). In *Fontenot* the plaintiff's counsel had attended a status conference and a pretrial conference, signed a pretrial stipulation and moved for summary judgment.[FN7] *Id.* The plaintiff in *Fontenot* did not voice an objection to removal until after the ruling on his motion for summary judgment. *Id. Fontenot* was decided prior to the amendment of 28 U.S.C. § 1447(c) (providing 30 days after removal to file a motion to remand on a procedural ground). Since the plaintiff timely moved to remand and has not waived the defect, the court finds that remand is required.[FN8]

FN7. The stipulation and memorandum in support of the plaintiff's motion for summary judgment acknowledged jurisdiction.

FN8. The court rejects Grumman's argument that Ford is an indispensable party and that it would be impractical and improper to separate the two defendants for trial purposes. This argument is inapposite since, in the event of a defective removal, an action in its entirety is remanded, just as an action is removed in its entirety.

*3 For the foregoing reasons, the court finds that the motion to remand should be granted.

An order will issue accordingly.

THIS, the _____ day of February, 1997.

N.D.Miss.,1997.
Baker v. Ford Motor Co.
Not Reported in F.Supp., 1997 WL 88260 (N.D.Miss.)

Briefs and Other Related Documents (Back to top)

• 2:96cv00192 (Docket) (Dec. 04, 1996)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.