IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEN F. BEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-cv-653-WHA |
| ) | |
| ) | (WO) |
| LEHMAN BROTHERS HOLDINGS, INC. ) | |
| d/b/a LEHMAN CAPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This cause is before the court on a Motion to Remand (Doc.#11), filed by the Plaintiff, Ben F. Beard. The Plaintiff originally filed a Complaint in this case in the Circuit Court of Pike County, Alabama on June 21, 2006. The Plaintiff asserts the following claims: fraudulent misrepresentation (Counts One and Five), suppression of material facts (Count Two), deceit (Count Three), fraudulent deceit (Count Four), and civil conspiracy (Count Six).

Michael E. Jones, the attorney for Defendants Lehman Brothers Holdings, Inc. d/b/a Lehman Capital, Peter R. Kern, Oak Asset Management, LLC, and Midland Loan Services, Inc., signed a Notice of Removal as such attorney and filed it on July 21, 2006, removing the case to this court. The Notice of Removal also contained signatures of Terry L. Butts, co-counsel for the aforementioned defendants, and David B. Anderson, counsel for Defendants Jolly Roger, LLC, Jolly Roger I, Inc., Capital Seven Recovery, LLC, Peter Fahey, and Larry W. Carlson, such signatures being in their names but shown as signed "by LF." While the Defendants allege

that Butts and Anderson had authorized their signatures upon the Notice of Removal, it is undisputed that these signatures were not authentic, but were signed by Jones's assistant.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II.  MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III.  FACTS

The facts, as they pertain to the Motion to Remand, are as follows:

On July 21, 2006, a Notice of Removal was filed, allegedly on behalf of all Defendants, removing the present case to this court.  The Notice of Removal indicated the appearance of Terry L. Butts and Michael E. Jones as "Attorneys for Defendants Lehman Brothers Holdings, Inc. d/b/a Lehman Capital, Midland Loan Services, Inc., Peter R. Kern, and Oak Asset Management, LLC," as well as David B. Anderson, Ryan K. Cochran and Deanna Weidner, as "Attorneys for Capital Seven Recovery, LLC, Jolly Roger I, Inc. n/k/a Jolly Roger, LLC, Peter Fahey, and Larry Carlson."  This Notice of Removal bears the signature of Michael E. Jones; the signatures of Terry L. Butts and David B. Anderson, however, were written by a third party

identified only as "LF" (subsequently identified as Leesa Fleming, an assistant to Michael E. Jones).

On August 8, 2006, a Notice of Correction was filed by Debra P. Hackett, Clerk of the United States District Court, Middle District of Alabama. This Notice of Correction advised the parties that the Notice of Removal filed on July 21, 2006 contained improper signatures, as a third party is not allowed to sign another's name. The Notice of Correction also referenced an amended Notice of Removal filed on August 8, 2006, bearing the legitimate signatures of all three defense attorneys, Terry L. Butts, Michael E. Jones, and David B. Anderson. This amended Notice of Removal was filed approximately forty-seven (47) days after the service of the complaint on the first-served defendants, Lehman Brothers Holdings, Inc. d/b/a Lehman Capital and Midland Loan Services, Inc., on June 22, 2006.

## IV.  **DISCUSSION**

Title 28 U.S.C. Section 1446 governs the procedure for removal of cases from state to federal court. Defendants must file a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendants, in the district court of the United States for the district and division within which such action is pending. *See* 28 U.S.C. §1446(a). The removal statute further mandates that, where the case stated by the initial pleading is removable:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. §1446(b).

This court previously has noted that "[a] court must strictly construe the requirements of the removal statute, as removal constitutes an infringement on state sovereignty." *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000); *see also York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989); *Adams v. Aero Servs. Int'l, Inc.*, 657 F. Supp. 519, 521 (E.D. Va. 1987). Furthermore, "[f]ailure to comply with the requirements of the removal statute generally constitutes adequate grounds for remand." *Newman*, 109 F. Supp. 2d at 1345; *see also Adams*, 651 F. Supp. at 521. Where a plaintiff challenges the suitability of a defendant's removal petition, the burden of confirming that removal was proper falls upon the defendant. *Newman*, 109 F. Supp. 2d at 1345; *see also Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004) ("Statutes that limit federal jurisdiction are always strictly construed against the removing party, and there is no shame in a plaintiff's insistence on full and complete compliance with them by a defendant who wants to flee to federal court.").

"[Section] 1447(c) implicitly recognizes two bases upon which a district court may - and in one case must - order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252 -1253 (11th 1999). The "defect" noted in Section 1447(c) refers to the failure to follow statutory removal procedures, typically a lack of compliance with either the filing requirements set forth in Section 1446(a) or the timeliness requirements set forth in Section 1446(b). *Id.* Where a plaintiff timely alleges and proves that a defendant has not timely filed a removal petition in accordance with statutory procedures, the district court, as a court of limited jurisdiction, cannot disregard an evident procedural defect, regardless of the triviality or

inadvertent nature of the defect. *See Kisor*, 338 F. Supp. 2d at 1281; *Prod. Stamping Corp. v. Md. Cas. Co.*, 829 F. Supp. 1074, 1077-78 (E.D. Wis. 1993) ("The view that technical flaws in a removal petition 'can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can-and should-be invoked.'")(citations omitted).

A.    *Failure to Comply with Rule 11 Signature Requirement of Section 1446(a)*

In the present case, the first procedural defect that the court must consider is the failure of all attorneys to comply with the Rule 11 signature requirement regarding the original Notice of Removal. The pertinent portion of Rule 11 states that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name. . . ." Fed. R. Civ. P. 11(a). The attorney's signature represents to the court that, to the best of the attorney's knowledge, information, or belief, the pleading or written motion: (1) is not being presented for an improper purpose, (2) is warranted by existing law or a reasonable extension thereof, and (3) is supported by evidence or will be supported after a reasonable inquiry. Fed. R. Civ. P. 11(b). Rule 11 grants the court power to enforce this signature requirement through the ability to impose sanctions upon the attorneys, law firms or parties that have not complied. Fed. R. Civ. P. 11(c). As such, Rule 11 protects the court from irresponsible filings by requiring the attorney's personal certification under the threat of potential sanctions. *See Boyle v. City of Liberty*, No. 92-0807-CV-W-6, 1993 WL 20177, at *3 (W.D. Mo. Jan. 29, 1993).

The Supreme Court has interpreted Rule 11 as imposing a non-assignable duty of certification, recognizing that the role of Rule 11's signature requirement and its potential sanctions "is to bring home to the individual signer his personal, nondelegable responsibility."

*Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 125-26 (1989).  It follows that Rule 11 does not serve its intended purpose when an attorney does not sign the pleading or written motion, instead delegating that duty to a third party.  This particular issue is addressed infrequently.  Where it is addressed, however, courts typically find that signatures by a third party on behalf of an attorney or party do not satisfy the Rule 11 certification requirement.  *See Boyle*, 1993 WL 20177, at *4 ("If Rule 11 requires the personal signature of the attorney of record, then a signature on behalf of that attorney is not enough."); *Kobleur v. Group Hospitalization and Med. Servs., Inc.*, 787 F. Supp. 1444, 1453 (S.D. Ga. 1991) (holding that, where a third party signs attorneys' names on their behalf in a pleading, the Rule 11 signature requirement has not been satisfied).

    In this particular case, it is undisputed that the signatures of attorneys Terry L. Butts and David B. Anderson are not authentic.  These signatures were provided, allegedly on behalf of these attorneys, by a third party identifying herself to the court only as "LF."  Although the Defendants and the attorneys allege that Anderson and Butts expressly authorized their signatures on the original Notice of Removal, this court is satisfied by the authorities discussed above that such authorization is insufficient compliance with the Rule 11 requirement.  Because these attorneys did not sign the original Notice of Removal themselves, they have not complied with the Rule 11 signature requirement.[1]  Moreover, since Section 1446(a) specifically requires that the Notice of Removal be signed pursuant to Rule 11, this defect with regard to the

---

[1] The failure of Butts to personally sign the Notice has no effect on the outcome of this motion, however, since he and Jones are co-counsel for the same Defendants and Jones signed the Notice on behalf of those Defendants.  Butts's signature was not necessary.  It is a different matter as to Anderson.

purported signatures prevents compliance with the removal statute. This signature defect may seem trivial, but the failure to comply with the Rule 11 requirement by Anderson prevents successful joinder in the removal petition by his clients, which is a substantial procedural defect. Moreover, as noted above, a district court can not disregard an evident procedural defect, even a trivial or inadvertent defect, without compromising the sovereignty of the state court system. Therefore, the spurious signature of David B. Anderson on the original Notice of Removal did not effectuate his clients' joinder in the original removal petition.

**B.**     ***Failure to Comply with the Timely Consent Requirement of Section 1446(b)***

With regard to removal procedure, this circuit follows the "rule of unanimity," requiring that all defendants join in a removal petition or consent to removal in cases involving multiple defendants. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir.1993); *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900). Moreover, as noted above, Section 1446(b) indicates that such consent must be timely-filed within the same 30-day period that defendants have to file the removal petition. Thus, since Anderson's clients did not effectively join in the Notice of Removal by Anderson's personal signature, the court must determine what "consent" requires in order to determine whether those Defendants consented to the removal in a timely manner.

"'[T]he majority view is that the mere assertion in a removal petition that all defendants consent to removal fails to constitute sufficient joinder.'" *Newman*, 109 F. Supp. 2d at 1346 (*quoting Prod. Stamping Corp.*, 829 F. Supp. at 1078). "Consent may not be implied, but rather, it must be express." *Jerrell v. Kardoes Rubber Co., Inc.*, 348 F. Supp. 2d 1278, 1282 (M.D. Ala.

2004) (*citing Newman*, 109 F. Supp. 2d at 1346). While consent does not necessarily require that each defendant sign the original petition for removal, "'there must be some timely filed written indication from each served defendant, or from some person or entity purporting to act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action.'" *Whetstone v. Fred's Stores of Tenn., Inc.*, No. 1:05-CV-1171-MEF, 2006 WL 559596 (M.D. Ala. March 7, 2006) (*quoting Getty Oil Corp. v. Ins. Co. of N.A., Inc.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1998)).

    Here, the inauthentic signatures on the original Notice of Removal do not adequately evidence consent. Requiring a "timely filed indication from each defendant" demands more than the spurious signatures submitted. While consent does not require that every defendant actually sign the notice of removal, there must be some indication ***to the court*** that the defendant consents. *See Newman*, 109 F. Supp. 2d at 1345 (recognizing that unanimity must be expressed *to the court*); *Lampkin v. Media Gen., Inc.*, 302 F. Supp. 2d 1293, (M.D. Ala. 2004) ("[T]here is no such thing as 'implied joinder or consent.' Instead, 'an official, affirmative and unambiguous joinder or consent to . . . [the] notice of removal' is required.") (citations omitted); *Michaels v. State of N.J.*, 955 F. Supp. 315, 321 (D.N.J. 1996) ("While [one of the defendants] may have communicated their consent to the signing defendants, they did not communicate their consent in any writing to the court. Their alleged consent is, therefore, legally insufficient."); *Production Stamping Corp.*, 829 F. Supp. at 1076 ("Unanimity among the defendants must be expressed to the court. . . .").

    In the present situation, the Notice of Removal alleges that all Defendants consent to removal. It also contains a spurious signature on behalf of the lawyer for several of the

Defendants. The Defendants allege that their attorneys worked together to produce the Notice of Removal and that one attorney was authorized to sign the petition for removal on behalf of the other Defendants' attorney. The Defendants further have presented evidence of such cooperation in the form of affidavits, emails and draft signature pages. Nonetheless, no representations were made to the court in this regard until after the plaintiff filed this Motion to Remand.[2] Thus, in the eyes of the court, the original Notice of Removal provides nothing more than a blanket assertion by some defendants that all defendants consent, coupled with an inauthentic signature of an attorney for several Defendants. Case law clearly holds that such an assertion is not adequate to satisfy the consent requirement. *See Newman*, 109 F. Supp. at 1346, *supra*; *Prod. Stamping Co.*, 829 F. Supp. at 1076 ("[T]he mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder. Each defendant must communicate his consent to the court by way of 'an official filing or voicing of consent.'")(citations omitted).

    Defendants further argue that the July 21, 2006 filing of a Response and Answer by David B. Anderson, the attorney of record for Jolly Roger, LLC, Jolly Roger I, Inc., Capital Seven Recovery LLC, Peter Fahey and Larry Carlson, satisfies the necessary consent to comply with the removal statute. This argument is flawed, however. As noted above, consent must be express, not implied. *See Jerrell*, 348 F. Supp. 2d at 1282, *supra*. Nowhere in this Response and Answer do the defendants expressly consent to removal. Defendants argue that the mere

---

[2] While this evidence includes an e-mail from Deanna Weidner, co-counsel of Anderson, to Jones, Butts and Leesa Fleming, Jones's assistant who signed the name David B. Anderson to the Notice of Removal, showing that the lawyers were working together to get the case removed by all Defendants, the e-mail authorized a non-lawyer to sign <u>her</u> name to the documents. There was no authorization by Anderson to anyone to sign his name.

filing of the Response and Answer proves consent, but that argument requires the court to make an inferential leap it is unwilling to make, especially when federalism concerns compel the court to strictly enforce removal procedures. Another judge in this district has recently held that the mere filing of an answer by a party which does not join in the Notice of Removal is insufficient, without more, to unambiguously express consent to removal, because a "wide variety or potential motives," other than consent, could motivate filing an answer. *Whetstone v. Fred's Stores of Tenn., Inc.*, No. 1:05-CV-1171-MEF, 2006 WL 559596, *3 (M.D. Ala. March 7, 2006) (Fuller, C.J.). Furthermore, other courts similarly have held that simply filing an answer is not a sufficient expression of consent to comply with statutory removal procedures. *See Spillers v. Tillman*, 959 F. Supp. 364, 372 (S.D. Miss. 1997) ("Since each defendant must consent to removal 'officially,' 'affirmatively' and 'unambiguously,' it stands to reason that the mere filing of an answer or motion to dismiss does not constitute a sufficient expression of consent.")(internal citations omitted); *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995) ("Because courts strictly construe the removal statutes, the parties must meticulously comply with the requirements of the statute to avoid remand. The filing of an answer is an ambiguous act in this regard."). Thus, because there is no express consent to removal in the Response and Answer, that filing does not satisfy the statutory removal procedures.

Because neither the initial Notice of Removal nor the filing of the Response and Answer adequately demonstrates the consent of all defendants for purposes of compliance with the statutory removal procedures, the Defendants have not satisfied the timely consent requirement of Section 1446(b). Simply, all Defendants did not give the court notice of their consent to

removal within the 30-day time period specified by Section 1446(b).  Therefore, because the removal statute is strictly enforced and all Defendants did not comply, remand is appropriate.

C.     *Amended Notice of Removal Can Not Cure Procedural Defects*

As noted above, removal encroaches upon state sovereignty.  The Supreme Court has held that a federal court should not extend its jurisdiction beyond the boundaries drawn by the statutory removal provisions.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941).  This court, therefore, must strike a delicate balance between a defendant's right of removal and the infringement of removal upon state sovereignty.  In doing so, the court must strictly construe all removal procedures, including those regarding the amendment of removal petitions.  The Defendants argue that the amended Notice of Removal should be accepted by the court, despite the fact that it was filed after the thirty-day time limitation.  The court does not agree.

Within the thirty day period set forth in Section 1446(b), a party may freely amend a removal petition.  *See Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982).  Title 28 U.S.C. §1653 provides the only statutory method for amendment of removal petitions after the thirty-day period has lapsed.  Section 1653 states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. §1653; *see also Aucoin v. Gulf S. Pipeline Co., L.P.*, No. Civ.A. 04-824, Civ.A. 04-879, 2004 WL 1196980, *2 (E.D. La. May 26, 2004).  Thus, Section 1653, by its own terms, may be employed only to cure "defective allegations of jurisdiction," not "to amend 'a substantial defect in removal proceedings,' such as the failure to obtain the consent of a co-defendant." *Aucoin*, 2004 WL 1196980, at *2 (*citing Courtney v. Benedetto*, 627 F. Supp. 523, 527 (M.D. La. 1986)).

Here, the Defendants attempted to cure the procedural defect of the original Notice of Removal by filing an amended petition on August 8, 2006 that contained authentic signatures. The amended Notice of Removal contained no other changes besides the ones made on the signature page. This filing occurred forty-seven days after the first defendant was served with process, thereby failing to fall within the thirty-day period set forth in Section 1446(b) under which amendments are freely made. Furthermore, because the defect prevented successful joinder in the removal petition, the defect was a substantial procedural one, not a minor technical defect. *See Mason v. Int'l Bus. Machs., Inc.*, 543 F. Supp. 444, 446 (M.D.N.C. 1982) ("[F]ailure to join in or consent to removal in a timely fashion is a substantial defect in the removal proceedings.") Thus, Section 1653 provides no basis upon which the Defendants can rely.

The Defendants point to the decisions of certain district courts, holding that amendments to removal petitions are appropriate even after the thirty-day time limit has expired. *See, e.g., Sicinski v. Reliance Funding Corp.*, 461 F. Supp. 649 (S.D.N.Y. 1978) (holding that, where a removal petition was signed by only one defendant but maintained the consent of the other defendant, the other defendant's filing of an affidavit evidencing consent to removal after the thirty-day time limit had expired was sufficient to cure the defect). Other courts, however, have questioned the validity of such holdings subsequent to more recent decisions. *See Town of Moreau v. State Dept. of Envtl. Conservation*, No. 96-CV-963, 1997 WL 243258, *8 n.31 (N.D.N.Y. May 5, 1997) ("Given the development of the case law since *Sicinski*, however, [its] observation no longer carries much weight. Moreover, there is ample case support for the view that amendments to removal notices to remedy substantive defects, which arguably is what occurred in *Sicinski*, also must be accomplished within thirty days. . . ."). Furthermore, a

significant number of other district courts hold parties petitioning for removal to a stricter standard, not allowing them to amend their petitions after the thirty-day window has expired. *See Aucoin*, 2004 WL 1196980, at *2, *supra*; *Sims v. Ward*, No. CIV. A. 01-909, 2001 WL 1104636 (E.D. La. Sept. 19, 2001) (refusing to allow leave to amend a petition for removal where all defendants had not provided consent to removal to the court); *Mayers v. Connell*, 651 F.Supp. 273, 274-75 (M.D. La. 1986) ("[A]n amendment to the petition for removal after the thirty day period should not be allowed if such amendment is to add a co-defendant to the petition. Such an amendment is a substantial one."). Absent any guiding precedent from the Supreme Court or the Eleventh Circuit, this court finds that the latter line of cases, giving deference to the concerns of federalism, is most persuasive. This is especially true given the Eleventh Circuit's strong direction that remand is to be favored where federal jurisdiction is not absolutely clear. Therefore, in the case at bar, the Defendants' attempt to amend the petition for removal beyond the thirty-day period set forth in Section 1446(b) is inadequate to satisfy the statutory procedural requirements for removal.

D.  *Plaintiff Did Not Waive Right to Seek Remand*

In a final effort to defeat remand, the Defendants argue that Plaintiff waived the right to seek remand by affirmatively participating in motion practice in this court. The Defendants' argument relies on the proposition that procedural removal defects are waived when a party "engages in affirmative activity in federal court." *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1271 (D. Or. 2001) (*quoting Koehnen v. Herald Fire Ins. Co.*, 96 F. 3d 525, 528 (8th Cir.

1996)). The Defendants argument is flawed, however, because the Plaintiff's actions do not rise to the level of affirmative activity recognized by case law as sufficient to waive the right to remand.

>Another court in the Eleventh Circuit previously has noted the following:
>
>To constitute a waiver or consent to the federal court's assumption of jurisdiction . . . there must be affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand, as where the party seeking remand has been unsuccessful in litigation of a substantial issue, such as the right to a jury trial or the right to take depositions or has filed an amended complaint seeking further or different relief from the federal court.

*Knowles v. Hertz Equip. Rental Corp.*, 657 F. Supp. 109, 111 (S.D. Fla. 1987). Other courts also have noted that waiver involves the intentional relinquishment of a known right and that, in the context of removal or remand, waiver must consist of affirmative conduct or unequivocal assent. *See Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1448 (N.D. Ill. 1987); *Maybruck v. Haim*, 290 F. Supp. 721, 724 (S.D.N.Y. 1968). Agreeing with the analyses of these courts, this court finds that not all conduct before the federal court constitutes waiver of the right to seek remand, but instead only conduct that is so substantial as to render it offensive to fundamental principles of fairness.

In the present case, the Defendants argue that the Plaintiff's filing of a Motion to Transfer or Reassign and a Stipulation as to Response to Complaint constitutes extensive affirmative action, thereby resulting in a waiver of the right to seek remand. This court is unpersuaded by the Defendants' argument. First, with regard to the Stipulation as to Response to Complaint, the Plaintiff merely acquiesced to an extension of time within which the Defendant could file an answer. Such a stipulation does not represent an unequivocal assent to the court's assumption of jurisdiction. *See Fellhauer*, 673 F. Supp. at 1448-49 (holding that a stipulation as to an

extension of time does not constitute the affirmative conduct or unequivocal assent necessary to render it offensive to fundamental principles of fairness to remand).

Second, in filing the Motion to Transfer or Reassign, the Plaintiff only asked this court to reassign the case, within this district, to another judge who previously had heard a case with similar, and possibly intertwining, facts. The plaintiff neither proceeded with discovery nor sought any dispositive judgment.[3] Therefore, simply filing the Motion to Transfer or Reassign does not establish the requisite level of unequivocal assent necessary to constitute waiver. Moreover, contemporaneous with moving for remand, the Plaintiff sought and was granted a stay, until after determination of the Motion to Remand, of a previous court order requiring the parties to show cause as to why previous motions, including the Motion to Transfer or Reassign, should or should not be granted. Requesting the stay provides evidence negating unequivocal assent to jurisdiction based on the filing of the Motion to Transfer or Reassign. *See Clyde v. Nat'l Data Corp.*, 609 F. Supp. 216, 219 (N.D. Ga. 1985) (holding that, where a plaintiff requested a stay of previously-sought discovery in a related case at the time she moved for remand, the plaintiff successfully protected her rights from waiver).

Applying the above analysis regarding the Plaintiff's activity, this court finds that the Plaintiff's filing of a Motion to Transfer or Reassign and a Stipulation as to Response to

---

[3] In their briefs, the Defendants reference a number of cases in which the court deems a plaintiff's activity in federal court sufficient to constitute waiver. *See Riggs*, 233 F. Supp. 2d at 1272; *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988); *Harris v. Edward Hyman Co.*, 664 F.2d 943, 945-46 (5th Cir. 1981); *Intercoastal Ref. Co. v. Jalil*, 487 F. Supp. 606, 607-608 (S.D. Tex. 1980). These cases are distinguishable from the present case, however. In the cited cases, the affirmative activity of the plaintiffs consisted of either proceeding with discovery requests or moving for judgment (and, in some cases, a combination of both). In the present case, the plaintiff's activity is of a much different nature. Therefore, these cases are not persuasive.

Complaint do not constitute the affirmative conduct or unequivocal assent necessary to support the Defendants' contention that the Plaintiff waived his right to seek remand.

### IV. **CONCLUSION**

For the reasons discussed, Plaintiff's Motion to Remand (Doc. #11) is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 15th day of September, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2.  **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).